THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, NATIONAL OILWELL VARCO, LP,<br>    *Plaintiffs/Counter-Defendants,*<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORP., SMITH INTERNATIONAL, INC.; ULTERRA DRILLING TECHNOLOGIES, L.P., ROCKBIT INTERNATIONAL SUBSIDIARIES, LLC.; and VAREL INTERNATIONAL ENERGY SERVICES, INC., VAREL INTERNATIONAL INDUSTRIES, L.P.,<br>    *Defendants.* | Civil Action No. |

## NOTICE OF REMOVAL

Defendants Schlumberger Technology Corp. ("Schlumberger"), Smith International, Inc. ("Smith") (collectively "Schlumberger/Smith Defendants"), Ulterra Drilling Technologies, L.P. ("Ulterra"), Rockbit International Subsidiaries, LLC ("Rockbit") (Rockbit together with Ulterra, collectively "Ulterra Defendants") file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully show as follows:

I.     **PENDING STATE COURT ACTION**

1. On February 6, 2023 Plaintiffs, Grant Prideco, Inc. ("Grant Prideco"), ReedHycalog UK, Ltd., ReedHycalog, LP (both ReedHycalog entities together, "ReedHycalog"), and National Oilwell Varco, LP's ("NOV") (collectively, "Plaintiffs"), filed their Second Amended Petition against the Schlumberger/Smith Defendants and adding the Ulterra Defendants, as well as Varel International Energy Services, Inc. and Varel International Industries, L.P.

(collectively, "Varel Defendants") in the 11th District Court in Harris County, Texas (the "State Court Action"). In addition to adding new parties via their Second Amended Petition, Plaintiffs presented new claims that necessarily invoke questions of federal law.

2. On February 27, 2023, the Schlumberger/Smith Defendants filed their Plea to the Jurisdiction, and subject thereto, Original Answer and Affirmative Defenses, and Original Counterclaims to Plaintiffs' Second Amended Petition.

3. On February 27, 2023, the Ulterra Defendants filed their Plea to the Jurisdiction, and subject thereto, Original Answer and Affirmative Defenses, and Original Counterclaims to Plaintiffs' Second Amended Petition.

4. On February 27, 2023, the Varel Defendants filed their Plea to the Jurisdiction, Original Answer, Affirmative Defenses/Pleas in Avoidance, Applications for Declaratory Judgment, and Counterclaims to Plaintiffs' Second Amended Petition.

5. In the Schlumberger/Smith Defendants' Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims to Plaintiffs' Second Amended Petition, the Schlumberger/Smith Defendants asserted counterclaims for, *inter alia*, declaratory judgments of invalidity and unenforceability, declaratory judgments of non-infringement, and a declaratory judgment that Plaintiffs are owed no royalties by the Schlumberger/Smith Defendants after October 22, 2021 because Plaintiffs' attempt to extract royalties thereafter is unlawful per se and unenforceable, as the Supreme Court of the United States recognized in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964).

6. In the Ulterra Defendants' Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims to Plaintiffs' Second Amended Petition, the Ulterra Defendants asserted counterclaims for, *inter alia*, declaratory judgments of non-

infringement and a declaratory judgment that Plaintiffs are owed no royalties by the Ulterra Defendants after October 22, 2021 because Plaintiffs' attempt to extract royalties thereafter is unlawful per se and unenforceable, as the Supreme Court of the United States recognized in *Brulotte*.

7. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the Schlumberger/Smith Defendants and the Ulterra Defendants have attached the following documents:

- All executed process in the State Court Action are attached hereto as **Exhibit A**;
- All pleadings asserting causes of action in the State Court Action are attached hereto as **Exhibit B**;
- All orders signed by the state judge in the State Court Action are attached hereto as **Exhibit C**;
- The docket sheet for the State Court Action is attached hereto as **Exhibit D**;
- An index of matters being filed is attached hereto as **Exhibit E**; and
- All counsel of record in the State Court Action are attached hereto as **Exhibit F**.

## II.   TIMING OF REMOVAL

8. The Schlumberger/Smith Defendants were served with the Second Amended Petition on February 6, 2023. The Ulterra Defendants were served with the Second Amended Petition on February 9, 2023. The Varel Defendants were served with the Second Amended Petition on February 9, 2023. Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. §§ 1446(b)(1) and (b)(3), because this Notice of Removal was filed within 30 days of receipt of Plaintiffs' Second Amended Petition upon the Schlumberger/Smith Defendants, the Ulterra Defendants, and the Varel Defendants, which was the first time Plaintiffs' claims necessarily invoked questions of federal patent law.

