**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

GRANT PRIDECO, INC., REEDHYCALOG
UK, LTD., REEDHYCALOG, LP,
NATIONAL OILWELL VARCO, LP,

          *Plaintiffs/Counter-Defendants*,

v.

SCHLUMBERGER TECHNOLOGY
CORP., SMITH INTERNATIONAL, INC.;
ULTERRA DRILLING TECHNOLOGIES,
L.P., ROCKBIT INTERNATIONAL
SUBSIDIARIES, LLC.; VAREL
INTERNATIONAL ENERGY SERVICES,
INC., and VAREL INTERNATIONAL
INDUSTRIES, L.P.,

          *Defendants/Counter-Plaintiffs.*

Civil Action No. 4:23-cv-00730

**PLAINTIFFS' MOTION TO DISMISS AND REMAND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

LIST OF EXHIBITS ......................................................................................................... vi

SUMMARY ........................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ...................................................................3

ISSUES TO BE CONSIDERED AND STANDARD OF REVIEW ...........................................3

ARGUMENT: PLAINTIFFS' LAWSUIT SHOULD BE REMANDED TO THE STATE
COURT ...............................................................................................................................5

    I.     Plaintiffs' State Court Petition Advanced no Claims That Can Support Federal
          Jurisdiction or Removal .................................................................................................5

          A. Plaintiffs' Petition Does Not Raise Any Issues as to Whether Defendants Are
              Practicing The Subject Matter of a Licensed RH Patent .....................................6

          B. Plaintiffs' Petition Does Not Raise Any Issues as to Whether The Existing
              Licensed RH Patents Are Valid .........................................................................7

          C. Plaintiffs' Petition Does Not Raise Any "Federal Issues" of Alleged Patent
              Misuse .................................................................................................................9

    II.    Defendants' Counterclaims Introduced no Claims or Issues That Can Support Federal
          Jurisdiction or Removal ...............................................................................................10

          A. SLB/Smith's Counterclaims For Declaratory Judgments of Patent Invalidity
              Cannot Support Removal as There is no Case or Controversy And They Should
              be Dismissed .....................................................................................................11

          B. The Defendants' Counterclaims For Declaratory Judgments of Patent Non-
              Infringement And Unenforceability Cannot Support Removal Because This Court
              Lacks Subject Matter Jurisdiction Over Those Claims, There is no Case or
              Controversy, And They Should be Dismissed ....................................................14

          C. SLB/Smith's And Ulterra's Counterclaims For Declaratory Judgments
              Concerning The Twelve Expired Licensed RH Patents Cannot Support Removal
              Because This Court Lacks Subject Matter Jurisdiction Over Those Claims, There
              is no Case or Controversy, and They Should be Dismissed .............................15

III.     Remand of Plaintiffs' Breach of Contract Claims (and Defendants' Related
        Counterclaims) is Warranted Even if The Court Were to Accept Jurisdiction Over
        Defendants' Patent Infringement Defense Counterclaims........................................16

CONCLUSION......................................................................................................................17

# TABLE OF AUTHORITIES

*Cases*

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937) ..................................................................................................12

*Ayala-Roel v. Horne*, (**Exhibit F**)
  No. 1:17-cv-129, 2017 WL 7792616 (S.D. Tex. Oct. 27, 2017) ...........................................4

*Boggild v. Kenner Products*,
  853 F.2d 465 (6th Cir. 1988) ......................................................................................9

*Bonzel v. Pfizer, Inc.*,
  439 F.3d 1358 (Fed. Cir. 2006)....................................................................................5

*Brulotte v. Thys*,
  379 U.S. 32 (1964)........................................................................................9, 10, 18

*California v. Tex.*,
  141 S. Ct. 2104 (2021)..............................................................................................10

*Cohn v. Compax Corp.*, (**Exhibit L**)
  87 A.D.2d 364 (N.Y. App. Div. 1982) .............................................................................10

*Corrosion Prevention Techs. v. Hatle*, (**Exhibit J**)
  No. 4:20-cv-2201 (S.D. Tex. Oct. 22, 2020) .......................................................11, 12, 13

*Duval Wiedmann v. Inforocket*, (**Exhibit I**)
  374 F. App'x 482 (5th Cir. 2010) ....................................................................................9

*Green v. Rocket Research Corp.*, (**Exhibit O**)
  12 Wn. App. 613 (Wash. Ct. App. 1975) ........................................................................10

*Heggemeier v. Caldwell Cnty.*,
  826 F.3d 861 (5th Cir. 2016) ......................................................................................11

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,
  143 F.3d 1006 (5th Cir. 1998) ........................................................................................4

*Krim v. PCOrder.com*,
  402 F.3d 489 (5th Cir. 2005) ......................................................................................11

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994) ............................................................................................15

*Luckett v. Delpark*,
    270 U.S. 496 (1926) ..............................................................................................................5

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
    276 F.3d 720 (5th Cir. 2002) .................................................................................................5

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
    312 U.S. 270 (1941) ............................................................................................................12

*McLeod v. Crawford*, (**Exhibit N**)
    176 Neb. 513 (Neb. 1964) ...................................................................................................10

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ......................................................................................................11, 12

