**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, NATIONAL OILWELL VARCO, LP,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORP., SMITH INTERNATIONAL, INC.; ULTERRA DRILLING TECHNOLOGIES, L.P., ROCKBIT INTERNATIONAL SUBSIDIARIES, LLC.; VAREL INTERNATIONAL ENERGY SERVICES, INC., and VAREL INTERNATIONAL INDUSTRIES, L.P.,<br><br>*Defendants*. | Civil Action No. 4:23-cv-00730 |

**EXHIBIT H**

**TO**

**PLAINTIFFS' MOTION TO DISMISS AND REMAND**

Civil Action 4:21-cv-4003
United States District Court, Southern District of Texas

# Robinson v. Uber Techs.

Decided Apr 14, 2022

Civil Action 4:21-cv-4003

04-14-2022

SHALOREA ROBINSON, Plaintiff, v. UBER TECHNOLOGIES, INC., et. al, Defendants.

Andrew S. Hanen United States District Judge

**ORDER**

Andrew S. Hanen United States District Judge

Pending before the Court is Plaintiff Shalorea Robinson's ("Plaintiff") Motion to Abstain and Remand (Doc. No. 3). Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") (collectively, "Defendants") responded in opposition. (Doc. No. 5). After considering the briefing and applicable law, the Court denies Plaintiffs Motion.

## I. Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiffs favor. *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna,* 200 F.3d at 339. *1

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.*

## II. Analysis

In her motion, Plaintiff alleges that removal was improper because Texas has personal jurisdiction over Defendants, and as a result, there is no diversity of citizenship. (Doc. No. 3 at 4). Plaintiff does not, however, actually allege any facts demonstrating that diversity does not exist in this case. As mentioned, a federal district court has removal jurisdiction if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). One way for a federal district court to have original subject matter jurisdiction over a case is through the pleading complete diversity between the parties. *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir. 1968). "With respect to a corporation, the place of incorporation and principal place of business"

Case 4:23-cv-00730   Document 32-4   Filed on 03/29/23 in TXSD   Page 3 of 3

Robinson v. Uber Techs.   Civil Action 4:21-cv-4003 (S.D. Tex. Apr. 14, 2022)

determine where a corporation is at home, or a "citizen," for the purposes of diversity jurisdiction. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014).

Plaintiffs entire argument rests on a misunderstanding of diversity of citizenship. There is no dispute that Plaintiff is a citizen of Texas. In her motion, Plaintiff concedes that all Defendants have principal places of business outside of Texas (and does not contest that they are incorporated *2 in Delaware) (Doc. No. 1 at 4), but instead argues that complete diversity does not exist because Defendants have a registered agent and independent contractors in Texas. (Doc. No. 3 at 4). As mentioned, a corporation's citizenship is determined by their place of incorporation and principal place of business. *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014). In their response, Defendants reiterate that they are both incorporated in Delaware, and that they each have their principal place of business in San Francisco, California. (Doc. No. 5 at 7-8). Plaintiff offers no facts or argument in opposition to this point. Therefore, while Plaintiff is a citizen of Texas, Defendants are not. They are citizens (for federal jurisdictional purposes) of California and Delaware. Thus, complete diversity exists.

Furthermore, there is no dispute that the amount in controversy exceeds the $75,000 threshold to satisfy the requirements of diversity jurisdiction, as Plaintiff has alleged over $1,000,000 in damages according to her Amended Petition. *(See* Doc. No. 1-7 at ¶ 8(a)). The Court finds that it has original subject matter jurisdiction over this action.

Finally, the Court denies Defendants' request for sanctions. *(See* Doc. No. 5 at 9-10). Nevertheless, the Court does take seriously the obligation to confer in good faith before filing motions. Plaintiff should strongly consider abiding by this obligation in the future.

Both Plaintiffs and Defendants' requests for attorneys' fees are denied.

For the foregoing reasons, Plaintiffs Motion to Abstain and Remand is DENIED. (Doc. No. 3). *3

casetext