**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, and NATIONAL OILWELL VARCO, LP, *Plaintiffs/Counter-Defendants,* v. SCHLUMBERGER TECHNOLOGY CORP., SMITH INTERNATIONAL, INC., ULTERRA DRILLING TECHNOLOGIES, L.P., ROCKBIT INTERNATIONAL SUBSIDIARIES, LLC., VAREL INTERNATIONAL ENERGY SERVICES, INC., and VAREL INTERNATIONAL INDUSTRIES, L.P., *Defendants/Counter-Plaintiffs.* | Civil Action No. 4:23-cv-00730 ████████████████ |

**DEFENDANTS SCHLUMBERGER AND SMITH'S OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS AND REMAND (DKT NO. 33)**

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ......................... 1

II.   SUMMARY OF ARGUMENT ................................................................................ 1

III.  NATURE AND STAGE OF PROCEEDINGS.................................................... 3

IV.  LEGAL STANDARDS ............................................................................................ 4

    A.    Federal Question Jurisdiction in a Removed Action ........................................ 4

    B.    Declaratory Judgement Case or Controversy ................................................ 5

    C.    Motions to Dismiss for Lack of Subject Matter Jurisdiction ........................... 6

V.   ARGUMENT .......................................................................................................... 6

    A.    Plaintiffs' Claims Arise under Federal Patent Laws, Making Removal Proper.............. 6

        1.    SLB/Smith's Obligations to Pay Royalties Depend on Whether They Practice Licensed RH Patents ............................................................................. 7

        2.    SLB/Smith's Obligations to Pay Royalties Depend on Whether the Licensed RH Patents Are Valid ...................................................................... 10

    B.    SLB/Smith's Counterclaims Create Justiciable Controversies ...................................... 13

        1.    There Is a Case or Controversy Over SLB/Smith's Counterclaims for Invalidity and Noninfringement of the '534 and '752 Patents .................................... 13

        2.    Plaintiffs' Agreement That The 12 Core Patents Are Expired Does Not Moot the Case or Controversy Created by SLB/Smith's Counterclaims of Unenforceability and Noninfringement ................................................................... 17

    C.    The *Brulotte* Issues in this Case also Present Federal Questions Over Which this Court has Jurisdiction ........................................................................ 18

    D.    The Court Should Exercise Supplemental Jurisdiction over Plaintiffs' Breach of Contract Claims, Which Will Involve the Same Issues as SLB/Smith's Counterclaims ........ 20

VI.  CONCLUSION ...................................................................................................... 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*3M Co. v. Avery Dennison Corp.*,
    673 F.3d 1372 (Fed. Cir. 2012).................................................................6

*Adams v. Pearl River Valley Water Supply Dist.*,
    2022 WL 2829756 (5th Cir. July 20, 2022).............................................6

*Ameranth, Inc. v. ChowNow, Inc.*,
    2021 WL 3686056 (S.D. Cal. Aug. 19, 2021) ................................. *passim*

*Board of Regents Univ. of Tex. Sys. v. Mission Pharm. Co.*,
    2006 WL 8436935 (N.D. Tex. June 12, 2006) .......................................18

*Boggild v. Kenner Prods.*,
    853 F.2d 465 (6th Cir. 1988) ..................................................................20

*Bonzel v. Pfizer, Inc.*,
    439 F.3d 1358 (Fed. Cir. 2006)................................................................9

*Bradley Corp. v. Lawler Mfg. Co.*,
    2020 WL 7027875 (S.D. Ind. Nov. 30, 2020) ........................................20

*Brulotte v. Thys Co.*,
    379 U.S. 29 (1964)......................................................................2, 18, 20

*Corrosion Prevention Techs. LLC v. Hatle*,
    2020 WL 6202690 (S.D. Tex. Oct. 22, 2020) (Hanen, J.)......................16

*Duval Wiedmann v. Inforocket*,
    374 F. App'x 482 (5th Cir. 2010) ..........................................................19

*Griggs v. State Farm Lloyds*,
    181 F.3d 694 (5th Cir. 1999) ..................................................................17

*Gunn v. Minton*,
    568 U.S. 251 (2013)..............................................................................4, 7

*Jang v. Boston Sci. Corp.*,
    767 F.3d 1334 (Fed. Cir. 2014)..................................................5, 7, 8, 9

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994)................................................................17

*Kimble v. Marvel Ent., LLC,*
    576 U.S. 446 (2015) ................................................................................................19

*Kunkel v. Topmaster Int'l, Inc.,*
    906 F.2d 693 (Fed. Cir. 1990) ...................................................................................9

*Landeros v. Transamerica Life Ins. Co.,*
    2019 WL 9123531 (S.D. Tex. Sept. 17, 2019) .........................................................17

*Lear, Inc. v. Adkins,*
    395 U.S. 653 (1969) .........................................................................................10, 12

*Levi Strauss & Co. v. Aqua Dynamics Sys., Inc.,*
    2016 WL 1365946 (N.D. Cal. Apr. 6, 2016) ..........................................................7, 9

*Luckett v. Delpark,*
    270 U.S. 496 (1926) ....................................................................................................9

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007) ...........................................................................5, 10, 14, 15

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC,*
    571 U.S. 191 (2014) ................................................................................................16

*Montez v. Dep't of Navy,*
    392 F.3d 147 (5th Cir. 2004) ................................................................................6, 10

*Natec, Inc. v. Deter Co.,*
    28 F.3d 28 (5th Cir. 1994) ...........................................................................2, 18, 19

*Powertech Tech. Inc. v. Tessera, Inc.,*
    660 F.3d 1301 (Fed. Cir. 2011) ........................................................10, 14, 15

*Preston v. Nagel,*
    857 F.3d 1382 (Fed. Cir. 2017) ................................................................................4

*Ramming v. United States,*
    281 F.3d 158 (5th Cir. 2001) ......................................................................................6

*Rates Tech. Inc. v. Speakeasy, Inc.,*
    685 F.3d 163 (2d Cir. 2012) .....................................................................................13

*Recif Res., LLC v. Juniper Cap. Advisors, L.P.,*
    2019 WL 5457705 (S.D. Tex. Oct. 24, 2019) ...........................................................5

*Rollo v. Chase Home Fin. LLC,*
    2013 WL 1390676 (S.D. Tex. Apr. 4, 2013) ...........................................................12

