# Exhibit 7

2019 WL 9123531
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, McAllen Division.

Elizama C. LANDEROS, Plaintiff,
v.
TRANSAMERICA LIFE INSURANCE COMPANY, et al, Defendants.

Civil Action No. 7:17-CV-00475

Signed 09/17/2019

**Attorneys and Law Firms**

Robert A. Allen, Allen Stein Durbin PC, San Antonio, TX, Van A. Hutchins, Attorney at Law, Edinburgh, TX, for Plaintiff.

Angela Yi-Dan Kao, Jason R. Bernhardt, Winstead, PC, Houston, TX, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Randy Crane, United States District Judge

*1 Now before the Court is Plaintiff Elizama C. Landeros's Motion to Remand this action to the 92nd District Court of Hidalgo County, Texas, from which it was removed as well as Plaintiff's supplemental motions to remand and supporting briefs. Dkt. Nos. 3, 32, 55–56, 59, 67. Also before the Court is Defendant Transamerica Life Insurance Company's Response to Plaintiff's Motion to Remand and additional responses to Plaintiff's supplemental motions submitted by Defendants Lopez and Transamerica Life Insurance Company. Dkt. Nos. 7, 34–35, 60. After considering the Motions and supporting briefs, the responsive pleadings, and the applicable law, the Court is of the opinion that the Motion should be denied.

**I. Factual and Procedural Background**
In December 2014, Defendant Lopez, an insurance agent, assisted Mr. Landeros in purchasing a Transamerica life insurance policy. Dkt. No. 1, Ex. 1, at ¶¶ 5.1, 5.4, Ex. 1-A, Ex. 8. Plaintiff was named the sole primary beneficiary under the policy which was issued in January 2015. Dkt. No. 1, Ex. 8. Plaintiff represents that Mr. Landeros passed away on July 21, 2016, and that she thereafter filed a claim for the death benefits provided under the policy. Dkt. No. 1, Ex. 1 at ¶ 5.4.

Defendant Transamerica denied Plaintiff's claim for death benefits and informed Plaintiff that it would be rescinding the policy. Dkt. No. 1, Ex. 1-B. Transamerica based its rescission on "material omissions" regarding Mr. Landeros's medical history as provided on the policy application, namely that the application did not disclose Mr. Landeros's heart conditions. *Id.* (stating Mr. Landeros's application failed to include his "past medical history of peripheral vascular disease, carotid bruit, abnormal ECG, left bundle branch block, hypertension, coronary atherosclerosis and coronary artery stenosis with an echocardiogram.")

Following this denial, Plaintiff filed a civil lawsuit in state court individually and as representative of the estate of Mr. Landeros. Dkt. No. 1, Ex. 1. On December 28, 2017, Defendant Transamerica removed the case from state court on the grounds that the action meets the requisites of federal diversity jurisdiction: an amount in controversy exceeding $75,000, exclusive of interests and costs, and opposing parties who are citizens of different States absent the improper joinder of non-diverse Defendants Lopez, Bartimus and Carrillo. *See* Dkt. No. 1; 28 U.S.C. §§ 1332(a)(1), 1441(a), 1446. Plaintiff now moves to remand for lack of subject matter jurisdiction, contesting only the allegation that the non-diverse Defendants are improperly joined. Dkt. No. 3. Plaintiff argues that a reasonable basis exists for predicting that she might be able to recover from the non-diverse Defendants. *Id.* Defendants Lopez and Transamerica contest remand on the grounds that Plaintiff failed to state a viable claim against the non-diverse Defendants and, alternatively, that a summary inquiry reveals Plaintiff will be unable to recover from the in-state Defendants. Dkt. Nos. 7, 34–35, 60.

