# Exhibit 9

Case 4:23-cv-00730 Document 40-9 Filed on 04/26/23 in TXSD Page 2 of 4

Recif Resources, LLC v. Juniper Capital Advisors, L.P., Not Reported in Fed. Supp. (2019)
2019 WL 5457705

2019 WL 5457705
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

RECIF RESOURCES, LLC, Plaintiff,
v.
JUNIPER CAPITAL ADVISORS,
L.P., et al., Defendants.

Civil Action No. H-19-2953

Signed 10/24/2019

**Attorneys and Law Firms**

Avery Nicholas Sheppard, Ware Jackson et al, Kevin Knox Nunnally, Houston, TX, for Plaintiff.

Andrew William Zeve, William Andrew Moss, Bracewell LLP, Houston, TX, for Defendants.

## MEMORANDUM AND ORDER

NANCY F. ATLAS, UNITED STATES DISTRICT JUDGE

*1 This case is before the Court on the Motion to Remand and Request for Attorneys' Fees ("Motion") [Doc. # 17] filed by Plaintiff Recif Resources, LLC ("Recif"). Defendant Juniper Capital Advisors, LP ("Juniper") filed a Response [Doc. # 24], Recif filed a Reply [Doc. # 31], Juniper filed a Sur-Reply [Doc. # 38], and Recif filed a Sur-Sur-Reply [Doc. # 43]. Having reviewed the full record and the applicable legal authorities, the Court **denies** the Motion.

## I. BACKGROUND

In 2017, Recif and Juniper discussed jointly pursuing a prospective oil and gas opportunity. In connection with the discussions, Juniper signed a confidentiality agreement. Each party made its intellectual property and other proprietary information available to the other. Recif alleges that Juniper "backed out of the deal in May 2018." *See* Motion, p. 2. Recif alleges that it learned Juniper "was developing the [opportunity] without them in violation of the parties' confidentiality agreement." *Id.*

Recif filed this lawsuit in Texas state court, asserting only Texas law causes of action.[1] On August 8, 2019, Juniper filed a counterclaim against Recif, including a claim for copyright infringement.[2] That same day, Juniper filed a Notice of Removal [Doc. # 1].

[1] In the original state court Petition, Recif asserted causes of action for breach of contract, fraudulent inducement, fraudulent misrepresentation, trade secret misappropriation, detrimental reliance/promissory estoppel, and unjust enrichment. *See* Original Petition, Exh. 2 to Notice of Removal.

[2] In addition to the copyright infringement counterclaim, Juniper asserted state law counterclaims for malicious prosecution and "bad faith claim of misappropriation." *See* First Amended Answer and Counterclaim, Exh. 10 to Notice of Removal.

Recif moved to remand, arguing that the Notice of Removal was untimely. Recif argues that, even if the Court retains the copyright infringement counterclaim, Recif's state law claims and Juniper's state law counterclaims should be remanded. The Motion has been fully briefed and is now ripe for decision.

## II. TIMELINESS OF NOTICE OF REMOVAL

It is undisputed that this lawsuit as originally filed by Recif was not removable. Therefore, Juniper's Notice of Removal was timely if "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Juniper bases its removal of this case on its Copyright Act counterclaim. To state a claim for relief under the Copyright Act, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir.), *cert. denied*, 138 S. Ct. 236 (2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *see also Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012).

*2 Recif has established and, indeed, Juniper has admitted, that by March 26, 2019, Juniper had received a discovery response that "made clear that Recif had cut and pasted [Juniper's] maps and well log interpretations into a PowerPoint document." *See* Response [Doc. # 24], p. 8. At

Case 4:23-cv-00730   Document 40-9   Filed on 04/26/23 in TXSD   Page 3 of 4

Recif Resources, LLC v. Juniper Capital Advisors, L.P., Not Reported in Fed. Supp. (2019)

2019 WL 5457705

that point, Juniper had received "other paper" from which it could ascertain that Recif had copied elements of a work as to which Juniper claims copyright protection. The Notice of Removal, filed August 8, 2019, was untimely pursuant to § 1446(b)(3).

Juniper argues that it could not ascertain that it had a copyright infringement counterclaim until August 8, 2019, when it received a deposition transcript containing testimony regarding Recif's use of the PowerPoint containing copies of Juniper's work. "Use" of the allegedly infringing document, here the PowerPoint, is not a required element of a copyright infringement claim. One who makes a copy of a copyrighted work infringes even if he does not sell or otherwise distribute the copy. *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 788 n.54 (5th Cir. 1999). Copyright infringement can occur even if the unauthorized copy is "solely for the private purposes of the reproducer." *Id.* Therefore, the deposition testimony regarding Recif's use of the allegedly unauthorized copy did not constitute "other paper" from which Juniper could first ascertain that there were copyright infringement issues that made the case removable.

The Notice of Removal was filed August 8, 2019, more than thirty days after Juniper's March 26, 2019 receipt of "other paper" that indicated the existence of a copyright infringement counterclaim against Recif. Consequently, removal was untimely pursuant to § 1446(b)(3).

