# Exhibit 11

825 Fed.Appx. 824
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or after
Jan. 1, 2007. See also U.S.Ct. of App. Fed. Cir. Rule 32.1.
United States Court of Appeals, Federal Circuit.

Mike D. SHOFFIETT, Sr., Plaintiff-Appellant

v.

Jim GOODE, Sr., Dale Goode, Defendants
Mary Goode, Betty Goode, Individually and
as Executrix On Behalf of the Estate of Dale
Goode, Fiberlene LLC, Defendants-Appellees

2020-1368

Decided: September 1, 2020

**Synopsis**
**Background:** Assignee of patent for reusable air filter assemblies for use in heating and cooling systems brought action against his former business partners and their limited liability company (LLC), alleging patent infringement, trade secret misappropriation, patent fraud, and breach of contract. The United States District Court for the Western District of Louisiana, Michael J. Juneau, J., adopted report and recommendation of Carol B. Whitehurst, United States Magistrate Judge, 2019 WL 6654180, and dismissed complaint for lack of subject matter jurisdiction and failure to state a claim. Assignee appealed.

**Holdings:** The Court of Appeals held that:

[1] assignee had no enforceable patent rights because the patent had expired, and

[2] assignee's state-law claims for patent fraud, trade secret misappropriation, and breach of contract were barred under doctrine of res judicata.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss for Failure to State a Claim; Motion to Dismiss for Lack of Subject Matter Jurisdiction.

West Headnotes (3)

[1]  **Patents** ⬥ Air conditioning, drying, heating, and refrigeration

Assignee of patent for reusable air filter assemblies for use in heating and cooling systems had no enforceable patent rights and thus could not maintain patent infringement claim, where the patent had expired.

[2]  **Judgment** ⬥ Identity of Cause of Action or Relief Sought

Under Louisiana law, patent assignee's state-law claims against his former business partner and their limited liability company (LLC) for patent fraud, trade secret misappropriation, and breach of contract were barred under doctrine of res judicata, where such claims were the same claims advanced and resolved in prior state court litigation.

[3]  **Patents** ⬥ In general; utility

US Patent 4,904,288, US Patent 8,062,403. Cited.

Appeal from the United States District Court for the Western District of Louisiana in No. 6:18-cv-01545-MJJ-CBW.

**Attorneys and Law Firms**

Mike D. Shoffiett, Sr., Rayne, LA, pro se.

Pamela Harper, Minifield & Harper, Minden, LA, for defendant-appellee Betty Goode.

April L. Rolen-Ogden, Liskow & Lewis, PC, Lafayette, LA, for defendants-appellees Mary Goode, Fiberlene LLC.

Before Prost, Chief Judge, Dyk and Hughes, Circuit Judges.

**Opinion**

Per Curiam.

Mike Shoffiett, Sr., appeals the decision of the United States District Court for the Western District of Louisiana, dismissing his complaint for lack of subject matter jurisdiction and failure to state a claim. Because we agree that Mr. Shoffiett does not state a claim upon which relief can be granted, we *affirm*.

**\*825** BACKGROUND

Mr. Shoffiett is the assignee of U.S. Patent No. 4,904,288 ("the '288 Patent"). The patent is directed to reusable air filter assemblies for use in heating and cooling systems. In 1994, Mr. Shoffiett allowed the '288 Patent to expire for nonpayment of maintenance fees because, according to Mr. Shoffiett, he discovered a way to improve the claimed air filter system. Mr. Shoffiett did not obtain a patent on the updated filter design, but sold filters embodying the improved design through his company, Fiberlene Filters, Inc. ("Fiberlene").

In 2003, Mr. Shoffiett sold two-thirds of Fiberlene's assets to Dale and Jim Goode through a Purchase Agreement ("2003 Purchase Agreement"). The parties then formed Fiberlene Filters, LLC ("Fiberlene LLC") to conduct the business. However, the business relationship between the parties soured when Jim Goode discovered that Mr. Shoffiett had allowed the '288 Patent to expire before the execution of the 2003 Purchase Agreement. Jim Goode then ceased doing business with Mr. Shoffiett and applied for, and was granted, U.S. Patent. No. 8,062,403 ("the '403 Patent") for "Filter Elements for Circulating Air Systems." Mr. Shoffiett asserts that the '403 Patent incorporated his improved filter design.

