KeyCite Yellow Flag - Negative Treatment
Declined to Follow by Cascabel Cattle Company, L.L.C. v. United States, 5th Cir.(Tex.), April 6, 2020

414 Fed.Appx. 649
This case was not selected for publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S.Ct. of App. 5th Cir. Rules 28.7 and 47.5.
United States Court of Appeals, Fifth Circuit.

Geraldine JASPER, Plaintiff–Appellant,
v.
FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant–Appellee.

No. 10–30841
|
Summary Calendar
|
Feb. 25, 2011.

**Synopsis**
**Background:** Resident of travel trailer provided by Federal Emergency Management Agency (FEMA) after hurricane filed action against FEMA, alleging that she suffered post-traumatic stress disorder and damage to personal property as result of explosion in trailer. The United States District Court for the Eastern District of Louisiana, 2010 WL 3021825, dismissed claims for want of subject-matter jurisdiction based on independent-contractor exception to Federal Tort Claims Act (FTCA). Resident appealed.

**Holdings:** The Court of Appeals held that:

[1] merits of negligence claim were not so intertwined with jurisdictional issue as to prevent separate consideration and decision of jurisdiction question;

[2] Louisiana's imposition of non-delegable duties was preempted by independent-contractor exception to FTCA; and

[3] it was within district court's discretion to deny trailer resident's motion for additional discovery.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (3)

[1]  **United States**  Contractors

Merits of trailer resident's negligence claims against Federal Emergency Management Agency (FEMA) and jurisdictional issue of whether waiver of sovereign immunity under Federal Tort Claims Act (FTCA) was excluded under independent-contractor exception were not so intermeshed as to prevent separate consideration and decision of jurisdiction question; resident's claim depended on whether company that installed refrigerator in trailer was negligent in installation and whether such negligence proximately caused injuries that she sustained, rather than determination regarding applicability of FTCA's independent-contractor exception. 28 U.S.C.A. § 1346(b)(1).

10 Cases that cite this headnote

[2]  **United States**  In general;  place of injury

Louisiana's imposition of non-delegable duties was preempted by independent-contractor exception to Federal Tort Claims Act (FTCA) in travel trailer resident's negligence action against Federal Emergency Management Agency (FEMA). 28 U.S.C.A. § 1346(b)(1).

5 Cases that cite this headnote

[3]  **Federal Civil Procedure**  Time of determination; reserving decision



It was within district court's discretion to deny trailer resident's motion for additional discovery in negligence action against Federal Emergency Management Agency (FEMA); only contested issue on motion to dismiss involved scope of government's control over contractor, and resident's need for discovery was necessarily limited to gathering information relating to that control, and resident failed to state what information she sought from extra deposition or why two and one half months between motion to dismiss and dismissal was insufficient to take deposition. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

4 Cases that cite this headnote
More cases on this issue

**Attorneys and Law Firms**

**\*649** William Roy Mustian, III, Esq., Stanga & Mustian, P.L.C., Metairie, LA, for Plaintiff–Appellant.

Glenn Kenneth Schreiber, Esq., Assistant U.S. Attorney, Diane Hollenshead Copes, Esq., Assistant U.S. Attorney, **\*650** Stephen Andrew Higginson, Assistant U.S. Attorney, U.S. Attorney's Office, New Orleans, LA, for Defendant–Appellee.

Appeal from the United States District Court for the Eastern District of Louisiana, New Orleans, USDC No. 2:09–CV–7177.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

**Opinion**

PER CURIAM:[*]

Geraldine Jasper, plaintiff-appellant in this matter, appeals from the district court's dismissal of her claims for want of subject-matter jurisdiction based on the independent-contractor exception to the Federal Tort Claims Act (FTCA), and from the district court's denial of her request to conduct additional discovery. We AFFIRM.

## I. BACKGROUND AND PROCEDURAL HISTORY

After Hurricane Katrina struck New Orleans, Jasper became one of the many displaced refugees seeking aid. As part of its Katrina relief aid, FEMA provided Jasper with a travel trailer in which to live. On October 7, 2006, the refrigerator in Jasper's trailer quit working. At that time, FEMA had a contract with AME Janitorial Services (AME) concerning the maintenance and eventual deactivation of the trailers at the park in which Jasper's trailer was located. When Jasper's refrigerator quit working, AME provided her with a temporary portable refrigerator to use while it sought a replacement. When AME installed the refrigerator,[1] it connected the appliance to a wall socket by using an extension cord that it left hanging over the stove. A week later, an explosion occurred in Jasper's trailer, allegedly as a result of the extension cord's placement over the gas stove.

Subsequently, Jasper filed the instant lawsuit against FEMA contending that she suffered post-traumatic stress disorder and damage to personal property as a result of the explosion. FEMA filed a Rule 12(b)(1) motion challenging the district court's subject-matter jurisdiction. After reviewing the FEMA–AME contract and an affidavit submitted by FEMA's Contracting Officer's Technical Representative, Thomas Warder, the district court concluded that FEMA's relationship with AME was sufficiently disconnected to qualify AME as an independent contractor. The district court therefore determined that the independent-contractor exception to the FTCA divested the court of subject-matter jurisdiction. Jasper appeals arguing that the district court improperly allowed FEMA's collateral attack on the merits of her case, failed to apply Louisiana state law, and improperly restricted her ability to conduct discovery.

