Case 4:23-cv-00730   Document 55-4   Filed on 05/15/23 in TXSD   Page 1 of 6

Broadband ITV, Inc. v. OpenTV, Inc., Not Reported in Fed. Supp. (2018)

🚩 KeyCite Yellow Flag - Negative Treatment
Distinguished by [Ameranth, Inc. v. ChowNow, Inc.,](#) S.D.Cal., August 19, 2021

2018 WL 4927935
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

[BROADBAND ITV, INC.](#), Plaintiff,
v.
OPENTV, INC., Defendant.

Case No. 17-cv-06647-SK
|
Signed 02/22/2018

**Attorneys and Law Firms**

[Kassra Powell Nassiri](#), Nassiri & Jung LLP, [Nickolas Alexander Kacprowski](#), Kirkland & Ellis LLP, San Francisco, CA, [Paul Alston](#), Alston Hunt Floyd & Ing, ALC, Honolulu, HI, for Plaintiff.

[Daniel William Fox](#), [Matthew Gordon Ball](#), K&L Gates LLP, San Francisco, CA, [Ranjini Acharya](#), KL Gates LLP, Palo Alto, CA, for Defendant.

### ORDER GRANTING MOTION TO DISMISS AND TO REMAND

Regarding Docket Nos. 19, 20, 33

[SALLIE KIM](#), United States Magistrate Judge

**\*1** This matter comes before the Court upon consideration of the motion to dismiss cross-claims and to remand filed by Plaintiff and Counter-Defendant Broadband iTV, Inc. ("BBiTV"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS BBiTV's motion to dismiss, DENIES the motion to strike, and GRANTS the motion to remand for the reasons set forth below. The Court GRANTS IN PART and DENIES IN PART BBiTV's motion to seal. As noted in the declaration filed by Gregory J. Wallace, BBiTV only seeks to seal information regarding the percentage of the revenue share. Therefore the Court GRANTS the motion to seal as to any percentage amounts, but DENIES the remainder of the motion to seal. BBiTV shall publicly file Exhibit A to the Declaration of Kassra P. Nassiri, filed in support of BBiTV's motion to dismiss, strike and remand, with only the percentage amounts redacted. The Court GRANTS BBiTV's administrative motion for leave to file a statement of recent decision.

### BACKGROUND

BBiTV filed this action for breach of a license agreement against Defendant and Counter-Plaintiff OpenTV, Inc. ("OpenTV") in California Superior Court for the County of San Francisco. OpenTV removed this action on the grounds that the dispute between the parties is actually a patent infringement dispute.

In June 2006, the parties executed an agreement entitled "Source Code License and Binary Distribution Agreement" (referred to as "License Agreement"). (Dkt. 24-1.) In the License Agreement, BBiTV provided a license to OpenTV for the non-exclusive right to use software defined as the "Current Implementation," which is defined as the "specifications and Documentation for the BBiTVV TVClassifieds system implemented on the BlueStreak platform[,]" and the patent. (*Id.* Ex. A to License Agreement).) Under the patent section, the License Agreement describes the software as "technologies described in the ['192 Patent Application]" and the "technologies described in any extensions to the above patent application." (*Id.*, Ex. A.) The License Agreement further provides that:

> [f]or the avoidance of doubt, the licenses ... shall include all Intellectual Property Rights of BBiTV, and the foregoing description of the filed patent application shall not be deemed to limit the scope of the license to the extent BBiTV filed other patent applications, is granted patents with respect to any such application or acquires other Intellectual Property



Case 4:23-cv-00730 Document 55-4 Filed on 05/15/23 in TXSD Page 2 of 6

Broadband iTV, Inc. v. OpenTV, Inc., Not Reported in Fed. Supp. (2018)

> Rights after the Effective Date and such Intellectual Property Rights fall within the scope of the license granted under this Agreement.

(*Id.*, Ex. A.)

The License Agreement defines Intellectual Property Rights as:

> (i) all letters patent and applications for letters patent ...; (ii) common law and statutory trade secrets and all other confidential or proprietary or useful information that has independent value ...; (iii) all copyrights ...; (iv) all trademarks, trade names, corporate names, company collective marks, logos, other source of business identifiers ...; (v) all proceeds of, and rights associated with, the foregoing ...; (iv) all rights corresponding thereto throughout the world; and (vii) all licenses to intellectual property granted to BBiTV including rights to sublicense to others.

