374 Fed.Appx. 482
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. 5th Cir. Rules 28.7 and 47.5.
United States Court of Appeals, Fifth Circuit.

DUVAL WIEDMANN,
L.L.C., Plaintiff–Appellant,

v.

INFOROCKET.COM, INC.;
Ingenio, Inc., Defendants–Appellees.

No. 09–50787
|
Summary Calendar
|
March 9, 2010.

**Synopsis**
**Background:** Holder of patent brought action against licensee for breach of licensing agreement. Licensee raised affirmative defenses that it did not infringe the patent, the patent was invalid, and it did not owe licensing payments while the patent was being challenged. The United States District Court for the Western District of Texas granted summary judgment to licensee. Patent holder appealed and moved to transfer the appeal to the Federal Circuit.

**[Holding:]** The Court of Appeals held that the case did not "arise under" patent law, so as to require transfer to the Federal Circuit.

Motion denied.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (1)

[1]  **Federal Courts** 🗝️ Title, conveyances, and contracts

Patentee's action against licensee for breach of licensing agreement did not "arise under" patent law, so as to require transfer of appeal to the Federal Circuit, since complaint solely presented contract claims arising under the license agreement and did not raise any patent claims or present substantial patent questions. 28 U.S.C.A. §§ 1295(a), 1338.

4 Cases that cite this headnote
More cases on this issue

**Attorneys and Law Firms**

**\*482** Edward P. Watt, Litigation Counsel, Watt Law Firm, P.C., Dripping Springs, TX, for Plaintiff–Appellant.

Jaime Mata, San Antonio, TX, Adam Howard Charnes, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, Joseph H. Huff, Kilpatrick Stockton, Augusta, GA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Texas, USDC No. 1:08–CV–28.

Before KING, STEWART, and HAYNES, Circuit Judges.

**Opinion**

PER CURIAM:[*]

Plaintiff-appellant moves to transfer this appeal to the Federal Circuit. For the following reasons, we DENY the motion.

In January 2008, plaintiff-appellant DuVal Wiedmann, L.L.C. (Wiedmann) brought a diversity suit against defendants-appellees Inforocket.com and Ingenio (collectively, Ingenio) in federal court in Texas for breach of contract. The suit arose out of a licensing agreement, under which Wiedmann agreed to license its patent to Ingenio in exchange for royalty payments. Wiedmann and Ingenio had entered into a patent licensing agreement in June 2001; the agreement was amended in March 2002. In April 2004, Ingenio requested that the United States Patent and Trademark

**WESTLAW** © 2023 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT

V

Office (PTO) evaluate Wiedmann's **\*483** patent. In December 2007, the PTO rejected a significant number of the patent's claims as "unpatentable" in light of prior art. Sometime after June 2008, Wiedmann amended the patent in response to the PTO's reexamination and was granted a reexamination certificate in December 2008. However, in August 2004, Ingenio sent a letter stating that "pursuant to ... the [patent] licensing agreement, Ingenio hereby provides you with notice of its termination of the License Agreement." Wiedmann received this letter in September 2004.

In its complaint, Wiedmann sought a declaratory judgment as to the parties' rights under the licensing agreement, including if and when the agreement had been terminated; alleged breach and anticipatory breach of contract for failure to pay royalties under the agreement; and sought attorneys' fees and costs, as provided under the licensing agreement, for its enforcement expenses. Wiedmann did not present any patent claims or address any patent-related issues in its complaint. Ingenio denied liability and raised affirmative defenses, including that it did not infringe Wiedmann's patent; that the patent was invalid; and that it did not owe licensing payments, under the *Lear* doctrine, [1] while the patent was being challenged. Ingenio also counterclaimed for fraud and negligent misrepresentation.

Wiedmann moved for summary judgment on its claims and on Ingenio's counterclaims. Ingenio abandoned its claims for fraud and negligent misrepresentation and moved for summary judgment as to Wiedmann's contract claims against it. The district court entered a declaratory judgment, concluding that the patent licensing agreement terminated on November 29, 2004, because Wiedmann had received proper notice of termination on September 30, 2004, and the licensing agreement provided that the contract terminated 60 days after notice was received. The district court also determined that Ingenio was released from paying royalties from April 23, 2004 (when Ingenio requested patent reexamination) through the date of termination, under the *Lear* doctrine. The district court did not reach other patent-related defenses, concluding only that Ingenio's challenge to the patent's validity had been "successful" for purposes of the *Lear* doctrine. The district court also granted summary judgment to Ingenio as to Wiedmann's contract claims and entered final judgment on July 29, 2009.

Wiedmann appealed to this court, arguing, initially, that this court had jurisdiction under 28 U.S.C. § 1291. However, after Ingenio responded, Wiedmann moved to transfer this appeal to the Federal Circuit, arguing that the case presented a substantial question of federal patent law. Specifically, Wiedmann urged that (1) patent licenses are subject to scrutiny under federal law; (2) under state contract law, the existence of a valid and enforceable contract is the first element to be proved in a breach of contract action and thus patent validity is subsumed in a breach of contract claim; and (3) under state contract law, "damages" is another element of a breach of contract action and federal patent law significantly impacts the availability and manner of calculating damages. Ingenio opposes transfer, arguing that jurisdiction is proper in this court.

