IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GRANT PRIDECO, INC., REEDHYCALOG
UK, LTD., REEDHYCALOG, LP,
NATIONAL OILWELL VARCO, LP,

    *Plaintiffs/Counter-Defendants,*

v.                                                                            Civil Action No. 4:23-cv-00730

SCHLUMBERGER TECHNOLOGY
CORP., SMITH INTERNATIONAL, INC.,
ULTERRA DRILLING TECHNOLOGIES,
L.P., ROCKBIT INTERNATIONAL
SUBSIDIARIES, LLC, VAREL
INTERNATIONAL ENERGY SERVICES,
INC., and VAREL INTERNATIONAL
INDUSTRIES, L.P.,

    *Defendants/Counter-Plaintiffs.*

## PLAINTIFFS GRANT PRIDECO, INC., REEDHYCALOG UK, LTD., REEDHYCALOG, LP, AND NATIONAL OILWELL VARCO, L.P.'S INITIAL DISCLOSURES

Plaintiffs Grant Prideco, Inc., Reedhycalog Uk, Ltd., Reedhycalog, LP, and National Oilwell Varco, L.P.'S (collectively, "NOV") hereby make the following disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

### INTRODUCTION

These disclosures are made subject to Plaintiffs' Motion to Remand and are made without prejudice to Plaintiffs' position that this case should be remanded.

These disclosures are based upon information reasonably available to NOV as of the date they were prepared. NOV's investigation of the facts, documents, and witnesses relevant to the case is ongoing. NOV reserves the right to clarify, alter, amend, modify, or supplement the

information contained in these initial disclosures if it should appear at any time that omissions or errors have been made, or if NOV obtains additional or more accurate information. *See* Fed. R. Civ. P. 26(e).

By making these disclosures, NOV does not represent that they are identifying every document, item of electronically stored information, tangible thing, or witness that might be relevant or have relevant information to the claims, defenses, and counterclaims asserted in this action. Rather, NOV's disclosures represent a good-faith effort to identify information NOV reasonably believes, at this early stage in the action, to be discoverable information that may support its counterclaims or defenses.

These initial disclosures do not constitute a waiver of any objection NOV may have, now or in the future, to any discovery in this action. NOV reserves any and all objections that it had, has, or may ever have, including, but not limited to, objections based upon attorney-client privilege, work-product immunity, any other applicable privilege or immunity under federal or state law, relevance, competency, hearsay, immateriality, overbreadth, and undue burden or harassment. NOV also reserves the right to object on any and all proper grounds to any other discovery request or proceeding involving or relating to the subject matter of these disclosures consistent with the Court's Local Rules and the Federal Rules of Civil Procedure.

NOV reserves the right to call as witnesses other individuals in addition to those identified herein, and to identify additional documents, electronically stored information, and/or tangible things, if they discover that such individuals have or might have knowledge of matters relevant to this action. NOV also reserve the right to identify or call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2), and any future scheduling order that may be entered in this action.

**DISCLOSURES**

I.  FRCP 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information that NOV May Use to Support Their Claims and Defenses

NOV is in the process of discovery and investigation with regard to individuals who may have information NOV may use to support their claims and defenses in this case and, based on information currently available, identify the following:

| Name | Address/Telephone | Subjects of Discoverable Information |
|---|---|---|
| Doug Grijalva | Harry Susman<br>Susman Godfrey<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>(713) 651-7366 | Administration of the License Agreements. |
| Phillip Choyce | Independence Contract Drilling, Inc.<br>20475 TX-249 #300<br>Houston, TX 77070 | Negotiation of the License Agreements and underlying litigation. Former General Counsel of Grant Prideco. |
| Steve Barton | Harry Susman<br>Susman Godfrey<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>(713) 651-7366 | Administration of the License Agreements |
| Tom Roberts | Harry Susman<br>Susman Godfrey<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>(713) 651-7366 | Development of the underlying technology |
| James Jorgensen | Honeywell Process Solutions<br>2101 Citywest Blvd.<br>Houston, Tx 77024 | Involved in the underlying litigation on behalf of NOV |
| Danny Williams | Unknown | Involved in the underlying litigation on behalf of NOV |

| Name | Address/Telephone | Subjects of Discoverable Information |
|---|---|---|
| Victor Segura | VH Segura Law Firm PLLC<br>5554 South Peek Rd.<br>PMB 15<br>Katy, TX 77450<br>(832) 790-0773 | Prosecution of US Patents # 8721752 & 8910730. |
| Pierre Campanac | Unknown | Prosecution of US Patents # 8721752 & 8910730. |
| Ray Waters | Harry Susman<br>Susman Godfrey<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>(713) 651-7366 | Administration of the License Agreements |
| Ryan Halversen | Price Waterhouse Cooper<br>2020 Main Street Ste 400<br>Irvine, CA 92614<br>(714) 655-6753 | Course of dealing regarding royalty bearing products |
| Jeff Leedom | Price Waterhouse Cooper<br>2020 Main Street Ste 400<br>Irvine, CA 92614<br>(714) 417-1357 | Course of dealing regarding royalty bearing products |
| Bruce Orr | Grant Thornton<br>10 S Almaden Blvd Ste 800<br>San Jose, CA 95113<br>(832) 487-1430 | Course of dealing regarding royalty bearing products |
| John Michael Fuller | Unknown | Inventor of Patent US #8,721,752 |
| Douglas Caraway | Gregg LoCascio<br>Kirkland & Ellis<br>1301 Pennsylvania Av., N.W.<br>Washington, D.C. 20004 | Inventor of Patent US #8,721,752 |
| Graham Richard Watson | Graham.watson@gadrilling.com<br>GA Drilling<br>Bristol, U.K. | Inventor of Patent US #8,721,752 |
| Nigel Dennis Griffin | Unknown | Inventor of Patent US #7,568,534 |

| Name | Address/Telephone | Subjects of Discoverable Information |
|---|---|---|
| Peter Raymond Hughes | Living in Glos, U.K. | Inventor of Patent US #7,568,534 |
| Andrew Bell | Oerlikon Metco (US) Inc. Details unknown | Inventor of Patent US #7,568,534 |