## III.  REMOVAL JURISDICTION[1]

9. This case is removable to this Court pursuant to 28 U.S.C. § 1454(a) because at least the Schlumberger/Smith Defendants' and the Ulterra Defendants' respective Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims to Plaintiffs' Second Amended Petition assert a claim for relief arising under any Act of Congress relating to patents. *See supra* ¶¶ 5–6. Further, this case is removable to this Court pursuant to 28 U.S.C. § 1441(a) as being a civil action brought in state court, but over which this federal district court has original jurisdiction. *See also* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."). This Court also has supplemental jurisdiction over any state law claims that do not arise under federal patent law. To the extent any such claims are distinct from the federal patent law related claims, they are so related to such claims that they form part of the same case or controversy, and under the same operative facts as the Second Amended Petition and the Schlumberger/Smith Defendants' and the Ulterra Defendants' respective Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims. *See* 28 U.S.C. § 1367(a).

10. For nearly two decades, Plaintiffs have had a monopoly on the right to make, use and sell certain polycrystalline diamond cutters having leached surfaces ("Leached Cutters"). The Schlumberger/Smith Defendants and the Ulterra Defendants each had license agreements with Plaintiffs for use of the technology for Leached Cutters. The Schlumberger/Smith Defendants and the Ulterra Defendants paid Plaintiffs royalties per their license agreements. Under federal patent

---

[1] Pursuant to 28 U.S.C. § 1446, the Schlumberger/Smith Defendants and the Ulterra Defendants provide a short and plain statement on the ground for removal. However, the allegations and counterclaims giving rise to their grounds for removal are fully set forth in their respective Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims attached hereto as Exhibits B.5, B.6, and B.7.

law, however, Plaintiffs' monopoly expired in October 2021 with expiration of Plaintiffs' 12 core patents.[2]  Now, any new entrant to the industry is free to make, use, and sell Leached Cutters ***without a license and without owing Plaintiffs a cent***.  Nevertheless, Plaintiffs assert that the Schlumberger/Smith Defendants and the Ulterra Defendants' royalty obligations under their licenses do not expire until 2031, which is ***nearly a decade after the expiration of the core patents***.

11.  The basis for Plaintiffs' assertion is that their license agreements with the Schlumberger/Smith Defendants and the Ulterra Defendants continue until the expiration of all patents licensed under those agreements.  Plaintiffs contend that U.S. Patent No. 7,568,534 (the "'534 Patent") and U.S. Patent No. 8,721,752 (the "'752 Patent") are patents licensed under the aforementioned license agreements with the Schlumberger/Smith Defendants and the Ulterra Defendants and do not expire until October 10, 2025 and January 10, 2031, respectively.  But the '534 and the '752 Patents are not among the core patents for Leached Cutters.  The '752 Patent did not even issue until 2014, several years after the Schlumberger/Smith Defendants and the Ulterra Defendants entered into their license agreements with Plaintiffs.

12.  This civil action is removable to this Court based on the presence of claims for relief arising under the Patent Act.

13.  First, Plaintiffs' new claims against the Schlumberger/Smith Defendants and the Ulterra Defendants necessarily raise federal issues that are actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  In Plaintiffs' Second Amended Petition, Plaintiffs state that they "seek both a declaration that Defendants' royalty obligations do not expire until 2031 and damages as a result

---

[2]  These are: U.S. Patent Nos. 6,861,098, 6,861,137, 6,878,447, 6,601,662, 6,585,064, 6,589,640, 6,749,033, 6,544,308, 6,562,462, 6,592,985, 6,739,214, and 6,797,326 (collectively, the "12 core patents").

5

of Defendants' failure to pay royalties after October 2021." Ex. B.4 (Pl.'s Second Am. Pet.) at 2. Plaintiffs base this allegation on two alleged "Licensed RH Patents" that they assert expire after October 22, 2021. *Id.* ¶¶ 28–29. Under their respective license agreements, the Schlumberger/Smith Defendants and the Ulterra Defendants would have to practice a Licensed RH Patent after October 22, 2021 as a threshold to owing royalties after that date.

14. Second, Plaintiffs' new claims against the Schlumberger/Smith Defendants necessarily raise other federal issues that are actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. As stated directly above, Plaintiffs plead that there are two alleged Licensed RH Patents that they assert expire after October 22, 2021. *Id.* ¶¶ 28–29. The Schlumberger/Smith Defendants' License Agreements require the Licensed RH Patents to be valid. If the Licensed RH Patents are not valid, then no royalties are owed to Plaintiffs.