*Nautilus, Inc. v. Icon Health & Fitness, Inc.*,
    304 F. Supp. 3d 552 (W.D. Tex. 2018) ..............................................................................17

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) ............................................................................................1, 4

*Reich v. Reed Tool Co.*, (**Exhibit K**)
    582 S.W.2d 549 (Tex. Civ. App. 1979) ..............................................................................10

*Regents of Univ. of Minn. v. Medical Inc.*, (**Exhibit M**)
    405 N.W.2d 474 (Minn. Ct. App. 1987) .............................................................................10

*Robinson v. Uber Techs., Inc.*, (**Exhibit H**)
    No. 4:21-cv-4003, 2022 WL 1121034 (S.D. Tex. Apr. 14, 2022) .........................................5

*Ryan, LLC v. Ernst & Young, LLP*, (**Exhibit G**)
    No. 4:20-cv-3134, 2021 WL 4149134 (S.D. Tex. June 17, 2021) .........................................5

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007) ..........................................................................................12

*Scheiber v. Dolby Labs., Inc.*,
    293 F.3d 1014 (7th Cir. 2002) ..............................................................................................9

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009) ..............................................................................................................12

_Other Authorities_

U.S. Const. Art. 3 ..........................................................................................................11

28 U.S.C. § 1338 ............................................................................................................9

28 U.S.C. § 1367(a) ......................................................................................................16

28 U.S.C. § 1441 .......................................................................................................2, 3

28 U.S.C. §1454 .......................................................................................................2, 15

28 U.S.C. §1454(a) .................................................................................................10, 14

28 U.S.C. § 2201(a) ......................................................................................................11

35 U.S.C. § 101 ............................................................................................................17

35 U.S.C. § 102 ............................................................................................................17

35 U.S.C. § 103 ............................................................................................................17

35 U.S.C. § 112 ............................................................................................................17

35 U.S.C. § 282 ..............................................................................................................8

35 U.S.C. § 282(b)(2) ...................................................................................................12

Fed. R. Civ. P. 12(b)(1) .......................................................................................1, 2, 4, 10

## LIST OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Declaration Authenticating Exhibits |
| B | Smith Portfolio License **FILED UNDER SEAL** |
| C | Schlumberger Portfolio License **FILED UNDER SEAL** |
| D | Varel Portfolio License **FILED UNDER SEAL** |
| E | Ulterra Portfolio License **FILED UNDER SEAL** |
| F | *Ayala-Roel v. Horne*, No. 1:17-cv-129, 2017 WL 7792616 (S.D. Tex. Oct. 27, 2017) |
| G | *Ryan, LLC v. Ernst & Young, LLP*, No. 4:20-cv-3134, 2021 WL 4149134 (S.D. Tex. June 17, 2021) |
| H | *Robinson v. Uber Techs., Inc.*, No. 4:21-cv-4003, 2022 WL 1121034 (S.D. Tex. Apr. 14, 2022) |
| I | *Duval Wiedmann v. Inforocket,* 374 F. App'x 482 (5th Cir. 2010) |
| J | *Corrosion Prevention Techs. v. Hatle*, No. 4:20-CV-2201 (S.D. Tex. Oct. 22, 2020) |
| K | *Reich v. Reed Tool Co.*, 582 S.W.2d 549 (Tex. Civ. App. 1979) |
| L | *Cohn v. Compax Corp.*, 87 A.D.2d 364 (N.Y. App. Div. 1982) |
| M | *Regents of Univ. of Minn. v. Medical Inc.*, 405 N.W.2d 474 (Minn. Ct. App. 1987) |
| N | *McLeod v. Crawford*, 176 Neb. 513 (Neb. 1964) |
| O | *Green v. Rocket Research Corp.*, 12 Wn. App. 613 (Wash. Ct. App. 1975) |

## SUMMARY

More than 10 years ago, Plaintiff ReedHycalog began asserting its "leaching technology" against industry players, including some of the Defendants in this breach of contract action. As the litigation progressed and individual parties settled, Plaintiffs entered into individual technology license agreements with the defendants and others. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████. *See* Smith Portfolio License, **Ex. B** at Art. II, Section 2.06 & Art. VII, Sect. 7.02; Schlumberger Portfolio License, **Ex. C** at Art. II, Sect. 2.06 & Art. VII, Sect. 7.02; Varel Portfolio License, **Ex. D** at Art. II, Sect. 2.05 & Art. VIII, Sect. 8.02; Ulterra Portfolio License, **Ex. E** at Art. II, Sect. 2.05 & Art. VIII, Sect. 8.02.[1]

Each of the Defendants stopped making their contractually required payments on October 22, 2021 – *years before the last to expire Licensed RH Patent*.[2] As a result, Plaintiffs filed a breach of contract action in Texas state court to enforce the license agreements based on Defendants' failure to pay royalties.

---

[1] Exhibit A to this motion is a declaration authenticating the exhibits referred to in this motion. Plaintiffs submit these exhibits for consideration of its motion under Federal Rule of Civil Procedure 12(b)(1) and its motion to remand. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). By agreement among counsel, the four (4) licenses at issue are filed under seal and will be treated as Confidential - Attorneys Eyes Only unless and until a Protective Order is entered. A motion to seal and proposed order is filed herewith.