*Scheiber v. Dolly Lab'ys, Inc.*,
   293 F.3d 1014 (7th Cir. 2002) ...................................................................20

*Shoffiett v. Goode*,
   825 F. App'x 824 (Fed. Cir. 2020) ...........................................................17

*Vermont v. MPHJ Tech. Invs., LLC*,
   803 F.3d 635 (Fed. Cir. 2015).........................................................4, 5, 13

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981) ...................................................................6, 7

**Statutes**

28 U.S.C. § 1295(a)(1).........................................................................................4

28 U.S.C. § 1338(a) .............................................................................................2

28 U.S.C. § 1441(a) .............................................................................................4

28 U.S.C. § 2201(a) .............................................................................................5

## LIST OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| 1 | *Adams v. Pearl River Valley Water Supply Dist.*, 2022 WL 2829756 (5th Cir. July 20, 2022) |
| 2 | *Ameranth, Inc. v. ChowNow, Inc.*, 2021 WL 3686056 (S.D. Cal. Aug. 19, 2021) |
| 3 | *Board of Regents University of Texas System v. Mission Pharmacal Co.*, 2006 WL 8436935, (N.D. Tex. June 12, 2006) |
| 4 | *Bradley Corp. v. Lawler Mfg. Co.*, 2020 WL 7027875, (S.D. Ind. Nov. 30, 2020) |
| 5 | *Corrosion Prevention Techs. LLC v. Hatle*, 2020 WL 6202690, (S.D. Tex. Oct. 22, 2020) |
| 6 | *Duval Wiedmann v. Inforocket*, 374 F. App'x 482 (5th Cir. 2010) |
| 7 | *Landeros v. Transamerica Life Ins. Co.*, 2019 WL 9123531, (S.D. Tex. Sept. 17, 2019) |
| 8 | *Levi Strauss & Co. v. Aqua Dynamics Sys.*, Inc., 2016 WL 1365946, (N.D. Cal. Apr. 6, 2016) |
| 9 | *Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, 2019 WL 5457705, (S.D. Tex. Oct. 24, 2019) |
| 10 | *Rollo v. Chase Home Fin. LLC*, 2013 WL 1390676, (S.D. Tex. Apr. 4, 2013) |
| 11 | *Shoffiett v. Goode*, 825 F. App'x 824 (Fed. Cir. 2020) |

## I.     STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1. Whether Plaintiffs' claims for breach of patent license agreements for failure to pay royalties allegedly owed involve federal questions over which this Court has jurisdiction.

2. Whether there is a justiciable case over Defendants' counterclaims for declaratory judgment.

3. Whether the Court should exercise supplemental jurisdiction over Plaintiffs' breach of contract claims if it does not find federal question jurisdiction over these claims.

## II.    SUMMARY OF ARGUMENT

All of the claims in this case arise under the patent laws of the United States.  Therefore, this Court possess subject matter jurisdiction over the case and remand to the state court would be improper.  From 2006 to 2008, Plaintiffs were engaged in a patent assertion campaign in which they sued numerous drill bit and cutter providers for allegedly infringing some or all of their 12 core patents related to polycrystalline diamond leached cutter technology used in drilling oil wells. *See* Dkt. No. 1-2, Ex. B.5 (Defs.' Ans. & Cntclms.) pp. 6–7 at ¶¶ 8, 12–13.   Defendants Schlumberger Technology Corporation ("SLB") and Smith International, Inc. ("Smith") (collectively, "SLB/Smith") were not then sued for infringement, but amidst Plaintiffs' assertion campaign, they entered into patent licenses with Plaintiffs ("the Patent Licenses"). *Id.* ¶¶ 16–17. Those licenses granted manufacturing and other rights to SLB/Smith under Plaintiffs' leached cutter patents.  In exchange, for over a decade, SLB/Smith paid Plaintiffs significant royalties. *Id.* ¶¶ 16–17, 25.  The last of the 12 core patents expired on October 22, 2021. *Id.* ¶ 26.  Accordingly, SLB/Smith ceased paying royalties. *Id.* ¶ 27.  Notably, the technology of the 12 core patents is now in the public domain—any new entrant to the industry is permitted to use Plaintiffs' formerly patented leached cutter technology without paying Plaintiffs a single cent.

On February 6, 2023, Plaintiffs filed a Second Amended Petition (the "Petition") in Texas state court.  The Petition added the Ulterra and Varel defendants and asserted claims that all

defendants (SLB, Smith, Ulterra, and Varel) breached their respective patent license agreements and continue to owe royalties. *See* Dkt. No. 1-2, Ex. B.4 (Petition).[1]  As to SLB and Smith, Plaintiffs allege that they owe royalties until the expiration of two non-core patents that it asserts are Licensed RH Patents under the Patent Licenses—U.S. Patent Nos. 7,568,534 (the "'534 patent") and 8,721,752 (the "'752 patent"). *Id.* at 7–8.

Plaintiffs' new claims—and the compulsory counterclaims SLB/Smith asserted in response to those claims—necessarily raise federal patent law issues that must be litigated in this Court. ***First***, the '534 and '752 patents are invalid, and SLB/Smith do not practice them.  Based on the language of the Patent Licenses and the law, including the grant of rights "***under*** the Licensed RH Patents," if these two patents are not practiced or they are invalid, then SLB/Smith necessarily do not owe any royalties.  Dkt. No. 1-2, Ex. B.5 (Defs.' Ans. & Cntclms.) ¶¶ 16–17.  Invalidity and noninfringement are indisputably federal patent issues over which Congress has declared that "[n]o State court shall have jurisdiction."  28 U.S.C. § 1338(a).  ***Second***, Plaintiffs are seeking to enforce the Patent Licenses based on expired patents, which the Fifth Circuit has held is another "substantial question of federal patent law" and, thus, not within the state court's jurisdiction. *Natec, Inc. v. Deter Co.*, 28 F.3d 28, 29 (5th Cir. 1994) (citing *Brulotte v. Thys Co.*, 379 U.S. 29 (1964)).  ***Third***, in response to Plaintiffs' new claims, SLB/Smith asserted compulsory counterclaims that the '534 and '752 patents are invalid, not infringed, and that Plaintiffs' attempt to enforce the Patent Licenses based on expired patents is unlawful.  These counterclaims are not speculative—if SLB/Smith prevail, then there is no breach of contract and no royalties are owed, which is the exact relief that Plaintiffs are trying to obtain in state court.  Under the special patent

---

[1] Plaintiffs' Original Petition was against SLB and Smith only and asserted certain claims that are now abandoned. *See* Dkt. 1-2, Ex. B.1 (Original Petition); *id.* Ex. B.3 (Notice of Abandonment).

removal statute, 28 U.S.C. § 1454, these counterclaims also vest this Court with jurisdiction over the entire action.