*2 After Plaintiff's initial Motion to Remand and Defendant Transamerica's initial response, Plaintiff voluntarily dismissed Defendants American Para Professional Systems, Inc., Portamedic, Inc., Maria Elena Bartimus, individually and doing business as American Para Professional Systems, Inc. and/or Portamedic, Inc., and Sugerya Carrillo, leaving Defendants Transamerica and Lopez as the only remaining defendants in the case. Dkt. Nos. 26–30. The Court considers the issue of jurisdiction and improper joinder as to Defendant Lopez, the remaining non-diverse defendant, below. *See Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) (noting cases that are not removable based on the controlling

complaints may become so should the plaintiffs voluntarily dismiss all non-diverse defendants).

## II. Overview of Applicable Law

The federal diversity jurisdiction statute provides district courts with original, subject matter jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between parties diverse in citizenship. 28 U.S.C. § 1332(a)(1). The statute has long been interpreted as establishing a rule of complete diversity, meaning that all persons on one side of the controversy must be diverse in citizenship from all persons on the other side. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). "The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one." *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)) (internal quotation marks omitted).

The Fifth Circuit has identified two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

Defendants do not dispute that Defendant Lopez is a Texas resident; therefore, this Court's inquiry focuses on whether a reasonable basis exists for predicting that Plaintiff might be able to recover against Defendant Lopez, the only remaining non-diverse defendant.[1] Dkt. No. 1; *see Smallwood*, 385 F.3d at 573. "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis omitted).

[1] At the August 16, 2019 Motion Hearing, the Court found Defendant Lopez's Motion for Sanctions raised the question of fraudulent misjoinder. *See* Dkt. No. 38. As the Court finds the non-diverse defendant improperly joined and no party has raised the issue of fraudulent misjoinder in response to Plaintiff's Motion to Remand, the Court does not address the question of fraudulent misjoinder here.

The Fifth Circuit has likened this inquiry to the standard of review for evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] *Campbell*, 509 F.3d at 669; *see also Smallwood*, 385 F.3d at 573. At all times, the court must focus its inquiry "on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. Ordinarily, no improper joinder exists if a plaintiff survives this Rule 12(b)(6)-type analysis. *Id.* However, in cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete [and undisputed] facts that would determine the propriety of joinder," the district court may, in its discretion, "pierce the pleadings and conduct a summary inquiry." *Id.*

[2] The Fifth Circuit has clarified that federal pleading standards apply when examining the propriety of an in-state defendant's joinder. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).

**\*3** When conducting this summary inquiry, a court must resolve "[a]ny contested issues of fact and any ambiguities of state law ... in [the plaintiff's] favor." *Travis*, 326 F.3d at 649. Further, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* However, when there is no factual controversy, the court is not to assume the plaintiff could or would prove the requisite facts. *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)) (finding no reasonable possibility of recovery on plaintiffs' conspiracy claim where defendants' affidavits disproved the conspiracy allegations and plaintiffs responded with no contradictory evidence nor any evidence supporting the allegations). When conducting a summary inquiry, the court must consider "the status of discovery" and "what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (internal quotation marks omitted) (citing *Travis*, 326 F.3d at 649).

The Fifth Circuit has cautioned that this summary inquiry should only be used to identify those discrete and undisputed facts that would prevent the plaintiff's recovery from the non-diverse defendant. *Smallwood*, 385 F.3d at 573–74. Examples of such discrete facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient,

a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12. Should such an undisputed fact come to light, then, despite the plaintiff's pleadings surviving a 12(b)(6)-type analysis, the joinder of the non-diverse defendant is improper. *Id.* at 573–74.

**III. Argument and Authority**

Plaintiff moves to remand on the ground that Defendant Transamerica has not met its heavy burden of showing that there is " absolutely no possibility" that Plaintiff will be able to establish a cause of action against Defendant Lopez in state court. Dkt. No. 3 at ¶ 4; Dkt. No. 32 at ¶ 3. Defendant Lopez is a citizen and resident of Texas for purposes of determining subject-matter jurisdiction, which makes him a non-diverse defendant. Dkt. No. 1 at ¶ 14; Dkt. No. 1, Ex. 1 at ¶ 2.3.