## III. EXISTENCE OF GOOD CAUSE FOR UNTIMELY REMOVAL

A civil action asserting a claim for relief under United States copyright law is removable pursuant to 28 U.S.C. § 1454(a). Therefore, the time limitation contained in § 1446(b)(3) "may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2). In determining whether a removing party has shown cause under § 1454(b)(2), district courts in Texas look to Federal Rule of Procedure 6(b)(1)(B) for guidance. *See Hill Country Tr. v. Silverberg*, 2018 WL 6267880, *8 (W.D. Tex. Nov. 28, 2018), and cases cited therein. Relevant factors include (1) the potential for prejudice to the other parties, (2) the length of the delay and its impact on the case, (3) the reason for the delay and whether it was within the removing party's control, and (4) whether the removing party has acted in good faith. *See id.* (citing *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)). The Court has "broad discretion to grant or deny an extension." *Salts*, 676 F.3d at 474.

The Court finds that there is little potential for prejudice to Recif. It is uncontested that the case is removable, and this Court clearly has subject matter jurisdiction over the copyright infringement counterclaim. This Court will permit the parties to use in this case any discovery obtained while the case was pending in state court, and will likely adopt any state court rulings on discovery disputes where those rulings are memorialized in a written order or transcript.

The delay between the removal deadline of April 26, 2019, and removal on August 8, 2019, was not substantial. Recif argues that the delay had an adverse impact on its ability to obtain documents relating to Juniper's partnership with EOG Resources, Inc. The hearing on this discovery dispute was not scheduled in state court until August 30, 2019, and the dispute is currently being considered by this Court. Therefore, there has been no adverse impact on Recif's ability to obtain discovery to which it is entitled and, at most, there has been minimal delay.

**\*3** Juniper argues that any delay in the filing of the Notice of Removal was the result of Recif's failure to comply with its discovery obligations while the case was pending in state court. It appears, however, that the delay was caused by Juniper's failure to recognize that Recif's March 26, 2019 production of the PowerPoint into which elements of Juniper's work had been "cut and pasted" raised copyright infringement issues that caused the case to become removable. This factor, unlike the other factors, weighs against extending the deadline for removal.

The Court finds that Juniper has acted in good faith in connection with the removal timing. Indeed, there is nothing that demonstrates bad faith on Juniper's part in deciding when to file the Notice of Removal.

Based on the foregoing, and taking all circumstances into account, the Court finds that Juniper has shown good cause for extending the removal deadline. Therefore, the Court extends the time for filing the Notice of Removal to and including the August 8, 2019, filing date.

## IV. EXERCISE OF SUPPLEMENTAL JURISDICTION

In the Notice of Removal, Juniper asserts correctly that the Court has supplemental jurisdiction over Recif's state law causes of action and over Juniper's counterclaims that are based on Texas state law, citing 28 U.S.C. § 1367(a). Recif argues in conclusory fashion that the Court should decline to exercise its supplemental jurisdiction because the state law

Case 4:23-cv-00730   Document 40-9   Filed on 04/26/23 in TXSD   Page 4 of 4

Recif Resources, LLC v. Juniper Capital Advisors, L.P., Not Reported in Fed. Supp. (2019)

2019 WL 5457705

claims substantially predominate over the federal claim. *See* Motion, p. 12 (citing 28 U.S.C. § 1367(c)(2)). The Court finds Recif's position unpersuasive.

The state law claims and counterclaims are closely related to the copyright infringement counterclaim. The parties' respective claims arise out of their discussions, and their exchange of proprietary information, in connection with the same original oil and gas opportunity. Although other nearby oil and gas opportunities may be relevant factually, the parties' initial exchange of intellectual property and other proprietary information, and the alleged misuse of that information, is the genesis of the claims in this lawsuit, both the state law claims and the federal copyright claim. The rights the parties assert in their respective intellectual property and other proprietary information – rights that form the basis for the state law claims and counterclaims – are similar in nature. At this early stage of this case, the Court cannot find factually that the state law claims predominate over the federal copyright counterclaim. Therefore, the Court will exercise its supplemental jurisdiction at this time.

## V. CONCLUSION AND ORDER

Juniper's Notice of Removal was untimely pursuant to 28 U.S.C. § 1446(b)(3). Pursuant to 28 U.S.C. § 1454(b)(2), however, Juniper has shown good cause for extending the deadline for removal. Therefore, the Motion to Remand the entire case to state court is denied.

The Court cannot find that the state law claims and counterclaims predominate over the Copyright Act counterclaim. As a result, the Court will exercise supplemental jurisdiction over the state law claims. The Court notes that should the Copyright Act counterclaim be dismissed prior to trial, the Court at that time may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Based on the foregoing, it is hereby

**ORDERED** that Recif's Motion to Remand and Request for Attorneys' Fees [Doc. # 17] is **DENIED**.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 5457705

---

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.