Mr. Shoffiett brought suit against Dale Goode, Jim Goode, and Fiberlene LLC in Louisiana state court, alleging patent infringement, patent fraud, trade secret misappropriation, and breach of contract. *Mike D. Shoffiett, Sr. et al. v. Fiberlene Filters, L.L.C. et al.*, No. 2014-10921-J, 15th J.D.C., Parish of Acadia, State of Louisiana. Mr. Shoffiett claimed that Jim and Dale Goode had violated the terms of the 2003 Purchase Agreement by failing to make required payments and refusing to acknowledge Mr. Shoffiett's partial ownership of the joint entity, and that Jim Goode had improperly incorporated Mr. Shoffiett's trade secret filter design in the '403 Patent.

On October 22, 2018, the state court dismissed Mr. Shoffiett's patent infringement claim without prejudice for lack of subject matter jurisdiction. The court subsequently granted Jim Goode and Fiberlene LLC's motion for summary judgment on all remaining state-law claims against them. Mr. Shoffiett additionally settled and agreed to dismiss with prejudice all claims against Dale Goode and his estate.

During the pendency of the state court action, Mr. Shoffiett filed the present suit against Jim and Mary Goode and Dale and Betty Goode in the U.S. District Court for the Western District of Louisiana. When Mr. Shoffiett filed an amended complaint, however, he only listed "Jim Goode SR, Heirs & Assigns," "Fiberlene LLC," and "Betty Goode Wife/Executor of Dale Goode (Deceased)" as defendants. The amended complaint alleged "patent fraud," trade secret misappropriation, patent infringement, and breach of contract claims. The complaint makes it clear the "patent fraud" claim is encompassed in Mr. Shoffiett's claim for trade secret misappropriation.

The district court granted the defendants' motions to dismiss, holding that Mr. Shoffiett had no enforceable patent rights and therefore could not assert a patent infringement claim and that his other claims were barred by res judicata because the Louisiana state court dismissed the claims against Fiberlene LLC and resolved the claims against Dale Goode and his estate.[1] Mr. Shoffiett appeals. We have **\*826** jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

---

[1] The district court also found that Mary Goode and Betty Goode were not properly named defendants because Mr. Shoffiett did not make any allegations against them in their individual capacities and because Mary Goode was not a named defendant in the amended complaint. The district court separately dismissed the action as to Jim Goode, Sr.'s estate for failure to prosecute under local rule 41.3. Mr. Shoffiett does not challenge these determinations on appeal.

DISCUSSION

We review a district court's dismissal for failure to state a claim and lack of subject matter jurisdiction de novo. *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 728 (5th Cir. 2011).

[1] While Mr. Shoffiett's complaint is difficult to understand, it appears to assert a patent infringement claim. However, the '288 Patent expired in 1994. When a patent expires, "the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public." *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 451, 135 S.Ct. 2401, 192 L.Ed.2d 463 (2015). Accordingly, the district court properly determined that Mr. Shoffiett had no enforceable patent rights and could not state a claim for patent infringement. Although the district court also found that it lacked subject matter jurisdiction over Mr. Shoffiett's patent claim, we find the dismissal is more properly for failure to state a claim.

[2] As the district court held, Mr. Shoffiett's remaining claims are barred by the doctrine of res judicata. Claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The preclusive effect of a state-court judgment in a subsequent federal lawsuit is determined by applying the preclusion law of the state that rendered the judgment. *Enovsys LLC v. Nextel Commc'ns, Inc.*, 614 F.3d 1333, 1342 (Fed. Cir. 2010).

Here, Mr. Shoffiett's patent fraud, trade secret misappropriation, and breach of contract claims advanced against Dale Goode's estate and Fiberlene LLC are the same claims advanced, and resolved, in the state court litigation. We therefore affirm the district court's determination that Mr. Shoffiett's state-law claims are barred under the doctrine of res judicata. *See Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003) (discussing when res judicata applies under Louisiana law).

**AFFIRMED**

COSTS

No costs.

**All Citations**

825 Fed.Appx. 824

---

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.