## II. DISCUSSION

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." See *United*

States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The FTCA waives sovereign immunity and allows private individuals to sue the federal government for the negligent torts of its employees by granting federal courts exclusive subject-matter jurisdiction over such actions. **\*651** 28 U.S.C. § 1346(b)(1). The FTCA, however, enumerates a number of exceptions to the waiver of immunity, including an exception that excludes from its grant of subject-matter jurisdiction claims brought against the government for the negligent acts committed by its independent contractors. 28 U.S.C. § 2671. Because a federal court must determine whether jurisdiction is proper prior to addressing the merits of a case, a district court must first determine if a party is an independent contractor within the meaning of the FTCA. See Steel v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (requiring a jurisdictional determination as a "threshold matter"); Linkous v. United States, 142 F.3d 271, 275 (5th Cir.1998) ("Therefore, if the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)."). Whether the independent-contractor exception bars liability turns on whether the United States had the right "to control the detailed physical performance of the contractor" and "whether [the contractor's] day-to-day operations are supervised by the Federal government." Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); United States v. Orleans, 425 U.S. 807, 815, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

The district court "has the power to dismiss for lack of subject-matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). If the district court's determination involves only the first two categories, this court only reviews the lower court's application of the law. Id. If the district court's determination is based in part on the resolution of disputed facts, however, this court accepts the district court's findings unless they are "clearly erroneous." Id. While deference is given to the lower court's fact findings, this court reviews de novo whether a federal court has subject-matter jurisdiction over a dispute. Linkous, 142 F.3d at 275. Further, in determining whether subject-matter jurisdiction exists, "[c]ourts must strictly construe all waivers of the federal government's sovereign immunity, [resolving] all ambiguities in favor of the sovereign." Id.

[1] Jasper contends that FEMA's Rule 12(b)(1) motion constituted an indirect attack on the merits of her claim. Quoting at length from the Williamson decision, she argues that the jurisdictional issue is so interwoven with the merits of her claim that dismissal on Rule 12(b)(1) grounds was improper. Our holding in Williamson, however, is distinguishable. The plaintiffs' claims in that case were based on various federal acts relating to the sale or exchange of securities. Williamson, 645 F.2d at 409. The plaintiffs were seeking rescission of a joint-venture agreement under the theory that the agreements were "securities" within the meaning of 15 U.S.C. § 77(b)(1) and § 78c(a)(10). Id. at 409–10. Because the applicability of the statute was the sole basis for jurisdiction, dismissal for want of subject-matter jurisdiction was premature:

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.

Id. at 415.

Unlike Williamson, Jasper's claims are based on negligence theories interpreted under Louisiana state law. The merits of her claim depend on whether the company **\*652** that installed the refrigerator was negligent in such installation and whether such negligence proximately caused the injuries that she sustained. It does not depend on a determination regarding the applicability of the FTCA's independent-contractor exception. See Ford v. Am. Motors Corp., 770 F.2d 465, 468 (5th Cir.1985) (holding that where

an exception to the FTCA barred the plaintiff's negligence claims, "[t]he merits and jurisdictional issue were not so intermeshed as to prevent the separate consideration and decision of the jurisdiction question....").

 [2]   Jasper alternatively argues that even if AME is considered an independent contractor, FEMA should still remain responsible because Louisiana state law views maintenance on leased premises as non-delegable duties. When confronted with this issue, the Fourth Circuit stated: "We note from the start that, although the threshold inquiry into governmental liability as defined by the FTCA requires an examination of state law to define tortious conduct, the question of whether a state law tort can be applied against the United States is exclusively one of federal law." *Berkman v. United States,* 957 F.2d 108, 112 (4th Cir.1992). We have held in accord. *Levrie v. Dept. of Army,* 810 F.2d 1311, 1314 (5th Cir.1987) (per curiam) (holding that the independent-contractor "exception to the waiver of sovereign immunity takes precedence over [state] law"). Louisiana's imposition of non-delegable duties is therefore preempted by the independent-contractor exception to the FTCA.

 [3]   Finally, Jasper contends that she had inadequate time to conduct the proper scope of discovery necessary to defend the government's Rule 12(b)(1) motion. We review a district court's denial of additional discovery time for an abuse of discretion. *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.,* 469 F.2d 416, 418 (5th Cir.1972). Because the only contested issue in the Rule 12(b)(1) hearing involved the scope of the government's control over the contractor, Jasper's need for discovery is necessarily limited to gathering information relating to that control. *Williamson,* 645 F.2d at 414. In its Rule 12(b)(1) motion, FEMA submitted both the Warder affidavit and the entire FEMA–AME contract. Both documents provided ample material on which the district court could have determined the scope of FEMA's control over AME's day-to-day activity. While Jasper has asserted her desire to depose Warder, she has failed to state any particular reason for needing to do so. She has not stated what information she seeks to gain from the deposition, which areas she would like to further explore, or how such areas even relate to the jurisdictional issue in dispute. "Vague assertions of the need for additional discovery are as unavailing as vague responses on the merits." *Reese v. Anderson,* 926 F.2d 494, 499 n. 5 (5th Cir.1991) (affirming denial of request for additional discovery prior to motion for summary judgment hearing). Jasper has also failed to state why the two and one-half months between her receipt of FEMA's motion to dismiss and the district court's dismissal of her lawsuit was an insufficient time period in which to take Warder's deposition. *See Rosemound Sand & Gravel Co.,* 469 F.2d at 418 (holding that the district court's dismissal for lack of subject-matter jurisdiction after giving the plaintiff a sixty-day opportunity to conduct discovery was not an abuse of discretion).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**All Citations**

414 Fed.Appx. 649

---

## Footnotes

| | |
|---|---|
| * | Pursuant to the 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4. |
| 1 | Jasper originally alleged that FEMA had installed the refrigerator, though it is now undisputed that AME conducted the actual installation. |

End of Document   © 2023 Thomson Reuters. No claim to original U.S. Government Works.