**\*2** (*Id.*)

BBiTV filed the '192 Patent Application in July 2004. (Dkt. 24-1 (Compl., ¶ 19).) The United States Patent and Trademark Office issued BBiTV the United States Patent No. 7,590,997 (the "'997 Patent") on September 15, 2009. (*Id.*) BBiTV filed this action to recover royalties OpenTV allegedly owes to BBiTV pursuant to the License Agreement. BBiTV has asserted only state-law causes of action related to the alleged breach of the License Agreement. (Dkt. 24-1 (Compl.).) Neither the License Agreement nor the Complaint reference any particular claims of the '997 Patent. (Dkt. 24-1.) OpenTV filed a Cross-Complaint against BBiTV with two causes of action – one for declaratory judgment of non-infringement of the '997 Patent and one for declaratory judgment of unenforceability for patent misuse. (Dkt. 24-4.) OpenTV alleges that its accused products do not meet limitations of claim 1 of the '997 Patent, and, therefore, its accused products do not infringe the dependent claims 2 through 10 of the '997 Patent. (Dkt. 24-4, ¶¶ 30-33.) In its cause of action for a declaration of patent misuse, OpenTV alleges that BBiTV's demand for royalty is an impermissible attempt to obtain economic rights beyond the legitimate scope of BBiTV's patent rights. (*Id.*, ¶ 40.) In its answer, OpenTV also asserts affirmative defense of patent misuse and patent non-infringement. (Dkt. 24-3.)

BBiTV now moves to dismiss OpenTV's cross-claims for declaratory relief, to strike OpenTV's patent-related affirmative defenses, and to remand BBiTV's the remaining action back to state court.

## ANALYSIS

**A. Applicable Legal Standards.**

**1. Motion to Dismiss.**
A party moving to dismiss under Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citation omitted); *accord Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court "need not assume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted).

**2. Motion to Strike.**
Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the

defenses being pleaded." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal citations and quotations omitted). Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). A motion to strike should be resorted to only when the matter to be stricken could have no possible bearing on the issues in litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Colaprico*, 758 F. Supp. at 1339.

### 3. Motion to Remand.

**\*3** [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.' " *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes and empowers the plaintiff as the master of his or her claim. *Id.* "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. "It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original).

### B. BBiTV's Motion to Dismiss Declaratory Relief Causes of Action.

BBiTV moves to dismiss OpenTV's declaratory relief cross-claims for a declaration of non-infringement and for patent misuse on the grounds that there is no case or controversy between them regarding patent infringement. The Declaratory Judgment Act authorizes courts to "declare the rights and other legal relations of any interested party seeking such declaration" so long as the declaration is sought "in a case of actual controversy within the Court's jurisdiction." 28 U.S.C. § 2201(a). The Supreme Court set forth the following standard for jurisdiction over a declaratory relief action:

> [T]hat the dispute be definite and concrete, touching the legal relations having adverse legal interests and that it be real and substantial and admit of specific relief through a decree

Case 4:23-cv-00730   Document 55-4   Filed on 05/15/23 in TXSD   Page 4 of 6

Broadband iTV, Inc. v. OpenTV, Inc., Not Reported in Fed. Supp. (2018)

of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

**\*4** *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 774 n. 11 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ).

Thus, in place of the reasonable threat of imminent suit test, the Supreme Court require[s] a showing of "whether the facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (citing *MedImmune*, 127 S.Ct. at 771). The test for declaratory relief jurisdiction is objective; "it is the objective words and actions of the patentee that are controlling." *Hewlett–Packard v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009) (citation omitted).

"A party claiming declaratory judgment jurisdiction has the burden to establish the existence of such jurisdiction." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007). "For the parties to have 'adverse legal interests,' 'there must be an underlying legal cause of action that the declaratory judgment defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff has preempted it.' " *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F. Supp. 2d 822, 828 (N.D. Cal. 2012) (quoting *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006) ). Courts have found that, where there is no allegation that a product infringes a patent, there is no "case or controversy" for patent infringement. *Id.* at 830 (dismissing declaratory relief action based on lack of jurisdiction); *see also ASUSTeK Computer Inc. v. AFTG–TG LLC*, 2011 WL 6845791, \*13 (N.D. Cal. Dec. 29, 2011) ("Absent identification of the products accused of infringement, there is no concrete case or controversy."); *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 1654466, \*12 (N.D. Cal. Apr. 28, 2011) (same).