"Under 28 U.S.C. § 1295(a), the Federal Circuit has exclusive jurisdiction of an appeal where the district court's jurisdiction **\*484** was based, in whole or in part, on 28 U.S.C. § 1338." *Natec, Inc. v. Deter Co.,* 28 F.3d 28, 29 (5th Cir.1994) (per curiam). Section 1338 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents...." 28 U.S.C. § 1338(a); *accord Natec,* 28 F.3d at 29. Thus, whether the Federal Circuit has exclusive jurisdiction "turns on whether this is a case 'arising under' a federal patent statute, for if it is then the jurisdiction of the [d]istrict [c]ourt was based at least 'in part' on § 1338." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 807, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *see also Holmes Group v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 829, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). "The well-pleaded complaint rule ... focuses on claims, not theories, ... and just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire ... claim 'arises under' patent law." *Christianson,* 486 U.S. at 811, 108 S.Ct. 2166. "[A] case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, even if the defense is anticipated ... and even if both parties admit that the defense is the only question truly at issue in the case," *id.* at 809, 108 S.Ct. 2166 (internal quotation marks omitted), and a

defendant's counterclaim cannot serve as the basis for a district court's arising under jurisdiction. See *Holmes,* 535 U.S. at 830, 122 S.Ct. 1889.

"It is well settled that if the patentee pleads a cause of action based on rights created by a contract, ... the case is not one 'arising under' the patent laws." *Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1572 (Fed.Cir.1997) (collecting cases).[2] "[A] suit to enforce a patent licensing agreement does not arise under federal patent law [and t]he presence of a federal defense ... is irrelevant to jurisdiction." *Scheiber v. Dolby Labs., Inc.,* 293 F.3d 1014, 1016 (7th Cir.2002) (Posner, J.).[3]

Because Wiedmann's complaint solely presented contract claims arising under the license agreement and did not raise any patent claims or present substantial patent questions, it does not present claims that "arise under" § 1338. Cf. *Christianson,* 486 U.S. at 810–13, 108 S.Ct. 2166 (concluding that, where plaintiff could have supported its antitrust claims with any of several theories having nothing to do with patents, its claims did not "arise under" patent law); *ExcelStor Tech. v. Papst Licensing GMBH & Co. KG,* 541 F.3d 1373, 1376 (Fed.Cir.2008) (determining that a claim of "patent exhaustion" that was actually based on whether a licensing **\*485** agreement allowed for collection of two royalties did not involve a substantial question of federal patent law); *Scheiber,* 293 F.3d at 1016 (diversity suit to enforce patent licensing agreement did not "arise under" the patent laws); *Jim Arnold,* 109 F.3d at 1572, 1576 (concluding that a complaint that included a variety of state-law claims and one patent infringement claim was actually premised on "state-law based ... claims arising out of alleged breaches of ... assignment agreements"). Accordingly, the Federal Circuit would not have jurisdiction over this appeal pursuant to § 1295(a), and jurisdiction is proper in this court. *Holmes,* 535 U.S. at 829, 122 S.Ct. 1889; *Christianson,* 486 U.S. at 807, 108 S.Ct. 2166. We thus DENY Wiedmann's motion to transfer the appeal.

MOTION DENIED.

**All Citations**

374 Fed.Appx. 482

## Footnotes

\*      Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1      *Lear, Inc. v. Adkins,* 395 U.S. 653, 673, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (holding, *inter alia* that "overriding federal policies would be significantly frustrated if licensees could be required to continue to pay royalties during the time they are challenging patent validity in the courts").

2      The Federal Circuit has also suggested, pre-*Christianson,* that it "will not have jurisdiction over an appeal from a district court judgment where the district court's jurisdiction was based solely on diversity, even though the case may involve interpretation, viability, and applicability of a patent license contract, and those determinations may require consideration of defenses raising patent validity and infringement issues." *In re Innotron Diagnostics,* 800 F.2d 1077, 1080 n. 4 (Fed.Cir.1986) (citing references).

3      Even pre-*Christianson* it was well-settled that claims arising out of a patent contract did not necessarily arise under § 1338. See, e.g., *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1, 5 (1st Cir.1987) ( "After all, suits which seek royalties or the enforcement of remedies in respect of contracts permitting the use of patents have frequently been held not to 'arise under' § 1338(a) in a jurisdictional sense." (collecting cases)); *Combs v. Plough, Inc.,* 681 F.2d 469, 470 (6th Cir.1982) (per curiam) ("[W]here an action is brought to enforce, set aside, or annul a contract, the action

arises out of the contract, and not under the patent laws, even though the contract concerns a patent right.").

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.