NOV reserves its right to supplement this list as additional witnesses are identified. *See* Fed. R. Civ. P. 26(e). NOV also reserves the right to disclose any of the following as an individual likely to have discoverable information relevant to the claims and defenses of NOV in this action:

1. Any witness necessary for impeachment or rebuttal;

2. Any witness necessary to authenticate any document or lay a foundation; and

3. Any witness disclosed by any other party in this action.

NOV also reserves the right to obtain discovery from or call as a witness at trial in support of their claims or defenses any witness identified in any other party's Rule 26(a)(1) disclosure.

It is likely that there are additional persons having discoverable information. NOV anticipates that the identities of such persons will become known during the discovery phase of this action, as additional facts become known to NOV, and as the relevance of known facts is ascertained.

NOV's identification of any individual or entity in these Disclosures is without waiver of NOV's right under appropriate circumstances to move to quash, or to seek a protective order against, any deposition of such individual or entity.

II. FRCP 26(a)(1)(A)(ii): Description by Category and Location of Documents, Electronically Stored Information, and Tangible Things that NOV May Use to Support Its Claims and Defenses

NOV discloses the following "description by category and location" of documents, electronically stored information ("ESI"), and tangible things in NOV's possession, custody, or

5

control which may be used to support NOV's claims and defenses in this case, as required by Rule 26(a)(1)(A)(ii). Documents will be produced in accordance with the discovery schedule set by the Court, the Local Rules, and the Federal Rules of Civil Procedure. NOV is in the process of identifying and classifying all such documents and things, and reserve their right to supplement as additional documents and things are identified:

| Category | Location |
|---|---|
| The agreements between NOV and the Defendants | ECF, attached to Motion to Remand |
| Documents in NOV's possession regarding the negotiation of the License Agreements and subsequent performance under the Agreement. | NOV's offices. |
| Documents produced by third-parties in this litigation | N/A |
| Documents that may be used in depositions, motions, pleadings, or other filings in this litigation | N/A |
| Documents reviewed or relied upon by expert witnesses of any party | N/A |
| Other documents that may be discovered in this litigation | N/A |

III. FRCP 26(a)(1)(A)(iii): Description of Categories of Damages Sought and Computation of Any Category of Economic Damages Claimed by the Disclosing Party

With regard to Defendants Ulterra and Varel, NOV seeks as damages unpaid royalties based on the Net Price of Licensed Drill Bits invoiced on a worldwide basis to a third-party customer from October 21, 2021 to the date of judgment. With regard to Defendant Smith, NOV seeks as damages unpaid royalties based on the Net Price of Licensed Dill Bits and Licensed Mills invoiced on a worldwide basis to a third-party customer from October 21, 2021 to March 28, 2022. With regard to Defendant Schlumberger, NOV seeks as damages arising from the sell of unlicensed downhole tools with Leached Cutters, including without limitation Schlumberger's Rotary Steerable Tool, in an amount equal to 70% of the gross margin of such sales. NOV cannot

quantity the amount of these damages until NOV obtains discovery about Defendants' sales of the underlying products. NOV request that the Court award them costs of court, attorneys' fees, and such other and further relief to which NOV may be entitled in law or in equity. At this point in the action, NOV cannot estimate the amount of such costs of court, attorneys' fees, or other relief.

IV.     FRCP 26(a)(1)(A)(iv):  Insurance Agreements Covering Liability

None.

Dated: May 31, 2023

*Of counsel*

**MCAUGHAN DEAVER PLLC**

Robert J. McAughan, Jr.
Texas Bar No. 00786096
SDID No. 16500
Albert B. Deaver, Jr.
Texas Bar No. 05703800
SDID No. 11300
MCAUGHAN DEAVER PLLC
550 Westcott, Suite 375
Houston, Texas 77007
bmcaughan@md-iplaw.com
(713) 829-3851
adeaver@md-iplaw.com
(281) 460-2315

Respectfully Submitted,

**AHMAD, ZAVITSANOS & MENSING P.L.L.C.**

*/s/ Kevin Leyendecker*
John Zavitsanos
Texas Bar No. 22251650
Kevin Leyendecker
Texas Bar No. 00784472
Shahmeer Halepota
Texas Bar No. 24109968
Michael Killingsworth
Texas Bar No. 24110089
Louis Liao
Texas Bar No. 24109471
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: 713.655.1101
jzavitsanos@azalaw.com
kleyendecker@azalaw.com
shalepota@zalaw.com
mkillingsworth@azalaw.com
lliao@azalaw.com

**SUSMAN GODFREY L.L.P.**

Harry P. Susman
Texas Bar No. 24008875
SDID No. 23067
Armando Lozano
Texas Bar No. 24120467
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: 713.651.9366
hsusman@susmangodfrey.com
alozano@susmangodfrey.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all counsel of record via this Court's ECF System on this 31st day of May, 2023.

*/s/ Kevin Leyendecker*
Kevin Leyendecker