15. Third, Plaintiffs' new claims against the Schlumberger/Smith Defendants and the Ulterra Defendants necessarily raise yet other federal issues that are actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. The 12 core patents have expired. The license agreements at issue are patent licenses, and the relief requested by Plaintiffs is enforcement of an agreement to obtain royalties after the 12 core patents have expired based on two patents not used by the Schlumberger/Smith Defendants or the Ulterra Defendants. *Id.* at 2, ¶¶ 26–50. "[A] patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." *Brulotte v. Thys Company*, 379 U.S. 29, 32 (1964).

16. Fourth, the Schlumberger/Smith Defendants and the Ulterra Defendants do not infringe any claim of the '534 and '752 Patents, and they also do not infringe any claim of the 12

core patents after October 22, 2021 because those patents are expired, as evidenced by their demand for declaratory judgments of non-infringement. *See* Ex. B.5 (Schlumberger/Smith Defendants Plea to the Jurisdiction, Original Answer, Affirmative Defenses, and Counterclaims) at Counterclaims ¶¶ 25–27, 32–35, 54–67, 75–79; Ex. B.6 (Ulterra Defendants Plea to the Jurisdiction, Original Answer, Affirmative Defenses, and Counterclaims) at Counterclaims ¶¶ 21–23, 28–31, 42–62; Ex. B.7 (Ulterra Defendants Plea to the Jurisdiction, Original Answer, Affirmative Defenses, and Counterclaims) at Counterclaims ¶¶ 21–23, 28–31, 42–62. Accordingly, Plaintiffs are attempting to extract royalties for technology the Schlumberger/Smith Defendants and the Ulterra Defendants do not use beyond the expiration of Plaintiffs' core patents for Leached Cutters. In *Brulotte*, the Supreme Court of the United States held that "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." 379 U.S. at 32. Under this federal patent doctrine, it is unlawful per se for Plaintiffs to demand royalties beyond the expiration of the 12 core patents. Royalty obligations, if any, under the license agreements are unenforceable after October 22, 2021.

17. Fifth, the Schlumberger/Smith Defendants contend that all claims in the '534 and '752 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112 as evidenced by their demand for a declaratory judgment of invalidity. *See* Ex. B.5 (Schlumberger/Smith Defendants Plea to the Jurisdiction, Original Answer, Affirmative Defenses, and Counterclaims) at Counterclaims ¶¶ 46–53. The Schlumberger/Smith Defendants also contend that all claims of the 12 core patents are unenforceable after October 22, 2021 because they are expired, as evidenced by another of their demands for a declaratory judgment of unenforceability. *Id.* ¶¶ 68–74.

18. The Second Amended Petition, as well as Schlumberger/Smith Defendants' and the Ulterra Defendants' respective Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims raise issues involving federal patent law. Accordingly, this case is removable to this Court under 28 U.S.C. §§ 1441(a), 1446, and 1454(a).

19. This Court also has supplemental jurisdiction over any state law claims that do not arise under federal patent law. To the extent any such claims are distinct from the federal patent law related claims, they are so related to such claims that they form part of the same case or controversy, and under the same operative facts as the Second Amended Petition and the Schlumberger/Smith Defendants' and the Ulterra Defendants' respective Plea to the Jurisdiction, Original Answer and Affirmative Defenses, and Original Counterclaims. *See* 28 U.S.C. § 1367(a).

**IV.  VENUE**

20. Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court because the 11th District Court of Harris County, Texas, where the State Court Action is pending, is located within this District and Division.

**V.  NOTICE TO ADVERSE PARTIES AND TO STATE COURT**

21. As the removing parties, the Schlumberger/Smith Defendants and the Ulterra Defendants will give Plaintiffs prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

22. The Schlumberger/Smith Defendants and the Ulterra Defendants will also file a copy of this Notice of Removal with the Clerk of Court for the 11th District Court, Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiffs' counsel.

## VI. NO WAIVER

23. By filing this Notice of Removal, the Schlumberger/Smith Defendants do not waive any available defenses.

24. By filing this Notice of Removal, the Ulterra Defendants do not waive any available defenses.

## VII. CONSENT TO REMOVAL

25. The Schlumberger/Smith Defendants consent to the removal of the State Court Action to this Court.

26. The Ulterra Defendants consent to the removal of the State Court Action to this Court.

27. Counsel for the Varel Defendants signs on to this Notice of Removal only to confirm that the Varel Defendants consent to removal of the State Court Action to this Court.