[2] October 22, 2021 is the expiration date for only one of the Licensed RH Patents. Prior to that date, other Licensed RH Patents had expired, and, after that date, other Licensed RH Patents remain on term and enforceable including U.S. Patents Nos. 7,568,534 and 8,721,752, and several foreign patents.

1

Plaintiffs' lawsuit raised no issues relating to patent infringement. Rather, it sought to resolve a dispute as to when the license agreements terminate. Despite this clear fact, Defendants responded to the state law breach of contract claims by (1) injecting counterclaims seeking declaratory judgments about defenses to a non-existent claim of patent infringement and (2) asking this Court to exercise supplemental jurisdiction over Plaintiffs' breach of contract claims brought under Texas law. But there is no case or controversy to support Defendants' counterclaims.

As is plainly evident from its face, Plaintiffs' state court petition makes no allegation of patent infringement against any of the Defendants or threatens to assert any Licensed RH Patent against any actions or products of any Defendant. And no Defendant has alleged otherwise. Indeed, any controversies regarding those matters were resolved long ago by the licenses agreements themselves. Accordingly, Defendants' counterclaims should be dismissed for lack of subject matter jurisdiction and Plaintiffs' claims remanded back to state court.

Even if the Court finds it has jurisdiction over Defendants' counterclaims, the Court should nonetheless decline to exercise supplemental jurisdiction over Plaintiffs' breach of contract claims for two reasons. First, there is no meaningful overlap between the discovery and factual/legal issues raised by the Defendants' patent infringement defense and Plaintiffs' breach of contract claims. Second, as explained below, the declaratory relief sought by Defendants will have no impact on Plaintiffs' contract claims.

By this Motion, Plaintiffs move pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. §§ 1441 & 1454 for dismissal of Defendants' declaratory judgment claims and defenses related to the non-existent patent infringement claim, and for remand of all remaining breach of contract claims and counterclaims.

2

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed their Original Petition against Defendants Schlumberger Technology Corporation ("SLB") and Smith International, Inc. ("Smith") on May 12, 2022, in the 11th Judicial District Court of Harris County, Texas (Doc. No. 1-2, at Ex. B.1). Plaintiffs filed a First Amended Petition against SLB and Smith on August 19, 2022 (Doc No. 1-2, at Ex. B.2). On February 6, 2023, Plaintiffs filed a Second Amended Petition against SLB and Smith and added Defendants Ulterra Drilling Technologies, L.P. and Rockbit International Subsidiaries, LLC (collectively, "Ulterra") and Varel International Energy Services, Inc. and Varel International Industries, L.P. (collectively, "Varel") (Doc. No. 1-2, at Ex. B.4). On February 27, 2023, the SLB/Smith Defendants, the Ulterra Defendants, and the Varel Defendants filed answers to the Second Amended Petition and new counterclaims (Doc No. 1-2, at Ex. B.5., B.6, B.7 & B.8). That same day, Defendants SLB/Smith and Ulterra filed their Notice of Removal (Doc. No. 1).[3] Thereafter, the SLB/Smith Defendants filed in this Court their First Amended Answer, Affirmative Defenses, and Counterclaims (Doc. No. 29). An Initial Pretrial Conference by video is set for June 7, 2023, before Magistrate Judge Sheldon (Doc. No. 10).

## ISSUES TO BE CONSIDERED AND STANDARD OF REVIEW

1. Whether Plaintiffs' Second Amended Petition advances claims that give rise to Federal Jurisdiction (or a basis for removal under 28 U.S.C. § 1441), when it advanced only state law breach of contract claims?

2. Whether SLB/Smith's counterclaims seeking declarations that two of the Licensed RH Patents are invalid create a case or controversy when a judgment of invalidity would not affect SLB/Smith's payment obligations since Smith has already exercised its right to terminate its license?

---

[3] The Notice of Removal stated that "[c]ounsel for the Varel Defendants signs on to this Notice of Removal only to confirm that the Varel Defendants consent to removal of the State Court Action to this Court."  Doc. No. 1 at ¶27.

3. Whether Defendants' counterclaims seeking declarations that two of the Licensed RH Patents are not infringed create a case or controversy when Plaintiffs have taken no acts to enforce either patent against any Defendant, and a judgment of no infringement would not affect Defendants' payment obligations because the royalty obligation expressly does not require infringement?

4. Whether Defendants' counterclaims seeking declarations that twelve Licensed RH Patents have expired and therefore cannot be infringed creates a case or controversy when there is no dispute that the twelve patents have expired, and Plaintiffs have not asserted that any subsequent sales give rise to infringement of those patents?

5. If the Court decides to proceed with one or both of the patent invalidity or non-infringement counterclaims, whether the Court should remand Plaintiffs' breach of contract claims to the state court when: (a) there is no meaningful overlap between the discovery and factual/legal issues raised by the Defendants' patent infringement defense counterclaims and/or (b) the declaratory judgments requested by Defendants will have no impact on Plaintiffs' breach of contract claims?