Despite substantial questions of patent law predominating every issue in this case, Plaintiffs nevertheless move to remand, contending that their claims do not raise patent issues, and move to dismiss six of SLB/Smith's eight counterclaims for purportedly lacking a justiciable case or controversy. In arguing that their claims do not raise patent issues, Plaintiffs assert incorrect readings of the Patent Licenses that contradict their controlling language, attempt to rewrite their Petition by claiming that it does not mean what it plainly says, and ignore entirely certain of their allegations against SLB. In asserting that there is no case or controversy, Plaintiffs argue that they have never accused SLB/Smith of infringement, ignoring that the Patent Licenses ***require*** both a valid and infringed patent for Plaintiffs to collect royalties. Plaintiffs also twist themselves in knots by agreeing that if the 12 core patents are found unenforceable then no royalties would be owed, but asserting that because those patents are expired (and thus unenforceable), there is no case or controversy. Nevertheless, despite core-patent expiration, Plaintiffs contend they are still entitled to royalties due to other non-core, non-practiced patents. In short, Plaintiffs have no valid response to the numerous straightforward bases for this Court's jurisdiction. Removal to this Court was not only appropriate, but it was necessary. This Court should deny Plaintiffs' motion.

## III.    NATURE AND STAGE OF PROCEEDINGS

On May 13, 2022, Plaintiffs Grant Prideco, Inc., ReedHycalog UK, Ltd., ReedHycalog, LP and National Oilwell Varco, LP ("Plaintiffs") filed their Original Petition against Defendants SLB and Smith in the 11th Judicial District Court of Harris County, Texas. Dkt. No. 1-2, Ex. B.1. On February 6, 2023, Plaintiffs filed a Second Amended Petition (the "Petition") against SLB and Smith, and added Ulterra and Varel. Dkt. No. 1-2, Ex. B.4. On February 27, 2023, SLB, Smith, Ulterra, and Varel answered the Petition and filed their original counterclaims. Dkt. No. 1-2, Exs.

B.5–B.8 (Ans. & Cntclms.).  That same day, SLB/Smith and Ulterra filed a Notice of Removal, which Varel joined, removing the case to this Court.  Dkt. No. 1 (Notice of Removal).  On March 29, 2023, Plaintiffs filed a Motion to Dismiss and Remand.  Dkt. No. 33 ("Mot.").

## IV.   LEGAL STANDARDS

### A.      Federal Question Jurisdiction in a Removed Action

Removal of a state court case to the United States District Court for the district and division in which the case was filed is proper if the case falls within the "original jurisdiction" of the federal court.  28 U.S.C. § 1441(a).  In 2011, Congress "made three changes in the AIA [America Invents Act] to address federal jurisdiction of patent claims: (1) 28 U.S.C. § 1338(a) clarified that state courts had no jurisdiction over 'any claim for relief arising under any Act of Congress relating to patents'; (2) the Federal Circuit's exclusive jurisdiction was extended to include cases with compulsory patent counterclaims, *see* 28 U.S.C. § 1295(a)(1); and (3) a provision was added to permit a party to remove to federal court a case in which any party asserts a patent claim, *see* 28 U.S.C. § 1454."  *Preston v. Nagel*, 857 F.3d 1382, 1386 (Fed. Cir. 2017).  Thus, federal question jurisdiction lies over an action removed from state court in which (1) a plaintiff's claim arises under the patent laws *or* (2) a defendant's counterclaim raises a question of patent law.

As to the first basis, "[a]n action 'aris[es] under' federal law: (1) where 'federal law creates the cause of action asserted,' and (2) in a 'special and small category of cases' in which arising under jurisdiction still lies.'"  *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 645 (Fed. Cir. 2015) (quoting *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013)).  "For this second category of cases, 'federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress,'" *id.*, for example, in some breach of contract cases, *see Jang v. Boston Sci. Corp.*, 767 F.3d 1334, 1335, 1337 (Fed. Cir. 2014) ("the disputed

federal patent law issues presented by Jang's well-pleaded complaint ['for breach of contract and other various state law claims'] are substantial . . . .").

As to the second basis, the amendments to the AIA "were intended to provide federal courts . . . with jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint." *Vermont*, 803 F.3d at 644 (original emphasis). A counterclaim provides federal jurisdiction if it is compulsory, which "turns on whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and arises under the federal patent laws. *Id.*; *see also Ameranth, Inc. v. ChowNow, Inc.*, 2021 WL 3686056, at *13 (S.D. Cal. Aug. 19, 2021) ("Claims for patent invalidity qualify as compulsory counterclaims in response to a claim arising under patent law."). Under Section 1454, the entire action is removed—including claims not subject to federal question jurisdiction, over which the Court may exercise supplemental jurisdiction. *Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, 2019 WL 5457705, at *3 (S.D. Tex. Oct. 24, 2019) (exercising supplemental jurisdiction over state law claims in case removed under Section 1454).

### B.   Declaratory Judgement Case or Controversy

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Courts examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *See 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012).

C.      **Motions to Dismiss for Lack of Subject Matter Jurisdiction**

"[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the [party asserting jurisdiction] cannot prove any set of facts in support of his claim that would entitle [that party] to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).   "When considering a Rule 12(b)(1) motion, a district court may go beyond the pleadings to affidavits and other evidence to determine its jurisdiction." *Adams v. Pearl River Valley Water Supply Dist.*, 2022 WL 2829756, at *2 (5th Cir. July 20, 2022) (citing *Williamson v. Tucker*, 645 F.2d 404, 413–14 (5th Cir. 1981)).   Where subject matter jurisdiction is being challenged, "no presumptive truthfulness attaches to the plaintiff's allegations." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).[2]   Further, "where issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits." *Id.* at 150.