Plaintiff's Original Petition alleges that Mr. Landeros and Defendant Lopez entered into a contract in which Defendant Lopez was to assist Mr. Landeros in applying for life insurance. Dkt. No. 1, Ex. 1 at ¶ 5.1. Plaintiff argues that because Defendant Lopez allegedly breached certain duties he undertook related to Mr. Landeros's application for life insurance, contractual and otherwise, she has a cause of action against him for negligence and breach of contract. Dkt. No. 3 at ¶ 8 (citing *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) for the proposition that under Texas law, "a common law duty to perform with care and skill accompanies every contract and that the failure to meet this implied standard might provide a basis for recovery in tort, contract, or both under [appropriate] circumstances"). As the Court must decide whether Plaintiff stated a claim against Defendant Lopez in her Original Petition, the Court takes up each cause of action in turn below. *See Smallwood*, 385 F.3d at 573 (noting that a summary inquiry is appropriate in certain cases only after the court has found the plaintiff stated a claim against the non-diverse defendant).

**1. Negligence**

The Court finds as a matter of law that Plaintiff failed to state a viable negligence cause of action against Defendant Lopez. "Negligence actions in Texas require 'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.' " *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (internal citations omitted).

**\*4** Plaintiff claims Defendant Lopez had the duty to "exercise reasonable care, skill and diligence in performing the services he promised to [Mr. Landeros] in the taking, recording, and transmittal of the information to be included in the application," and that the failure to do so was negligence which proximately caused Plaintiff's damages. Dkt. No. 1, Ex. 1 at ¶ 5.2. Defendant Transamerica, however, argues that Plaintiff cannot establish the existence of the duties she claims were breached under Texas law or that Defendant Lopez breached any duties owed to Mr. Landeros. Dkt. No. 7 at ¶¶ 11, 13.

Defendant Transamerica points to *May v. United Services Association of America*, where the Texas Supreme Court identified only two duties insurance agents owe to the insured. Dkt. No. 34 at ¶ 19 (citing *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992) ("It is established in Texas that an insurance agent who undertakes to procure insurance for another owes a duty to a client to use reasonable diligence in attempting to place the requested insurance and to inform the client promptly if unable to do so.") However, Plaintiff argues Defendant Lopez's duty to exercise reasonable care arose both from the promises he made to Mr. Landeros in the contract between the two and from Defendant Lopez's undertaking to assist Mr. Landeros with the application process. Dkt. No. 1, Ex. 1 at ¶¶ 5.2–5.3.

Resolving this ambiguity of state law in favor of the plaintiff, Plaintiff's arguments fall short not because *May* conclusively precludes insurance agents from undertaking duties other than the two identified in *May* but because the breaches of duty Plaintiff alleges do not allow her to recover in tort for her economic loss under the life insurance contract. *See Travis*, 326 F.3d at 649 ("[A]ny ambiguities of state law must be resolved in [the plaintiff's] favor.").

First, although Plaintiff contends that the Texas Supreme Court in *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.* held that "a common law duty to perform with care and skill accompanies every contract and that the failure to meet this implied standard might provide a basis for recovery in tort," (Dkt. No. 3 at ¶ 8), the *Chapman* court also held that to state a tort claim, the damages allegedly caused by the breach of a duty must extend beyond the economic loss of any anticipated benefit under a contract. *Chapman Custom Homes, Inc.*, 445 S.W.3d at 718–19. Plaintiff states in her Motion that she "sustained no injury supporting a common-law cause of action against the Non-Diverse Defendants until the time her claim [for death benefits] was denied and the

policy [insuring the life of Mr. Landeros] was unilaterally rescinded." Dkt. No. 3 at ¶ 30. Accordingly, the Court considers that "the only loss or damage is to the subject matter of the contract"—death benefits—and thus Plaintiff's action more appropriately lies in breach of contract and not negligence. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

Second, Plaintiff's claim arising out of Defendant Lopez's affirmative undertaking fails due to the economic nature of her alleged harm. *See* Dkt. No. 3 at ¶¶ 8, 15 (asserting Defendant Lopez's undertaking to procure life insurance for Mr. Landeros obligated Defendant Lopez "to exercise reasonable care," citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976)). The Texas Supreme Court in *Taylor*, however, held that "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for *physical* harm resulting from his failure to exercise reasonable care to perform his undertaking ...." *Taylor*, 544 S.W.2d at 120 (emphasis added). In the present case, no such physical harm is alleged. Dkt. No. 3 at ¶ 30.