Moreover, although the Court "*may* declare the rights and other legal relations of any interested party seeking such declaration," is not required to. *See* 28 U.S.C. § 2201 (emphasis added); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (noting courts' discretion to entertain claim for declaratory judgment). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). The Declaratory Judgment Act is "an enabling Act, which confers a discretion upon the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952) ). Since its inception, the "Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 277.

### 1. OpenTV's Declaratory Relief Cause of Action for Non-Infringement.

**\*5** OpenTV argues that by seeking to cover the '192 Application, and the patent that issued from the application, "BBiTV's theory of liability is predicated on a finding that OpenTV infringes at least one of BBiTV's patents" and therefore, "the determination of BBiTV's claims necessarily requires the adjudication of the scope of BBiTV's patent rights." (Dkt. 25 (Opp.) at 2.) Similarly, OpenTV argues that "BBiTV could only collect royalties if it succeeds in establishing that OpenTV infringes the '997 Patent." (*Id.* at 2.) However, the language of the License Agreement is not limited to the claims of the '997 Patent. As noted above, the License Agreement provides a license for the non-exclusive right to use software defined as the "Current Implementation," further defined as "specifications and Documentation for the BBiTVV TVClassifieds system implemented on the BlueStreak platform[,]" and the patent. (Dkt. 24-1.) Under the patent section, the License Agreement describes the software as "technologies described in the ['192 Patent Application]" and the "technologies described in any extensions to the above patent application." (*Id.*, Ex. A.) Notably, the License Agreement, by its terms, does not restrict the license to the claims of the '997 Patent

or even to products covered by the '997 Patent. In fact, the License Agreement specifically provides that the "description of the filed patent application shall not be deemed to limit the scope of the license to the extent BBiTV filed other patent applications, is granted patents with respect to any such application or acquires other Intellectual Property Rights after the Effective Date...." (*Id.*) The License Agreement, in turn, defines "Intellectual Property Rights" to include trade secrets, trademarks, and copyrights, in addition to patents and patent applications. (*Id.*)

"Both the Supreme Court and [the Federal Circuit] have adhered to the fundamental principle that claims define the scope of patent protection." *Johnson & Johnson Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002); *see also Alt. Thermoplastics Co. v. Faytex Corp.*, 974 F.2d 1299, 1300 (Fed. Cir. 1992) ("The claims alone define the patent right."). Recognizing this principle, OpenTV's claim for declaratory relief of non-infringement discusses the *claims* of the '997 Patent and alleges that its accused products do not meet the limitations of the '997 Patent's claims. (Dkt. 24-4, ¶¶ 27, 28, 30-33.) However, as discussed above, neither the License Agreement, nor BBiTV's causes of action relating to OpenTV's alleged breach of the License Agreement, are limited to the claims of the '997 Patent.

Moreover, even if the License Agreement were limited to the claims of the '997 Patent, "[i]t is a general rule that a suit by a patentee for royalties under a license or assignment granted by him, or for any remedy in respect of a contract permitting use of the patent, is not a suit under the patent laws of the United States...." *Luckett v. Delpark, Inc.*, 270 U.S. 496, 502 (1926); *see also Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979) ("Commercial agreements traditionally are the domain of state law. State law is not displaced merely because the contract relates to intellectual property which may or may not be patentable...."). "Jurisdiction generally depends upon the case made and the relief demanded by the plaintiff." *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915). Here, BBiTV brought only state-law causes of action relating to the License Agreement. OpenTV's arguments regarding the scope of the License Agreement do not transform this case into one for patent infringement. The Court finds that OpenTV fails to meet its burden to demonstrate that, under the facts alleged, "there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" regarding any infringement of the '997 Patent. *Micron Technology, 518 F.3d at 901*. Therefore, the Court grants BBiTV's motion to dismiss as to OpenTV's declaratory relief cause of action for non-infringement.