**WHEREFORE**, the Schlumberger/Smith Defendants and the Ulterra Defendants respectfully request that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the 11th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Respectfully Submitted,

| | |
|---|---|
| */s/ Gregg F. LoCascio* | */s/ Gregg F. LoCascio* |
| Gregg F. LoCascio, P.C. | Gregg F. LoCascio, P.C. |
| Attorney-in-Charge | Attorney-in-Charge |

| | |
|---|---|
| S.D. Texas Bar No. 1109276<br>DC Bar No. 452814<br>gregg.locascio@kirkland.com<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave., N.W.<br>Washington, D.C.  20004<br>Telephone:     (202) 389-5000<br>Facsimile:     (202) 389-5200<br><br>Ryan Kane, P.C.<br>S.D. Texas Bar No. 1314513<br>NY Bar No. 4882551<br>ryan.kane@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave.<br>New York, NY  10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>Nick Brown<br>S.D. Texas Bar No. 2725667<br>TBN 24092182<br>nick.brown@kirkland.com<br>KIRKLAND & ELLIS LLP<br>609 Main Street<br>Houston, Texas 77002<br>Telephone:     (713) 836-3600<br>Facsimile:     (713) 836-3601<br><br>James John Lomeo<br>S.D. Texas Bar No. 3511238<br>TBN 24118993<br>james.lomeo@kirkland.com<br>KIRKLAND & ELLIS LLP<br>401 Congress Ave.<br>Austin, Texas 78701<br>Telephone:     (512) 678-9100<br>Facsimile:     (512) 678-9101<br><br>Craig Smyser<br>S.D. Texas Bar No. 848<br>TBN 18777575<br>csmyser@skv.com<br>Samantha J. Jarvis<br>S.D. Texas Bar No. 2774222<br>TBN 24089238 | S.D. Texas Bar No. 1109276<br>DC Bar No. 452814<br>gregg.locascio@kirkland.com<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave., N.W.<br>Washington, D.C.  20004<br>Telephone:     (202) 389-5000<br>Facsimile:     (202) 389-5200<br><br>Ryan Kane, P.C.<br>S.D. Texas Bar No. 1314513<br>NY Bar No. 4882551<br>ryan.kane@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave.<br>New York, NY  10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>Nick Brown<br>S.D. Texas Bar No. 2725667<br>TBN 24092182<br>nick.brown@kirkland.com<br>KIRKLAND & ELLIS LLP<br>609 Main Street<br>Houston, Texas 77002<br>Telephone:     (713) 836-3600<br>Facsimile:     (713) 836-3601<br><br>James John Lomeo<br>S.D. Texas Bar No. 3511238<br>TBN 24118993<br>james.lomeo@kirkland.com<br>KIRKLAND & ELLIS LLP<br>401 Congress Ave.<br>Austin, Texas 78701<br>Telephone:     (512) 678-9100<br>Facsimile:     (512) 678-9101<br><br>David J. Beck<br>S.D. Texas Bar No. 16605<br>TBN 00000070<br>dbeck@beckredden.com<br>BECK REDDEN LLP<br>1221 McKinney Street<br>Suite 4500 |

sjarvis@skv.com
Garland D. Murphy IV
S.D. Texas Bar No. 802346
TBN 24058010
lmurphy@skv.com
SMYSER KAPLAN & VESELKA LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone:	(713) 221-2300
Facsimile:	(713) 221-2320

*Counsel for Defendants Schlumberger Technology Corp. and Smith International, Inc.*

Houston, Texas 77010
Telephone:	(713) 951-3700
Facsimile:	(713) 951-3720

*Counsel for Defendants Ulterra Drilling Technologies, L.P. and Rockbit International Subsidiaries, LLC*

_____
Kelly D. Stephens
Attorney-in-Charge
S.D. Texas Bar No. 8535
TBN 19158300
kstephens@patent-lawyers.com
Matthew C. Juren
TBN 24065530
mjuren@patent-lawyers.com
STEPHENS JUREN PLLC
2500 Tanglewilde St., Suite 320
Houston, Texas 77063
Telephone:	(832) 344-5400
Facsimile:	(832) 476-5460

*Counsel signs only to confirm consent to this removal

*Counsel for Defendants Varel International Energy Services, Inc. and Varel International Industries, L.P.*

Dated: February 27, 2023

## **CERTIFICATE OF SERVICE**

I certify that on February 27, 2023, in accordance with 28 U.S.C. § 1446(d), a true and correct copy of the above and foregoing documents and attachments, if any, were served to counsel for Plaintiffs via e-mail and certified mail.

*/s/ Gregg F. LoCascio*
Gregg F. LoCascio, P.C.