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Ayala-Roel v. Horne*, No. 1:17-CV-129, 2017 WL 7792616, at *2 (S.D. Tex. Oct. 27, 2017) (Hanen, J.) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)) (**Ex. F**). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

While a court must accept all factual allegations in the complaint as true when ruling on the motion to dismiss for lack of subject matter jurisdiction, "the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. The party asserting federal jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

When evaluating a motion to remand, "the removing party bears the burden of establishing that federal subject matter jurisdiction exists, and that removal was proper." *Ryan, LLC v. Ernst & Young, LLP*, No. 4:20-cv-3134, 2021 WL 4149134, at *2 (S.D. Tex. June 17, 2021) (Hanen, J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) (**Ex. G**). "Any doubts about the propriety of removal are to be resolved in favor of remand." *Robinson v. Uber Techs., Inc.*, No. 4:21-cv-4003, 2022 WL 1121034, at *1 (S.D. Tex. Apr. 14, 2022) (Hanen, J.) (Ex. H).

## ARGUMENT:
## PLAINTIFFS' LAWSUIT SHOULD BE REMANDED TO THE STATE COURT

### I.    Plaintiffs' State Court Petition Advanced no Claims That Can Support Federal Jurisdiction or Removal

Plaintiffs' Second Amended Petition (Doc. No. 1-2 at Ex. B.4) provides no independent basis for federal jurisdiction or removal. It advances only state law claims for breach of contract and contract interpretation. It is well-settled that breach of contract claims, even when they involve damages for unpaid royalties under a patent license or assignment, do not "***arise under***" an Act of Congress:

> The defendants are not charged with infringement nor asked for infringement damages; they are charged with breach of contract and asked to perform their contract obligations. The nature of this contract action does not change because the contract is a patent license … . These obligations do not "arise under" the patent law, in terms of a well-pleaded complaint.

*Bonzel v. Pfizer, Inc.*, 439 F.3d 1358, 1363 (Fed. Cir. 2006). *See also Luckett v. Delpark*, 270 U.S. 496, 502-03 (1926). This is true even if a court must apply the law of patent infringement when deciding whether "contract conditions were met." *Bonzel*, 439 F.3d at 1363 ("…should it come to pass that the court, in deciding whether the contract conditions were met, deems it appropriate to

apply the law of patent infringement, that of itself does not change the complaint into one arising under the patent law.").

Despite this long-standing black letter law, Defendants' attempt to twist the claims advanced by Plaintiffs in their Second Amended Petition into federal claims by arguing that Plaintiffs' claims *necessarily* raise issues of patent infringement (*i.e.,* whether Defendants have practiced the subject matter of a Licensed RH Patent), patent invalidity, and patent misuse. *See* Notice of Removal, Doc No. 1 at ¶¶14-15. Each argument fails for the reasons discussed below.

### A. Plaintiffs' Petition Does Not Raise Any Issues as to Whether Defendants Are Practicing The Subject Matter of a Licensed RH Patent

Defendants allege in paragraph 13 of their Notice of Removal that Plaintiffs' breach of contract claims in the Second Amended Petition raise the threshold issue of whether SLB/Smith and Ulterra have practiced a Licensed RH Patent after October 22, 2021, and thus provide a basis for federal question jurisdiction. Even a cursory review of Plaintiffs' Second Amended Petition shows that Defendants' allegation has no support.

Nowhere does Plaintiffs' Second Amended Petition state or suggest that **practice** of a Licensed RH Patent is required for the payments that the Defendants are obligated to make under their respective contracts. To the contrary, any reading of the Second Amended Petition confirms that the contracts at issue require that payments be made based on the invoicing of "Licensed Drill Bits" (in contrast to payment based on the "practice" of a Licensed RH Patent) and that "***the definition of 'Licensed Drill Bits' is not based on*** whether such "Licensed Drill Bit ***practices the claims of any particular Licensed RH Patent***." Second Amended Petition, Doc. No. 1-2 at Ex. B-4, ¶ 32 (emphasis added). In fact, Plaintiffs' Second Amended Petition explicitly confirms that that the breach of contract claims advanced in the petition ***do not*** raise any issues as to whether any

Defendants practiced a Licensed RH Patent because the underlying license agreements were drafted:

> [t]o provide a convenient method of fixing the privileges granted to the Defendants under the License Agreements, and ***to avoid the necessity of the parties having a controversy as to whether each product offered by Defendants embodies any particular 'Licensed RH Patent,'*** the parties to each License Agreement adopted the approach of basing royalties on an agreed percentage of the licensee's sales of an identified class of products offerings."

*Id.* at ¶ 31 (emphasis added).

Considering the above, there simply is no merit to Defendants' contention that Plaintiffs' Second Amended Petition necessarily requires the consideration of whether Defendants have practiced the subject matter of one or more Licensed RH Patents. Accordingly, the Second Amended Petition does not give rise to federal subject matter jurisdiction.