V.      **ARGUMENT**

A.      **Plaintiffs' Claims Arise under Federal Patent Laws, Making Removal Proper**

Plaintiffs "seek both a declaration that Defendants' royalty obligations do not expire until 2031 and damages as a result of Defendants' failure to pay royalties after October 2021."  Dkt. No. 1 (Notice of Removal) ¶ 13 (quoting Dkt. No. 1-2, Ex. B.4 (Petition) at 2).   Plaintiffs base these claims—made against ***all*** defendants—on the alleged 2025 and 2031 expiration dates of the '534 and '752 patents. Dkt. No. 1-2, Ex. B.4 (Petition) ¶¶ 38–45.  Plaintiffs also assert that these patents are "Licensed RH Patents." *Id.*  Under the Patent Licenses, however, if SLB/Smith do not practice any Licensed RH Patent after October 22, 2021 ***or*** if all Licensed RH Patents are invalid,

---

[2] Plaintiffs contend that "a court must accept all factual allegations in the complaint as true when ruling on the motion to dismiss for lack of subject matter jurisdiction." Mot. at 4 (citing *Ramming*). *Ramming* does not support that proposition, and, as stated in *Montez*, it is not correct.

then no royalties are owed to Plaintiffs.  Accordingly, Plaintiffs' claims necessarily raise issues of noninfringement and invalidity, which are federal questions for this Court.

        1.       **SLB/Smith's Obligations to Pay Royalties Depend on Whether They Practice Licensed RH Patents**

Plaintiffs' claims for breach of contract arise under federal patent law at least because they require that SLB/Smith practice the '534 or '752 patents.  "[C]ourts have repeatedly held that a state-law-based breach of contract claim arises under federal law where it depends on a finding that the defendant has infringed the plaintiff's patents." *Levi Strauss & Co. v. Aqua Dynamics Sys., Inc.*, 2016 WL 1365946, at \*5 (N.D. Cal. Apr. 6, 2016) (collecting cases); *Jang*, 767 F.3d at 1336 (finding plaintiff's "right to relief" for state law breach of contract claim "depends on an issue of federal patent law," *i.e.*, infringement).  This determination turns on the application of the Supreme Court's four-factor test from *Gunn*, which Plaintiffs ignore.  568 U.S. 251 (2013); *see Jang*, 767 F.3d at 1337–38; *Levi Strauss*, 2016 WL 1365946, at \*5–6; *Ameranth*, 2021 WL 3686056, at \*10.  To decide jurisdiction, the Court may consider the contents of the Patent Licenses, which Plaintiffs cite throughout their Petition and motion, and attach as exhibits to their motion.  It does not need to accept Plaintiffs' disputed interpretation.  *See Williamson*, 645 F.2d at 413 ("[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."); *Ameranth*, 2021 WL 3686056, at \*10 ("the Court may consider the plain language of the Agreements").[3]

Here, Plaintiffs' breach of contract claims necessarily raise a federal issue and, thus, *Gunn* factor 1 is satisfied.  The Patent Licenses require that SLB/Smith be operating under, *i.e.*, practice,

---

[3] Further, Plaintiffs liberally quote provisions from the Patent Licenses, in both their Petition and motion, and now make related factual assertions not present in their Petition on at least page 8 of their brief.  Mot. Exs. B, C (Smith and SLB Patent Licenses, respectively).

a Licensed RH Patent for royalties to be paid. In ████████████████████████████

████████ the Patent Licenses state: █████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ Dkt. No. 32-1 ("Mot. Ex."), Ex. B (Smith Patent License)

████; Mot. Ex. C (SLB Patent License) ████ (same). The '534 and '752 patents are the only

alleged unexpired "Licensed RH Patents," thus, the license grant must be "under" the '534 and

'752 patents. *See Ameranth*, 2021 WL 3686056, at \*10 (license granted "***under the Licensed***

***Patents***" means that the licensee must practice them to owe royalties) (original emphasis).

This interpretation is supported elsewhere in the Patent Licenses, including ███████████

███████████████████████, which identifies products that █████████████████

████████████ and are therefore not subject to royalties. Mot. Ex. B (Smith Patent License)

████. This is also reflected by the stated purpose of the Patent Licenses, *i.e.*, to █████████

████████████████████████████████████████████████████

███████████████████████████████ *Id.* § ████. Plaintiffs'

breach of contract claims against SLB/Smith thus necessarily raise a federal question because they

will "require the Court to interpret the Licensed Patents as well as whether Defendant[s] perform[]

activities falling within the scope of their claims." *See Ameranth*, 2021 WL 3686056, at \*10.

Plaintiffs do not address the remaining *Gunn* factors, but those factors too are

satisfied. With respect to the second factor, the federal issue is actually disputed because it is

necessary to Plaintiffs' breach of contract claims. For the third factor, "the disputed federal patent

law issues . . . are substantial and neither entirely backward-looking nor hypothetical" because

Plaintiffs' right to relief depends on their resolution. *Jang*, 767 F.3d at 1337. The fourth factor is

also satisfied as shown by other federal courts that have considered the same issue under similar

circumstances.  *Id.* at 1337–38 (applying *Gunn* and finding jurisdiction); *Levi Strauss*, 2016 WL 1365946, at *5–6 (same); *Ameranth*, 2021 WL 3686056, at *10 (same).

Plaintiffs make two arguments for why their claims do not raise infringement issues, but each fails.  ***First***, Plaintiffs argue that it is "well-settled that breach of contract claims, even when they involve damages for unpaid royalties under a patent license or assignment, do not '***arise under***' an Act of Congress."  Mot. at 5 (emphasis in original).  If that was ever correct, it no longer is after the AIA and *Gunn*, as demonstrated by the above-cited cases.  *Supra* 7.  Plaintiffs cite two cases in support, from 2006 and 1926, before the 2011 amendments to the AIA. Thus, even if they were analogous (they are not), they would "ha[ve] questionable application to the case at hand." *Ameranth*, 2021 WL 3686056, at *11.  First, Plaintiffs cite *Bonzel v. Pfizer, Inc.*, 439 F.3d 1358, 1363 (Fed. Cir. 2006).  *See* Mot. at 5.  *Bonzel*, however, was a breach of contract action in which the alleged breach was failing to comply with "the obligation ***to notify*** of patent infringement and share payment."  *Bonzel*, 439 F.3d at 1363.  That dispute over notice—conspicuously replaced with an ellipsis on page five of Plaintiffs' brief—has no bearing on whether SLB/Smith owe royalties for a license granted "***under***" two patents.  Plaintiffs also cite to two pages from *Luckett v. Delpark*, 270 U.S. 496 (1926) without explanation.  *Luckett*, however, was decided before "the institution of the Federal Rules of Civil Procedure in 1938," and thus fails to provide guidance to the instant case.  *See Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 696 (Fed. Cir. 1990) (noting *Luckett* is "old and now inapplicable Supreme Court precedent").