**\*5** Moreover, Plaintiff does not allege in her Original Petition that Defendant Lopez told Mr. Landeros that he did not need to include certain information in his application for life insurance or that Defendant Lopez made any other negligent misrepresentation like the one in *Nast v. State Farm Fire & Cas. Co.*, which Plaintiff cites in support of her argument that she has a viable cause of action against Defendant Lopez for negligence. Dkt. No. 3 at ¶ 24 (citing 82 S.W.3d 114, 118 (Tex. App.—San Antonio 2002, no pet.)); *see* Dkt. No. 1, Ex. 1 at ¶¶ 5.2, 5.5 (alleging an omission of information, not an affirmative misrepresentation).

In *Nast*, an insurance agent told plaintiffs that "their home was not in a location that would qualify them to obtain flood insurance" and that the plaintiffs' "neighbors would essentially never recover" under the flood insurance policies they had purchased from a different insurance agent. Dkt. No. 3 at ¶ 24 (citing *Nast*, 82 S.W.3d at 119). The Texas appellate court in *Nast* ultimately held that the plaintiffs had viable causes of action against the agent because of the agent's "duty not to misrepresent material facts about their eligibility for [ ] insurance." *Nast*, 82 S.W.3d at 124.

Plaintiff raises allegations of misrepresentation made by Defendant Lopez for the first time in her Supplemental Motion to Remand. Dkt. No. 32 at ¶ 5 (alleging a violation of Texas Insurance Code § 541.061). Plaintiff argues her original pleadings provided Defendant Lopez with fair notice of the claim. Dkt. No. 59 at ¶ 4. However, Plaintiff's Original Petition makes no allegation of misrepresentation but rather alleges Defendant Lopez failed to advise Mr. Landeros in various ways and failed to transmit information to Transamerica. Dkt. 1, Ex. 1 at ¶¶ 5.2, 5.5. As the Court considers the pleadings at the time of removal, no allegations of misrepresentation by Defendant Lopez are properly before this Court. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (noting post-removal filings cannot be considered to the extent they present new theories not raised in the controlling state court petition); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring pleadings to give the opposing party fair notice of the claims against it). Therefore, as there is no allegation that Defendant Lopez made any misrepresentations properly before this Court, *Nast* is distinguishable on that basis.

Plaintiff similarly raises allegations that Defendant Lopez violated his duty under Texas Insurance Code § 705.103 to provide Mr. Landeros with a complete copy of the policy application and any questions and answers provided to Mr. Landeros during its completion in her Supplemental Motion to Remand. Dkt. No. 32 at ¶¶ 8–9. In defense of her failure to make any reference to the Texas Insurance Code in her original allegations against Defendant Lopez, Plaintiff asserts that she is not required to cite to specific statutes in her Original Petition. Dkt. No. 59 at ¶ 4. While Plaintiff is correct, she is required to state factual allegations such that the opposing party is given notice of the claims against it. *See Twombly*, 550 U.S. at 555.

Plaintiff's Original Petition refers to Defendant Lopez's duty, arising from the contract between Mr. Landeros and Defendant Lopez, to use care in performing the services promised "in the taking, recording and transmittal of the information to be included in the application." Dkt. No. 1, Ex. 1 at ¶ 5.2 However, Plaintiff fails to include any allegations regarding Defendant Lopez's failure to provide Mr. Landeros with a complete copy of the application. *See* Dkt. No. 1, Ex. 1 at 5.2 (alleging Defendant Lopez "failed to include some or all of such [medical history] information in the application"). Therefore, no allegation of any violation of Texas Insurance Code § 705.103 by Defendant Lopez is properly before the Court.[3]

3     As no such allegation is properly before the Court, the Court does not reach Defendant Transamerica's argument that § 705.103 of the code is not an independent cause of action against Defendant Lopez. *See* Dkt. No. 34 at ¶¶ 15–16.