**2. OpenTV's Declaratory Relief Cause of Action for Patent Misuse.**

OpenTV's claim for declaratory relief based on patent misuse does not fare any better. "Patent misuse is an affirmative defense to a suit for patent infringement." *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986); *see also CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1090 (W.D. Ky. 1995) ("Patent misuse cannot be the basis of a cause of action. Rather, it is an *affirmative defense* to a patent holder's claim of infringement.") (emphasis in original). In determining that patent misuse may not be brought as a separate cause of action, the district court in *Transition Electronic Corporation v. Hughes Aircraft Company*, 487 F. Supp. 885, 893 (D. Mass. 1980), reasoned as follows:

> **\*6** Patent misuse was developed as an equitable doctrine to provide an equitable defense, analogous to the clean hands defense, against an infringement action. Chisum, Patents, p. 19-91 (1978). A patentee may commit patent misuse in improper exploitation of the patent either by violating the antitrust laws or extending the patent beyond its lawful scope. *Id.* That the doctrine does not create an independent cause of action for the alleged infringer is implicit in the black letter statement of the effect of finding patent misuse: "Misuse of a patent merely suspends the owner's right to recover for infringement of a patent." *Id.* at 19-156. The courts have uniformly held that the owner's right to recover for infringement is reinstated once the offensive practice has been abandoned and its effects have been purged. *Id.*

Moreover, courts construe the doctrine of patent misuse narrowly. *See Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1321 (Fed. Cir. 2010) ("Because patent misuse is a judge-made doctrine

Case 4:23-cv-00730 Document 55-4 Filed on 05/15/23 in TXSD Page 6 of 6

Broadband iTV, Inc. v. OpenTV, Inc., Not Reported in Fed. Supp. (2018)

that is in derogation of statutory patent rights against infringement, this court has not applied the doctrine of patent misuse expansively.").

OpenTV argues that, to the extent the License Agreement covers products or technology beyond the scope of BBiTV's '997 Patent, it an improper extension of the '997 Patent that the patent misuse doctrine bars. This is another attempt by OpenTV to construe the License Agreement as solely addressing the '997 Patent. However, as discussed above, according to the terms of the License Agreement, the parties' agreement extends to intellectual property well beyond the claims of the '997 Patent, and even beyond BBiTV's patents generally. Considering as well that the Federal Circuit has referred to this doctrine as an affirmative defense, and the fact that the doctrine is to be construed narrowly, this Court finds that it would not be proper to allow OpenTV to bring an affirmative cause of action for declaratory relief on patent misuse in this case.

Even if this could be brought as a separate cause of action, the Court exercises its discretion to decline to adjudicate such a cause of action. Determining whether the "technologies described" in the '192 Application extend beyond the scope of the claims of the '997 Patent in a manner that falls within the patent misuse doctrine would not fully resolve BBiTV's state-law causes of action. The Court therefore dismisses OpenTV's declaratory relief cause of action for patent misuse. Nevertheless, although OpenTV cannot rely upon this theory to state a cause of action and establish federal jurisdiction, this Order is without prejudice to OpenTV's ability to raise its argument of patent misuse as a defense to this action in state court.

### C. BBiTV's Motion to Strike Affirmative Defenses.

BBiTV also moves to strike OpenTV's affirmative defenses of patent non-infringement and patent misuse. "It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original). Nevertheless, it is not clear why BBiTV is moving to strike these affirmative defenses. Because, in the absence of the declaratory relief cross-claims, the Court lacks federal question jurisdiction over this matter, the Court will not decide whether OpenTV's patent affirmative defenses are proper. The Court thus denies BBiTV's motion to strike without prejudice to BBiTV challenging the validity of the patent affirmative defenses in state court.

### D. BBiTV's Motion to Remand.

As discussed above, in the absence of OpenTV's cross-claims for declaratory relief, there are no remaining federal claims and is no basis for federal question jurisdiction. Accordingly, the Court grants BBiTV's motion to remand this action back to state court.

### CONCLUSION

*7 For the foregoing reasons, the Court GRANTS BBiTV's motion to dismiss, DENIES the motion to strike without prejudice, and GRANTS the motion to remand. Accordingly, this case is REMANDED to the San Francisco County Superior Court. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 4927935

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.