### B. Plaintiffs' Petition Does Not Raise Any Issues as to Whether The Existing Licensed RH Patents Are Valid

Paragraph 14 of Defendants' Notice of Removal contends that Plaintiffs' breach of contract claims against the "Schlumberger/Smith Defendants" necessarily implicates the validity of two of the Licensed RH Patents because "the [SLB]/Smith Defendants' License Agreements require the Licensed RH Patents to be valid." Again, this position is unsupported by a statutory presumption of validity, the plain language of Plaintiffs' Second Amended Petition and the underlying License Agreements.[4]

As an initial mater, the plain language of Plaintiffs' Second Amended Petition is clear that that Plaintiffs' breach of contract claim as to Smith (Count II): (1) is being advanced against the ***Smith defendant*** (and ***not*** Schlumberger) and (2) concerns only activities that occurred on or before March 28, 2022 – the date Smith terminated its license agreement with Plaintiffs. *See*

---

[4] The Varel and Ulterra Defendants do not make this claim.

Plaintiffs' Second Amended Petition at Count II (indicating it is advanced only against Smith, Ulterra and Varel) and at ¶ 35 (indicating that Plaintiffs' claims for damages against Smith are limited to a period that expired on March 28, 2022).

Contrary to the assertion in ¶ 14 of Defendants' Notice of Removal, the license agreement between Smith and Plaintiffs (**Ex. B**) does ***not*** require that the Licensed RH Patents "be valid." Rather, the Licensed RH Patents are, by statute, presumed valid. *See* 35 U.S.C. § 282. ██████

████████████████████████████████████████████████████████████

████████████████████████. Smith Portfolio License, **Ex. B** at Art. VII, Sect. 7.02.

Smith terminated the license on March 28, 2022. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████. Accordingly, the declaratory judgments on invalidity sought by SLB/Smith would have no impact on Plaintiff's breach of contract claims against SLB/Smith and/or any payment obligation of SLB/Smith.

Considering the above, Plaintiffs' breach of contract claim against Smith does not implicate any issues of alleged patent invalidity and therefore does not give rise to federal subject matter jurisdiction.

---

[5] ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Smith Portfolio License, **Ex. B**, at Art. XIII, Sects. 13.01-13.03.

### C.  Plaintiffs' Petition Does Not Raise Any "Federal Issues" of Alleged Patent Misuse

As a further basis for removal, paragraph 15 of Defendants' Notice of Removal (Doc. No. 1) contends that Plaintiffs' claim for breach of contract damages after October 22, 2021 (the expiration date for some, but not all Licensed RH Patents) necessarily invokes a "federal issue" because it would implicate the patent misuse defense articulated by the Supreme Court in *Brulotte v. Thys*, 379 U.S. 32 (1964). This argument reflects a wholesale misunderstanding of the law and fails "to appreciate the distinction between a patent *claim* (which arises under federal statutes relating to patents and which requires the court to interpret the validity and scope of a particular patent within section 1338) and a contract claim in which patent *issues* are merely incidentally implicated." *Boggild v. Kenner Products*, 853 F.2d 465, 468 (6th Cir. 1988) (emphasis in original).

The defense of patent misuse to a breach of contract claim is a *contractual defense* that does not give rise to federal jurisdiction (and thus does not give rise to a basis for removal). *Boggild*, 853 F.2d at 468 (6th Cir. 1988) (holding that a defense to a claim for breach of a licensing agreement that the license agreement was unenforceable because it "require[ed] the payment of royalties beyond the existence of the underlying patents" did not give rise to federal question jurisdiction).  *See also Scheiber v. Dolby Labs., Inc.*, 293 F.3d 1014, 1016 (7th Cir. 2002) (Posner, J.) ("[A] suit to enforce a patent licensing agreement does not arise under federal patent law [and t]he presence of a federal defense … is irrelevant to jurisdiction."); *Duval Wiedmann v. Inforocket*, 374 F. App'x 482, 484-85 (5th Cir. 2010) ("It is well settled that if the patentee pleads a cause of action based on rights created by a contract, the case is not one 'arising under' the patent laws . . . Because [plaintiff's] complaint solely presented contract claims arising under the license agreement and did not raise any patent claims or present substantial patent questions, it does not present claims that 'arise under' § 1338.") (internal citations omitted) (**Ex. I**).

9

Indeed, such patent misuse defenses are routinely considered by state courts in connection with breach of contract actions. *See, e.g. Reich v. Reed Tool Co.*, 582 S.W.2d 549, 553 (Tex. Civ. App. 1979) (considering patent misuse defense to contract claim) (**Ex. K**); *Cohn v. Compax Corp.*, 87 A.D.2d 364 (N.Y. App. Div. 1982) (considering patent misuse defense to breach of contract claim) (**Ex. L**); *Regents of Univ. of Minn. v. Medical Inc.*, 405 N.W.2d 474, 482 (Minn. Ct. App. 1987) (considering *Brulotte* misuse defense to state law contract claim) (**Ex. M**); *McLeod v. Crawford*, 176 Neb. 513, 526 (Neb. 1964) (considering patent misuse to breach of contract claim) (**Ex. N**); *Green v. Rocket Research Corp.*, 12 Wn. App. 613, 619 (Wash. Ct. App. 1975) (same) (**Ex. O**).

Because the Defendants' patent misuse defenses fail to give rise to federal subject matter jurisdiction, they cannot support removal, or justify this Court's exercise of jurisdiction over Plaintiffs' breach of contract claims.