***Second***, Plaintiffs argue that because they alleged that the Patent Licenses require payment based on invoicing "Licensed Drill Bits," not on "'practice' of a Licensed RH Patent," that must be accepted.  Mot. at 6–7.  Not so.  As explained above, the Patent Licenses' grants are ***under*** the licensed patents, and thus require practicing the patents.  *Supra* 7–8.  Even if the Court were not

ready to make that determination, however, this Court still has jurisdiction.  Because Plaintiffs'
attack on subject matter jurisdiction is intertwined with the merits of their breach of contract
claims, "the trial court must assume jurisdiction and proceed to the merits." *Montez*, 392 F.3d at
150; *see also Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1310 (Fed. Cir. 2011)
(existence of dispute over "whether the license agreement requires royalty payments to be tied to
valid patent coverage" sufficient for jurisdiction); *MedImmune*, 549 U.S. at 135–36 (jurisdiction
not defeated by argument that "licensing agreement . . . precludes this suit").  Plaintiffs cannot
defeat federal question jurisdiction based simply on their say-so of the contract.[4]

### 2. SLB/Smith's Obligations to Pay Royalties Depend on Whether the Licensed RH Patents Are Valid

As with infringement, Plaintiffs do not dispute that patent validity is a federal question.  It
is also established law that a licensee does not owe royalties on an invalid licensed patent.  *See
Lear, Inc. v. Adkins*, 395 U.S. 653, 667 (1969) ("licensees may avoid further royalty payments,
regardless of the provisions of their contract," if licensed patents are invalidated); *see also
Ameranth*, 2021 WL 3686056, at *11–*12 ("If the Licensed Patents are not valid, Defendant does
not owe royalties…").  Moreover, as with infringement, because the license grants in this case are
"under the Licensed RH Patents," this requires the '534 and '752 patents to be valid for SLB/Smith
to owe royalties.  Other portions of the Patent Licenses support this conclusion.  The SLB Patent
License states that if █████████████████████████████████████████████████████

---

[4] Plaintiffs also make repeated references to the licenses as "portfolio licenses."  Not only is this
irrelevant, it is also wrong. ████████████  *Compare* Mot. Ex. C ██████  *with id.*, Ex. B ████.  However,
"Licensed Drill Bits" under the SLB Patent License ████████████████████████████
████████  *Compare* Mot. Ex. C ████████  *with id.*, Ex. B ████████.  In other words, ██████████
████████████████████████████████████████████████████  that is simply not
a "portfolio license."



.” Mot., Ex. C (SLB Patent License) ▮▮▮▮▮ .  And Section 7.04(a) of the Smith Patent License states that royalties terminate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ” Mot., Ex. B (Smith Patent License) ▮▮▮▮▮ .

The validity of these two patents is thus central to the merits of Plaintiffs' claims against both SLB and Smith.  Further, Plaintiffs' claims for royalties based on the expiration dates of the '534 and '752 patents, as stated in their Petition, is made against all defendants, including SLB and Smith.  For example, Plaintiffs' Petition alleges the following, without qualification:

> Because the patents related to the technology do not terminate until 2031, Plaintiffs seek both a declaration that **Defendants'** royalty obligations do not expire until 2031 and damages as a result of **Defendants'** failure to pay royalties after October 2021.

Dkt. No. 1-2, Ex. B.4 (Petition) at 2.  All three Counts in Plaintiffs' Petition assert claims for royalties against SLB and Smith: (1) Count I seeks a declaration that the two identified patents are Licensed RH Patents "***against all defendants***" and contends that "***Defendants*** owe royalties under their respective License Agreements until the expiration of the last to expire 'Licensed RH Patent,'" (2) Count II states "Plaintiffs suffered damages as a result of **each Defendant's failure to pay royalties after October 21, 2021. Plaintiffs seek to recover such damages** . . . ," and (3) Count III expressly states that "Schlumberger breached the 2002 Purchase Agreement **and Schlumberger License**."  *Id.* ¶¶ 39, 50, 54.  As to SLB specifically, Count III of Plaintiffs' Petition also alleges a penalty for damages based on the SLB Patent License.  *Id.* ¶ 25 (alleging SLB owes 70% penalty "in connection with the non-inadvertent sale/rental of unlicensed tools with Leached Cutters").  In sum, Plaintiffs' Petition asserts breach of contract claims based on the expiration of the '534 and '752 patents for royalties purportedly owed after October 22, 2021 under both the Smith and SLB Patent Licenses, and thus Plaintiffs' Petition raises the validity of these two patents

11

against both SLB and Smith.

Plaintiffs make three arguments for why their Petition supposedly does not raise issues of invalidity.  *First*, Plaintiffs argue that the Smith Patent License "does ***not*** require that the Licensed RH Patents 'be valid'" because patents are entitled to a "presumption of validity."  Mot. at 7–8 (emphasis in original).  *Lear*, however, held that licensees need not pay royalties on invalid patents and that it is ***not*** "unfair to require a patentee to defend the Patent Office's judgment [of a valid patent] when his licensee places the question in issue, especially since the licensor's case is buttressed by the presumption of validity."  *Lear*, 395 U.S. at 670.  In other words, the presumption of validity is a reason why SLB/Smith *may* challenge the validity of Plaintiffs' patents, not a reason why they may *not*.

*Second*, Plaintiffs attempt to rewrite their Petition by arguing that Count II only concerns activities by Smith that occurred on or before March 28, 2022, and therefore validity is not relevant today.  Mot. at 7.  This new factual allegation, contained only in Plaintiffs' motion, contradicts Plaintiffs' Petition, which states "that ***Defendants'*** royalty obligations do not expire until 2031,"[5] and should not be considered.  *See Rollo v. Chase Home Fin. LLC*, 2013 WL 1390676, at *4 n.2 (S.D. Tex. Apr. 4, 2013) ("Factual allegations in briefs or memoranda of law may likewise not be considered, particularly when the facts they contain contradict those alleged in the complaint.").