***6** As a result, the Court considers that Plaintiff fails to state a viable negligence cause of action against Defendant Lopez. Based on the Court's finding of failure to establish a negligence cause of action, the Court does not address the issue of statute of limitations in this case.

**2. Breach of Contract**

Upon consideration of Plaintiff's Original Petition, the Court finds as a matter of law that Plaintiff pled sufficient facts to state a breach of contract claim upon which relief could plausibly be granted. However, after a summary inquiry, the undisputed facts in the record establish that there is no reasonable possibility for Plaintiff to recover on her breach of contract claim against Defendant Lopez. *See Smallwood*, 385 F.3d at 573 (noting that in some cases, after the court has found the plaintiff stated a claim against the non-diverse defendant, it may conduct a summary inquiry into whether undisputed facts preclude relief on the stated claim).

   **a. 12(b)(6)-type Analysis**

A breach of contract claim in Texas requires the existence of a valid contract, performance by the plaintiff, breach of the contract by the defendant, and damages resulting from that breach. *Foley v. Daniel*, 346 S.W.3d 687, 690 (Tex. App.—El Paso 2009, no pet.). Under Texas law, a contract is legally binding if it is "sufficiently definite in its terms so that a court can understand what the promisor undertook." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). If an essential term of an agreement is still open for negotiation, there is no binding contract. *Id.*

Plaintiff alleges a breach of contract arising from a contract between Defendant Lopez and Mr. Landeros. Dkt. No. 1, Ex. 1 at ¶¶ 5.1–5.2. Plaintiff's Original Petition states Defendant Lopez "offered, for valuable consideration, to assist Ruben Delgado Landeros in applying for life insurance on the life of Ruben Delgado Landeros." *Id.* at ¶ 5.1. The Petition alleges that this agreement included Defendant Lopez's undertaking of duties to accurately record and transmit the information provided by Mr. Landeros to Defendant Transamerica. *Id.* at ¶¶ 5.1–5.2. The Petition further contends that this agreement included duties undertaken by Defendant Lopez related to advising Mr. Landeros of the importance of providing information specific enough to prevent the policy from being rescinded in the event Mr. Landeros died before the second-year anniversary of the policy's issuance. *See id.* at ¶ 5.5; Dkt. No. 3 at ¶ 9.

Plaintiff additionally alleges that a duty to exercise reasonable care, skill, and diligence in the performance of these services —the taking, recording, and transmitting of information to Transamerica—arose from the contract. Dkt. No. 1, Ex. 1 at ¶¶ 5.1–5.2. Plaintiff contends that she has a cause of action against Defendant Lopez for breach of contract because she "was the intended beneficiary of the life insurance contract" and "a third party beneficiary of the contract" between Defendant Lopez and Mr. Landeros. *Id.* at ¶¶ 5.1, 5.5.

Defendant Transamerica, however, argues that Plaintiff's allegations that Defendant Lopez helped Mr. Landeros apply for life insurance are insufficient to show contract formation or that an implied duty of reasonable care arose. Dkt. No. 7 at ¶¶ 8–10. Transamerica asserts that Plaintiff's Petition "contains no facts alleging how this supposed 'contract' came to be, what consideration was given to [Defendant] Lopez, what the terms and conditions were, or what the scope of [Defendant] Lopez's or [Mr.] Landeros's contractual duties were." *Id.* at ¶ 9. Further, Transamerica argues that the Court must disregard Plaintiff's attempt to add to her pleadings in her Motion to Remand and corresponding supplements because they are post-removal filings which should not be considered in assessing this Court's jurisdiction as it existed at the time of removal. *Id.* (citing *Griggs*, 181 F.3d at 700).