## II.   Defendants' Counterclaims Introduced no Claims or Issues That Can Support Federal Jurisdiction or Removal

Recognizing that Plaintiffs' Second Amended Petition does not provide a proper basis for removal, Defendants nonetheless contend that removal was permitted under 28 U.S.C. § 1454(a) because SLB/Smith advances counterclaims seeking declaratory judgments of patent invalidity and SLB/Smith's and Ulterra's counterclaims seek declaratory judgments of patent non-infringement and unenforceability. *See* Notice of Removal, Doc. No. 1 at ¶¶ 15-18.

Those contentions are meritless because this Court has no jurisdiction over declaratory counterclaims that lack the necessary justiciable case or controversy requirement. *California v. Tex.*, 141 S. Ct. 2104, 2115 (2021) (federal courts lack subject matter jurisdiction over declaratory judgment claims that do not satisfy the case or controversy requirement). The Court should therefore dismiss these counterclaims under Rule 12(b)(1) and remand Plaintiffs' claims brought

under Texas law back to state court. *See, e.g., Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) ("we have elucidated the general rule that 'a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'").

### A.  SLB/Smith's Counterclaims For Declaratory Judgments of Patent Invalidity Cannot Support Removal as There is no Case or Controversy And They Should be Dismissed

As discussed above, one of the Defendant groups –SLB/Smith – advanced counterclaims seeking declaratory judgments that the two unexpired Licensed RH Patents are invalid. *See* SLB/Smith counterclaims Counts I and II.  In addition to the fact that these claims would have no impact on Plaintiffs' state law claims for the reasons discussed above, these counterclaims should be dismissed for lack of subject matter jurisdiction because this Court lacks constitutional power to adjudicate these claims. *See, e.g., Krim v. PCOrder.com*, 402 F.3d 489, 494 (5th Cir. 2005). *See also Corrosion Prevention Techs. v. Hatle*, Civil Action No. 4:20-CV-2201, 2020 WL 6202690, at \*2 (S.D. Tex. Oct. 22, 2020) (Hanen, J.). (**Ex. J**).

Article III of the U.S. Constitution expressly limits federal court jurisdiction to only "Cases" and "Controversies." This limitation is reflected in the Declaratory Judgment Act's "actual controversy" requirement. 28 U.S.C. § 2201(a). This Court is, as always, limited in its jurisdiction to actual "cases" and "controversies." *Corrosion Prevention*, 2020 WL 6202690, at \*4 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 120 (2007)) (**Ex. J**).[6]

---

[6] While the *MedImmune* Court found that a justiciable case or controversy existed, it did so based on a license agreement that is fundamentally different from the portfolio license agreements at issue here.  For example, in *MedImmune*, the royalty obligations were tied to the practice of a claim of the licensed patents. 549 U.S. at 121. No such requirement is contained in the various portfolio license agreements at issue here.

SLB/Smith's counterclaims I and II do not advance "claims" in the traditional sense. Rather, they seek declarations of the existence of a patent invalidity defense, which is a defense to a claim of alleged patent infringement. *See* 35 U.S.C. § 282(b)(2) (identifying invalidity as a defense).

While federal courts have subject matter jurisdiction over cases in which a party asserts a claim for relief "arising under any Act of Congress relating to patents," the Declaratory Judgment Act does not by itself confer subject-matter jurisdiction because it is "procedural only." *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)); *Corrosion Prevention*, 2020 WL 6202690, at *3 (**Ex. J**). The standard to determine whether there is a case or controversy that could confer jurisdiction on this Court to rule on a claim seeking a declaratory judgment of alleged patent invalidity was succinctly articulated by this Court in *Corrosion Protection*:

> The Supreme Court has clarified when a court has jurisdiction over a declaratory-judgment claim. A court must decide whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 128 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).
>
> \*   \*   \*   \*   \*
>
> The Federal Circuit has further expounded upon this standard in the patent context: "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).
>
> ***Declaratory-judgment jurisdiction will not arise without some affirmative act by the patentee***. *Id.* An affirmative act by the patentee in this context is "conduct that can reasonably be inferred as demonstrating intent to enforce a patent." *UCP Int'l Co. Ltd.* v. *Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019) (citations omitted).

*Corrosion Prevention*, 2020 WL 6202690, at *5 (emphasis added) (Ex. J).

Here, Plaintiffs have not engaged in any affirmative act that could be reasonably inferred as demonstrating an intent to enforce either of the two identified Licensed RH Patents against SLB/Smith. Specifically, Plaintiffs have never alleged that either of the two patents has been, or is being, infringed by SLB/Smith. Nor have Plaintiffs contended that any specific product or products of SLB/Smith are within the scope of any claim in challenged patents. Nor have Plaintiffs sent any cease-and-desist letters demanding that SLB/Smith cease infringing upon either patent. Had Plaintiffs made such an affirmative act, SLB/Smith surely would have included that allegation in its counterclaim. There simply is no affirmative act on the part of Plaintiffs that could vest this Court with subject matter jurisdiction over SLB/Smith's counterclaims seeking rulings that the two challenged patents are invalid. There simply is no case or controversy that could confer subject matter jurisdiction on this Court to decide those counterclaims. As such, they should be dismissed. *See, e.g., Corrosion Prevention*, 2020 WL 6202690, at *5 (**Ex. J**).