*Third*, Plaintiffs conclude that invalidity would have "no impact on Plaintiffs' breach of contract claims against ***SLB***/Smith and/or any payment obligations of ***SLB***/Smith," Mot. at 8, but the substance of their arguments is directed to Smith only.  Plaintiffs do not explain how SLB's case and controversy could be mooted when Plaintiffs' Petition repeatedly asserts a breach of

---

[5] Plaintiffs cite to paragraph 35 of their Petition as "indicating that Plaintiffs' claims for damages against Smith are limited to a period that expired on March 28, 2022."  Mot. at 8.  Paragraph 35, however, says nothing about limiting Smith's alleged damages.  Dkt. No. 1-2, Ex. B.4, ¶ 35.

contract claim against SLB under the SLB Patent License based on the expiration of the '534 and '752 patents (Count III). Dkt. No. 1-2, Ex. B.4 (Petition) at 13.[6]

### B.    SLB/Smith's Counterclaims Create Justiciable Controversies

SLB/Smith's counterclaims create an independent basis for this Court to exercise jurisdiction. Under post-AIA 28 U.S.C. § 1454, this Court has "jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint." *Vermont*, 803 F.3d at 644 (original emphasis). Plaintiffs do not dispute that SLB/Smith's invalidity and noninfringement counterclaims (Counts I–IV) are federal claims that ordinarily belong in this Court. *See* Mot. at 11–15. Plaintiffs also do not move to dismiss SLB/Smith's counterclaims that they owe no royalties after October 22, 2021 (Count V) or that there is no breach of contract (Count VIII), which similarly require determining invalidity and/or noninfringement of the '534 and '752 patents (Counts I–IV). These counterclaims are compulsory—"there is a logical relationship between the counterclaim and the main claim," *Vermont*, 803 F.3d at 644, *i.e.*, Plaintiffs assert breach of contract claims that require a valid and infringed patent. Nevertheless, Plaintiffs argue that these counterclaims "lack the necessary justiciable case or controversy requirement" and seek to dismiss them pursuant to Rule 12(b)(1). Settled law precludes Plaintiffs' arguments.

### 1.    There Is a Case or Controversy Over SLB/Smith's Counterclaims for Invalidity and Noninfringement of the '534 and '752 Patents

SLB/Smith's claims for declaratory judgments that the '532 and '752 patents are invalid and not infringed (Counts I–IV) constitute a justiciable case or controversy. In *MedImmune*, the

---

[6] In a footnote, Plaintiffs make a passing reference to a ██████████████████████████ ██████████. Plaintiffs do not assert it has any relevance to the issues before this Court, and it does not. ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

Supreme Court held that a case or controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. Thus, a case or controversy existed where a licensee "dispute[d] its obligation to make payments under the [] License Agreement because [it argued it] . . . does not infringe any valid claim of the [licensed] Patent," asserted invalidity, and "contend[ed] that it had no obligation under the license to pay royalties on an invalid patent." *Id.* at 123–24. Similarly, in *Powertech*, a case or controversy existed where the licensee alleged "that the terms of the license agreement do not require it to pay royalties for the wBGA chips if those chips do not infringe or . . . if the patent is invalid." 660 F.3d at 1308.

Here, as in those cases, SLB/Smith seek declarations that (i) the '534 and '752 patents are invalid, Dkt. No. 1-2, Ex. B.5 (Ans. & Cntclms.) ¶¶ 46–53 (Counts I-II), (ii) not infringed, *id.* ¶¶ 54–61 (Counts III-IV), (iii) that no royalties are owed after October 22, 2021 because they "do not practice any valid and enforceable claim of the '534 Patent and '752 Patent," *id.* ¶ 66 (Count V), and (iv) that there is no breach of contract for these and other reasons, *id.* ¶¶ 80–84 (Count VIII). SLB/Smith stopped making royalty payments after October 22, 2021 under their respective agreements, and Plaintiffs seek to recoup those payments and obtain future payments through this lawsuit. Plaintiffs also seek an affirmative declaration that the '752 patent is a "Licensed RH Patent." Dkt. No. 1-2, Ex. B.4 (Petition) ¶¶ 38–45. Thus, both invalidity and noninfringement will need to be decided as part of determining whether royalties are owed. *See MedImmune*, 549 U.S. 128 (case or controversy where party "asserts that no royalties are owing because the [licensed] patent is invalid and not infringed"); *Powertech*, 660 F.3d at 1310 (case or controversy over "whether the license agreement requires royalty payments to be tied to valid patent

coverage"); *Ameranth*, 2021 WL 3686056, at *16 (case or controversy exists where "Defendant's obligation to pay royalties depends on whether it practices the Licensed Patent").

Plaintiffs argue that there is no case or controversy because SLB/Smith owe royalties even if the patents are invalid or not infringed.  Mot. at 11, 14.  This is not only factually wrong, *see supra* 7–13, it is belied by Plaintiffs' own request for a declaration that the '752 patent is a Licensed RH Patent.  It is also irrelevant to the instant motion.  "[T]he issue of contract interpretation is a merits issue, not appropriate to deci[de] on a motion to dismiss under Rule 12(b)(1)."  *Powertech*, 660 F.3d at 1310 (citing *MedImmune*, 549 U.S. at 135–36).  In *Powertech*, for example, the plaintiff argued "that royalty payments are due even if the products do not infringe the [licensed] patent and regardless of the patent's validity," *Powertech*, 660 F.3d at 1308, the exact argument Plaintiffs make here.  The Federal Circuit held that it "need not decide" this dispute because the "merits of this dispute are not before us."  *Id.* at 1309.  Rather, "the dispute between [the parties]— as to whether the license agreement requires royalty payments to be tied to valid patent coverage— *is sufficient to support declaratory judgment jurisdiction*."  *Id.* at 1310.[7]

Plaintiffs also spill much ink arguing that there is no case or controversy over validity or noninfringement because they have never explicitly alleged infringement, for example, by sending SLB/Smith cease and desist letters.  *See* Mot. at 13–14 (arguing Plaintiffs have taken "no affirmative act").  This misses the mark.  If the '534 and '752 patents are invalidated, then

---

[7] Plaintiffs relegate their entire discussion of *MedImmune* to a footnote, in which they simply assert that in *MedImmune*, "the royalty obligations were tied to the practice of a claim of the licensed patents" and "[n]o such requirement is contained in the various portfolio license agreements at issue here."  Mot. at 11, n.6.  Defendants have explained why this reading of the the Patent Licenses is incorrect, *supra* 6–13, and even *MedImmune* rejected that jurisdiction can be defeated based on a disputed contract interpretation.  *See MedImmune*, 549 U.S. at 135–36 ("[E]ven if respondents were correct that the licensing agreement . . . precludes this suit, the consequence would be that respondents win this case on the merits—not that the very genuine contract dispute disappears, so that Article III jurisdiction is somehow defeated.") (emphasis omitted).