**\*7** The Court finds Plaintiff stated a breach of contract claim upon which relief could plausibly be granted in her Original Petition. Defendant Transamerica's objections are each addressed in the text of Plaintiff's Original Petition. Paragraph 5.1 provides the timeframe (December 2014), the parties (Defendant Lopez and Mr. Landeros), the offeror (Defendant Lopez), the offeree (Mr. Landeros), and the expected duration of the contract (the length of the application process to acquire a life insurance policy). Dkt. No. 1, Ex. 1 at ¶ 5.1. Further, Plaintiff specifies various duties placed upon Defendant Lopez through the execution of the contract, such as the duty "to exercise reasonable care, skill and diligence when advising Mr. Landeros of the terms, meanings, consequences, pitfalls and ambiguities of both the written application and of the application process for life insurance." *Id.* at ¶ 5.5. Plaintiff additionally specifies duties allegedly breached and the resulting damages. *Id.* at ¶¶ 5.2, 5.5

(asserting that Defendant Lopez's failure to include medical information in the policy application as well as his failure to adequately advise Mr. Landeros led to the denial of Plaintiff's benefits under the life insurance contract). Paragraph 5.1 alleges the existence of consideration and suggests the intent to prove it specifically with future evidence. *See id.* at ¶ 5.1. The absence of the specific amount and type of consideration from Plaintiff's Original Petition, filed prior to any discovery in the case, does not alone negate the possibility of a binding contract between Defendant Lopez and Mr. Landeros. As pled by Plaintiff, no essential elements of the contract were open to negotiation. *See T.O. Stanley Boot Co.*, 847 S.W.2d at 221. Therefore, the Court finds as a matter of law that Plaintiff has pled sufficient facts to establish a breach of contract cause of action.

### b. Summary Inquiry

After finding a plaintiff has pled a viable claim, the court may, in its discretion, "pierce the pleadings" and conduct a summary inquiry when the plaintiff has misstated or omitted discrete and undisputed facts. *Smallwood*, 385 F.3d at 573. The court should consider the "status of discovery" and the opportunity the plaintiff has had to develop its claims when making this summary inquiry. *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 649). The Fifth Circuit, after engaging in a summary inquiry, has found improper joinder where defendants put forth uncontroverted deposition testimony that denied a plaintiffs' factual allegations and plaintiffs came forward with no contrary evidence. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312–13 (5th Cir. 2005); *see also Badon*, 224 F.3d at 393–94 (finding plaintiffs failed to state a viable conspiracy claim where uncontroverted evidence provided by defendants disproved the conspiracy allegations).

Here, Defendants Transamerica and Lopez point to Plaintiff's deposition in which she states that neither she nor her husband told Defendant Lopez about Mr. Landeros's heart condition. Dkt. No. 34, Ex. A, p. 9 at lines 8-24; Dkt. No. 35 at ¶ 11. Defendants' raised this deposition testimony in their responses to Plaintiff's Supplemental Motion to Remand (Dkt. Nos. 34–35), which they filed May 8, 2019. Since that time, Plaintiff has submitted two additional supplemental filings in support of remand (Dkt. Nos. 55–56, 67) and appeared at the August 16, 2019 Motion Hearing yet has not disputed the above admission made in Plaintiff's deposition.[4]

4  Included in Plaintiff's additional filings in support of remand is the expert report of Thomas H. Veitch. Dkt. No. 55–56. The report played no role the Court's decision today as the focus of this summary inquiry is the Plaintiff's undisputed admissions. The Court reserves judgment on Defendant Transamerica's Motion to Strike this expert report (Dkt. No. 60). The Court similarly reserves judgment on Defendant Transamerica's objections to the deposition testimony of Jolynn Barnes. *See* Dkt. No. 34 at ¶ 4.