A ruling of invalidity could have only possibly relieved SLB/Smith from royalty payments from that date forward. No such ruling was ever issued, and Smith has terminated its license. So, a ruling by this Court would be a purely advisory opinion.

SLB/Smith has identified no specific, ongoing, or planned activity that it is engaging in (or are planning to engage in) that could support a charge of infringement by Plaintiffs (and thus invalidity defenses by SLB/Smith). If a real and present infringement dispute existed, SLB/Smith would have identified in its counterclaims a specific product that it is selling (or has made plans to sell) that it feels could be deemed to infringe either or both challenged patents, but it did not. The absence of any putative accused product (which would be necessary to frame the scope of the hypothetical infringement claim to which the identified anticipatory defenses of patent invalidity

could apply) reflects the abstract, hypothetical, non-existent, and non-justiciable state of SLB/Smith's invalidity counterclaims.

Consequently, SLB/Smith's counterclaims for declaratory judgments of patent invalidity should be dismissed for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over these claims, they cannot support removal under 35 U.S.C. § 1454(a).

**B. The Defendants' Counterclaims For Declaratory Judgments of Patent Non-Infringement And Unenforceability Cannot Support Removal Because This Court Lacks Subject Matter Jurisdiction Over Those Claims. There is no Case or Controversy, and They Should be Dismissed**

For the same reasons that this Court lacks subject matter jurisdiction over SLB/Smith's counterclaims seeking declaratory judgments of patent invalidity, it lacks subject matter jurisdiction over the Defendants' counterclaims seeking declaratory judgment that the two unexpired Licensed RH Patents are not infringed and/or are unenforceable. *See* SLB/Smith Counts III and IV, Doc. No. 1-2 at Ex. B.5; Ulterra's Counts I and II, Doc. No. 1-2 at Ex. B.7; Varel's ¶¶ 52-55, Doc. No. 1-2 at Ex. B.8.

This is because Plaintiffs have never advanced any claims of alleged infringement of those patents against any Defendant or engaged in any affirmative act indicating an intent to enforce either of those two Licensed RH Patents against any present or imminent act of a Defendant. Moreover, the License Agreement expressly does not require infringement as a condition of the royalty obligation. *See* Smith Portfolio License, **Ex. B** at Art. II, Sect. 2.05 & Art. IV, Sect. §4.01; SLB Portfolio License, **Ex. C** at Art. II, Sect. 2.05 & Art. IV, Sect. §4.01; Varel Portfolio License, **Ex. D** at Art. II, Sect. 2.04 & Art. VI, Sect. 6.01; Ulterra Portfolio License, **Ex. E** at Art. II, Sect. 2.04 & Art. VI, Sect. 6.01. As with SLB/Smith's "invalidity" counterclaims, no Defendant has identified any specific present or imminent activity that it believes could be found to infringe either

of the asserted patents that could form the nucleus of the patent infringement claim that would be necessary for jurisdiction over their non-infringement defense declaratory judgment counterclaim.

Accordingly, Defendants' counterclaims for declaration that the two challenged patents are not infringed should be dismissed for lack of subject matter jurisdiction.  And because they should be dismissed, they cannot support Defendants removal of the state court proceeding to this Court.

### C. SLB/Smith's and Ulterra's Counterclaims For Declaratory Judgments Concerning The Twelve Expired Licensed RH Patents Cannot Support Removal Because This Court Lacks Subject Matter Jurisdiction Over Those Claims, There is no Case or Controversy, and They Should be Dismissed

SLB/Smith's counterclaim Counts VI and VII and the Ulterra Defendants Counts IV seek declaratory judgments that each of twelve expired Licensed RH Patents (not including the two patents addressed above) are expired.[7] This Court lacks subject matter jurisdiction over those counterclaims because there is no case or controversy with respect to the expiration of the twelve admittedly expired patents.

Specifically, there is no dispute as to whether the twelve Licensed RH Patents identified in these claims all expired on or before October 22, 2021. They have expired, and Plaintiffs have never contended otherwise.

Because there is no "actual controversy" regarding the subject matter of SLB/Smith's counterclaim Counts VI and VII and the Ulterra Defendants Counts III and IV, those claims should be dismissed for lack of subject matter jurisdiction. And because there is no subject matter jurisdiction, those claims cannot support removal under 28 U.S.C. § 1454.

---

[7] The twelve patents are identified in paragraph 8 of SLB/Smith's (and Ulterra's) counterclaims. *See* Doc. No. 1-2 at Exs. B.5 and B.7

**III.      Remand of Plaintiffs' Breach of Contract Claims (And Defendants' Related Counterclaims) is Warranted Even if The Court Were to Accept Jurisdiction Over Defendants' Patent Infringement Defense Counterclaims**

Even if this Court were to find a basis for exercising subject matter jurisdiction over the Defendants' counterclaims for declaratory judgments of patent invalidity or non-infringement, it should nonetheless decline to exercise supplemental jurisdiction over Plaintiffs' breach of contract claims pursuant to 28 U.S.C. 1367(a) and should remand them back to the state court. This is at least because: (a) there is no meaningful overlap between the operative facts and issues underlying Defendants' declaratory judgment claims in this regard and Plaintiffs' breach of contract claims and (b) the declarations sought by Defendants would have no impact on Plaintiffs' breach of contract claims.