SLB/Smith do not owe royalties. *Supra* 10–13. If SLB/Smith do not practice these patents, again they do not owe royalties. *Supra* 7–10. Neither finding requires Plaintiffs to assert infringement. It is also true that because SLB/Smith have ceased paying royalties, Plaintiffs could "bring an ordinary federal patent law action for infringement," also creating a case or controversy. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014).

Plaintiffs rely heavily on this Court's decision in *Corrosion Prevention*, Mot. at 11–13, but that case is factually inapposite. In *Corrosion Prevention*, no license agreement existed, and the Court found no case or controversy over a patent counterclaim where the plaintiff asserted a trade secret claim, and the defendants alleged in counterclaims that the filing of the complaint demonstrated an intent to enforce two patents. *Corrosion Prevention Techs. LLC v. Hatle*, 2020 WL 6202690, at *2 (S.D. Tex. Oct. 22, 2020) (Hanen, J.). In the absence of a license agreement, the Court recognized that filing a trade secret lawsuit is not "conduct that can be reasonably inferred as demonstrating intent to enforce a patent." *Id.* at *3. Here, by contrast, Plaintiffs filed a breach of contract lawsuit that ***requires*** proving the alleged licensed patents to be both valid and infringed.

Plaintiffs also assert that a "ruling of invalidity could have only possibly relieved SLB/Smith from royalty payments from that date forward," that "[n]o such ruling was ever issued, and Smith has terminated its license." Mot. at 13. This argument fails for at least two reasons. ***First***, Plaintiffs' argument ignores SLB in a case where Plaintiffs are suing SLB for an alleged breach of the Patent License without ***any*** time restriction. ***Second***, as explained above, Plaintiffs' Petition seeks damages from both SLB and Smith based on the expiration dates of the '534 and '752 patents, and any attempt to amend or modify the Petition through attorney argument in Plaintiffs' motion to dismiss and remand should be rejected. *See supra* 10–13.

16

Finally, Plaintiffs argue in two footnotes that unidentified foreign patents will allegedly further extend SLB/Smith's royalty obligations. Mot. at 1, n.2, 17, n.8. This ambiguous allegation, however, appears nowhere in the Petition and thus may not be considered. *See Landeros v. Transamerica Life Ins. Co.*, 2019 WL 9123531, at *5 (S.D. Tex. Sept. 17, 2019) ("Court considers the pleadings at the time of removal"); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) ("theories not raised in the controlling petition filed in state court" are not considered). As Plaintiffs have not identified these patents, SLB/Smith cannot address them.

### 2. Plaintiffs' Agreement That The 12 Core Patents Are Expired Does Not Moot the Case or Controversy Created by SLB/Smith's Counterclaims of Unenforceability and Noninfringement

Plaintiffs next try to game the system to destroy federal court jurisdiction. They agree that the 12 core patents have expired, arguing that this eliminates any case or controversy over Counts VI and VII. But they ***do not*** concede that royalties are not owed, which is also declaratory relief that SLB/Smith seek in Counts VI and VII. In short, while the Patent Licenses state that no royalties are owed after the 12 core patents are not enforceable or not infringed,[8] *e.g.*, by expiration or invalidation,[9] Plaintiffs argue that they can continue to collect royalties by agreeing to the predicate fact of expiration.[10]

The absurdity of Plaintiffs' position is obvious—they contend that by agreeing that the patents are not enforceable, no final judgment to that effect may be entered and so SLB/Smith

---

[8] *See* Dkt. No. 1-2, Ex. B.5 (Ans. & Cntclms.) ¶¶ 68–79; Mot. Ex. B (Smith Patent License) ▇▇▇▇▇▇▇▇▇▇▇; *id.* Ex. C (SLB Patent License) ▇▇▇▇▇▇▇▇.

[9] *See Shoffiett v. Goode*, 825 F. App'x 824, 826 (Fed. Cir. 2020) ("no enforceable patent rights" after patent expires); *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("no infringement once the patent expires").

[10] Plaintiffs even agree ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Mot. at 8 (emphasis in original).

must continue to pay royalties for another decade.  To be clear, there is still a case and controversy: SLB/Smith seek a declaration from this Court that the 12 core patents are expired and therefore unenforceable and not infringed after October 22, 2021, ***thereby suspending all royalty obligations***.  Plaintiffs continue to argue royalties are owed despite expiration of the 12 core patents, thus creating a case and controversy.

### C.    The *Brulotte* Issues in this Case also Present Federal Questions Over Which this Court has Jurisdiction

Plaintiffs' Petition also raises the question of whether it is unlawful to require payment of royalties under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964) after the patents incorporated into SLB/Smith's products have expired.  Under Fifth Circuit law, "[t]he right of the patent holder . . . to enforce the settlement agreements and obtain royalties for use of the patent after it expires is a substantial question of federal patent law."  *Natec*, 28 F.3d at 29.

For example, in *Board of Regents Univ. of Tex. Sys. v. Mission Pharm. Co.*, 2006 WL 8436935 (N.D. Tex. June 12, 2006), the plaintiff sued for breach of contract in state court.  The defendant removed and asserted that "the Contract is a patent license and [plaintiff] is asking the court to extend [defendant's] obligation to pay patent royalties beyond the life of the subject patents," raising "a substantial question of federal patent law."  *Id.* at *2.  The district court agreed and held it had jurisdiction over plaintiff's removed breach of contract claim because "federal patent law is a necessary element of one of [plaintiff's] claims in that the relief requested by [plaintiff] is for the enforcement of an agreement to obtain royalties for the use of a patent after it has expired."  *Id.* at *3.  Similarly, here, "the relief requested by Plaintiffs is enforcement of an agreement to obtain royalties after the 12 core patents have expired based on two patents not used by the Schlumberger/Smith Defendants."  Dkt. No. 1 (Notice of Removal) ¶ 15.