This uncontroverted deposition testimony refutes Plaintiff's allegations. *See* Dkt. No. 1, Ex. 1 at ¶ 5.2 ("Plaintiff will show, however, that Lopez, although provided with or knowing the correct medical history of Mr. Landeros, failed to include all of such information in the application. Because of such failure, the Defendant Insurance company denied the benefits to the Plaintiff which, but for the negligence of [Defendant] Lopez, such benefits would otherwise have been paid to the Plaintiff under the policy.") Further, Plaintiff provides undisputed deposition testimony that Defendant Lopez told Mr. Landeros of the importance of giving truthful answers to the questions on the policy application, which included questions regarding heart health,[5] and does not contest Defendant Lopez's deposition testimony describing more specifically how he emphasized the importance of being honest to Mr. Landeros. Dkt. No. 34, Ex. A at p. 8, lines 1–7; *see* Dkt. No. 34, Ex. B. at pp. 4–5.

5  The policy application includes the question "Have you ever had, been told by a member of the medical profession that you have, or been diagnosed with or treated for: ... b. High blood pressure, heart attack murmur, palpitation, or anemia or any disease or abnormality of the heart, blood vessels, or blood?" Dkt. No. 1, Ex. 1-A.

**\*8** The undisputed fact that neither Plaintiff nor Mr. Landeros provided Defendant Lopez with the health information omitted from the insurance application together with Defendant Lopez's undisputed discussion with Mr. Landeros of the importance of truthfulness breaks the causal connection between the damages Plaintiff claims, denial of benefits under the insurance contract, and any breach of contract by Defendant Lopez.[6] This admission by Plaintiff is akin to the key facts in the "prototypical cases" provided in *Smallwood*. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 221 (5th Cir. 2018) (quoting *Smallwood*, 385 F.3d at 574 n.12) (providing examples such as "the in-state doctor defendant did not treat the plaintiff patient"). Plaintiff alleges Defendant Lopez failed to include material health information

in Mr. Landeros's policy application, yet Defendant Lopez was never provided with the information he allegedly failed to include. Dkt. No. 1, Ex. 1 at ¶ 5.2; Dkt. No. 34, Ex. A, p. 9 at lines 8-24; Dkt. No. 35 at ¶ 11.

6       The Court notes this undisputed fact breaks the causal connection between Defendant Lopez's alleged failure to transmit part of the insurance application to Transamerica, first specifically alleged in Plaintiff's Supplemental Motion to Remand. *See* Dkt. No. 32 at ¶ 9. As Defendant Lopez did not have the omitted medical information to transmit, any information transmitted by Defendant Lopez would not have cured the material omissions which led to the denial of Plaintiff's benefits.

Furthermore, the source of the undisputed fact—Plaintiff herself—merits emphasis. While the plaintiffs in *Guillory* merely failed to dispute the defendants' denial of their allegations, here Plaintiff is one source of the uncontroverted testimony which refutes her own allegations. *See Guillory*, 434 F.3d at 312–13. Therefore, as the court in *Guillory* found the undisputed facts provided by the defendants precluded the plaintiffs' ability to recover on the stated claim, the Court here finds the undisputed facts, in part provided by Plaintiff, preclude recovery on her breach of contract claim against Defendant Lopez. *See Foley*, 346 S.W.3d at 690 (noting that a breach of contract claim requires damages *resulting from* the breach).

Because the Court finds Plaintiff is unable to establish a cause of action against the non-diverse Defendant upon which she may possibly recover, the Court considers that Defendant Lopez was improperly joined. *See Smallwood*, 385 F.3d at 573.

### IV. Conclusion

For the foregoing reasons, the Court concludes that it has diversity jurisdiction over this action absent the improper joinder of Defendant Lopez. Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion to Remand and all supplemental motions (Dkt. Nos. 3, 32, 55) are **DENIED** and Mr. Lopez is **DISMISSED** as a Defendant to this action.

SO ORDERED this 17th day of September, 2019, at McAllen, Texas.

**All Citations**

Slip Copy, 2019 WL 9123531

---

End of Document                                © 2023 Thomson Reuters. No claim to original U.S. Government Works.