The facts and issues underlying Defendants' claims for declarations of patent non-infringement are different from those raised by Plaintiffs' breach of contract claims. Defendants' claims for declarations of patent non-infringement will focus on whether Defendants' products and/or actions (which are unidentified in any of their pleadings) are within the scope of any claims in the relevant patents. Consideration of such claims will, therefore, require discovery concerning all products made, used, sold, offered for sale, or imported into the United States by Defendants as well as all methods or practices performed by Defendants. Consideration of such claims would also involve an assessment of whether any of such products or methods are within the scope of a claim in the relevant patents. None of this discovery, and none of these issues, will be involved in consideration of Plaintiffs' breach of contract claims because the simple question presented by Plaintiffs' claims is one of contract interpretation – whether the agreements have terminated or not.

Similarly, should the Court proceed with SLB/Smith's invalidity counterclaims, the Court will have to construe the specific patent claims in the two challenged patents that are the subject of SLB/Smith's claim, consider alleged items of prior art, and address issues relating to the challenged patent's compliance with 35 U.S.C. §§ 101, 102, 103 and 112. *See* Notice of Removal at ¶17. None of those facts or issues will need to be addressed or considered to adjudicate Plaintiffs' breach of contract claims against SLB/Smith or any other Defendant.

Further, as explained below, resolution of Defendants' counterclaims for declarations of patent non-infringement and SLB/Smith's counterclaims for patent invalidity will have ***no bearing*** on the outcome of Plaintiffs breach of contract claims. None.

As noted above, Defendants' payment obligations turn on the sale of products meeting the contracts' definition of "Licensed Drill Bits" ***and not*** on whether any Defendant has practiced any claim of a Licensed RH Patent – much less only the two patents challenged by the Defendants' non-infringement declaratory judgment counterclaims. As such, were this Court to take jurisdiction over the non-infringement counterclaims and issue a declaratory judgment (one way or the other) that judgment would not impact the Defendants' contractual obligations to Plaintiffs.

Likewise, as discussed in Section II.B, were the Court to proceed with SLB/Smith's claim for declarations that the two challenged patents are invalid and to ultimately find the challenged Patents unenforceable, Smith would still be liable for breach of contract damages to Plaintiffs through March 28, 2022 – the last date for which Plaintiff are seeking damages from Smith.[8]

---

[8] Such a finding also would not have any impact on Plaintiffs' claims for damages against the other Defendants, since the portfolio of Licensed RH Patents includes a number of foreign patents in addition to the two challenged U.S. Patents. *See, e.g.,* fn.2, *supra,* and *Nautilus, Inc. v. Icon Health & Fitness, Inc.*, 304 F. Supp. 3d 552, 568 (W.D. Tex. 2018) ("Texas contract law is fully competent to dispose of the rights and obligations owing under the contract as it pertains to the Chinese patent. *Brulotte* has nothing to say on the matter. Therefore, the Court's conclusion that ICON must pay

In short, even if the Defendants' patent counterclaims for declaratory judgments of patent non-infringement and invalidity are not dismissed, the Court should remand Plaintiffs' unrelated state law claims for breach of contract (and Defendants' corresponding counterclaims).

**CONCLUSION**

For at least the foregoing reasons, the Court should:

A.  Dismiss in their entirety:

    (1) SLB/Smith's counterclaims Counts I, II, III, IV, and Counts VI and VII;

    (2)  the Ulterra Defendants counterclaims Counts I, II, and IV; and

    (3) the claims for declaratory judgment advanced in ¶¶ 52-55 of Varel's pleading; and

B.  Remand all remaining claims and counterclaims not expressly dismissed back to the 11th Judicial District Court, Harris County, Texas.

---

royalties on the sales of the disputed products does not violate the patent-misuse doctrine even though those products were sold in the U.S. after the U.S. patent expired.")

18

Dated: March 29, 2023

*Of counsel*

**McAughan Deaver pllc**

Robert J. McAughan, Jr.
Texas Bar No. 00786096
SDID No. 16500
Albert B. Deaver, Jr.
Texas Bar No. 05703800
SDID No. 11300
McAughan Deaver pllc
550 Westcott, Suite 375
Houston, Texas 77007
bmcaughan@md-iplaw.com
(713) 829-3851
adeaver@md-iplaw.com
(281) 460-2315

Respectfully Submitted,

**Ahmad, Zavitsanos & Mensing P.L.L.C.**

*/s/ Kevin Leyendecker*
John Zavitsanos
Texas Bar No. 22251650
Kevin Leyendecker
Texas Bar No. 00784472
Shahmeer Halepota
Texas Bar No. 24109968
Michael Killingsworth
Texas Bar No. 24110089
Louis Liao
Texas Bar No. 24109471
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: 713.655.1101
jzavitsanos@azalaw.com
kleyendecker@azalaw.com
shalepota@zalaw.com
mkillingsworth@azalaw.com
lliao@azalaw.com

**Attorneys for Plaintiffs**

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was electronically filed and served on all registered counsel of record via the Court's PACER ECF system.

*/s/ Kevin Leyendecker*
Kevin Leyendecker