SLB/Smith's counterclaim that no royalties are owed after October 22, 2021 (Count V)

provides yet another basis for this Court's jurisdiction.  Plaintiffs did not move to dismiss Count V, which seeks a declaratory judgment that no royalties are owed after October 22, 2021 because, under *Brulotte*, it is unlawful to require payment of royalties accruing after the patents incorporated into SLB/Smith's products have expired.  Dkt. No. 1-2, Ex. B.5 (Ans. & Cntclms.) ¶¶ 62–67 (Count V).  Regardless of whether the Court dismisses any other claims, ***Count V will not be dismissed***.  Thus, the only question is whether Count V provides federal jurisdiction.  Because it raises "a substantial question of federal patent law," *Natec*, 28 F.3d at 29, it does.

Plaintiffs contend that *Brulotte* "does not give rise to a basis for removal."  Mot. at 9.  As explained above, however, this argument was rejected by the Northern District of Texas in *Board of Regents*.  Moreover, courts do decide ***claims*** for unenforceability of a contract based on *Brulotte*, *see Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 450 (2015) (affirming "declaratory judgment in federal district court confirming that the company could cease paying royalties" pursuant to *Brulotte*), and under 28 U.S.C. § 1454(a), Count V may therefore be removed to this Court.  Plaintiffs rely ***exclusively on out of circuit, pre-AIA*** cases and fail to cite any Fifth Circuit or post-AIA authority remanding a case in a similar circumstance.  Thus, if there is any conflict between their cited cases (*Boggild* and *Scheiber*) and *Natec's* holding, then *Natec* controls.[11]

Plaintiffs also cite pre-AIA state court cases "considering" *Brulotte* issues.  Mot. at 10.  The mere fact that a state court "considered" *Brulotte* is irrelevant to Plaintiffs' remand motion.  No party appears to have disputed jurisdiction in those cases, as none addresses the federal jurisdiction statute, let alone the AIA amendment to Section 1338, which states: "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to

---

[11] *Duval Wiedmann v. Inforocket*, 374 F. App'x 482 (5th Cir. 2010), a nonprecedential opinion, also predates the AIA and did not involve issues under *Brulotte*.  It is therefore inapplicable.

patents, plant variety protection, or copyrights."  Further, *Brulotte* is routinely considered by federal courts, including in Plaintiffs' own cited cases.  *Boggild v. Kenner Prods.*, 853 F.2d 465, 469–70 (6th Cir. 1988); *Scheiber v. Dolly Lab'ys, Inc.*, 293 F.3d 1014, 1017–18 (7th Cir. 2002); *Bradley Corp. v. Lawler Mfg. Co.*, 2020 WL 7027875, at *5–7 (S.D. Ind. Nov. 30, 2020).

### D. The Court Should Exercise Supplemental Jurisdiction over Plaintiffs' Breach of Contract Claims, Which Will Involve the Same Issues as SLB/Smith's Counterclaims

Finally, Plaintiffs argue that if the Court finds it has jurisdiction over SLB/Smith's counterclaims, it should nevertheless decline to exercise supplemental jurisdiction over Plaintiffs' breach of contract claims.  Mot. at 16–17.  This makes no sense (and will also be moot if the Court finds that Plaintiffs' breach of contract claims raise issues of patent law, *supra* 6–13).  The issues of infringement and invalidity are inextricably intertwined with Plaintiffs' breach of contract claims, as explained *supra* 6–13.  They are also intertwined with the *Brulotte* issues, which too is a substantial question of patent law, and one that Plaintiffs did not move to dismiss.  *Supra* 18–20.  Thus, discovery on Plaintiffs' breach of contract claims will include noninfringement and invalidity of the '534 and '752 patents, at least because of *Brulotte*, which is the same discovery that Plaintiffs say will be needed to pursue infringement and validity.  Mot. at 16–17.  Plaintiffs' proposal is to create two separate proceedings involving the same parties, the same patents, the same products, and the same overlapping issues, which is not only inefficient but also risks conflicting outcomes.  Accordingly, if the Court finds it has subject matter jurisdiction over SLB/Smith's patent counterclaims for declaratory judgment, then the Court should exercise supplemental jurisdiction over Plaintiffs' breach of contract claims.

## VI. CONCLUSION

For the reasons set forth above, SLB/Smith respectfully request that the Court deny Plaintiffs' Motion to Dismiss and Remand.

Dated: April 26, 2023

Respectfully submitted,

/s/ Gregg F. LoCascio

Gregg F. LoCascio, P.C.
Attorney-in-Charge
S.D. TX Bar No. 1109276
DC Bar No. 452814
Tera Jo Stone (admitted *pro hac vice*)
DC Bar No. 90000748
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: gregg.locascio@kirkland.com
Email: tera.stone@kirkland.com

Ryan Kane, P.C.
S.D. TX Bar No. 1314513
NY Bar No. 4882551
Chris Ilardi (admitted *pro hac vice*)
NY Bar No. 5403811
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: ryan.kane@kirkland.com
Email: chris.ilardi@kirkland.com

Nick Brown
S.D. TX Bar No. 2725667
TX. Bar No. 24092182
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, Texas  77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
Email: nick.brown@kirkland.com

James John Lomeo
S.D. TX Bar No. 3511238
TX Bar No. 24118993
**KIRKLAND & ELLIS LLP**
401 Congress Avenue
Austin, Texas 78701
Telephone: (512) 678-9100
Facsimile: (512) 678-9101
Email: james.lomeo@kirkland.com

Craig Smyser
S.D. TX Bar No. 848
TX Bar No. 18777575
Samantha J. Jarvis
S.D. TX Bar No. 2774222
TX Bar No. 24089238
Garland D. Murphy IV
S.D. TX Bar No. 802346
TX Bar No. 24058010
**SMYSER KAPLAN & VESELKA LLP**
717 Texas Avenue, Suite 2800
Houston, Texas  77002
Telephone: (713) 221-2300
Facsimile:  (713) 221-2320
Email: csmyser@skv.com
Email: sjarvis@skv.com
Email: lmurphy@skv.com

*Counsel for Defendants Schlumberger*
*Technology Corp. and Smith*
*International, LLC*

## CERTIFICATE OF SERVICE

I hereby by certify that the foregoing document was electronically served on all registered counsel of record via the Court's PACER ECF system.

*/s/ Gregg F. LoCascio*
Gregg F. LoCascio, P.C.