# Susman Godfrey L.L.P.

a registered limited liability partnership

Suite 5100
1000 Louisiana Street
Houston, Texas 77002-5096
(713) 651-9366
Fax (713) 654-6666
www.susmangodfrey.com

| Suite 1400 | Suite 3000 | 32nd Floor |
|---|---|---|
| 1900 Avenue of the Stars | 401 Union Street | 1301 Avenue of the Americas |
| Los Angeles, California 90067-6029 | Seattle, Washington 98101-2683 | New York, New York 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

Harry P. Susman
Direct Dial (713) 653-7875

E-Mail hsusman@susmangodfrey.com

June 16, 2023

<u>VIA E-MAIL</u>
Hon. Andrew S. Hanen
c/o Rhonda S. Hawkins, Case Manager
United States Courthouse
515 Rusk Street, Room 8613
Houston, Texas 77002

Re: Pre-Motion Conference Letter in *Grant Prideco, Inc. et al. v. Schlumberger Technology Corp.*, Civil Action No. 4:23-cv-00730

Dear Judge Hanen:

Plaintiffs Grant Prideco, Inc., Reedhycalog UK, Ltd., Reedhycalog, LP, and National Oilwell Varco, LP ("Plaintiffs") request that the Court hold a pre-motion conference regarding Plaintiffs' request to stay patent-related discovery pending, at a minimum, resolution of Plaintiffs' Motion to Remand and to Dismiss for Lack of Jurisdiction ("Remand Motion"). *See* Doc. No. 32.

Under Federal Rules of Civil Procedure 26(a), "[c]ourts may grant a stay 'for good cause shown' and have broad discretion to control discovery." *Belmonte, et al v. Medstar Mobile Healthcare, et al.*, 2020 WL 6119907, at *1 (N.D. Tex. Apr. 3, 2020). Because subject matter jurisdiction is a threshold issue, a stay of discovery is often appropriate. *Ramirez v. Department of Justice*, 2023 WL 3485995, at *1 (W.D. Tex. May 12, 2023) ("To be sure, courts regularly grant requests for a stay pending resolution of motions to dismiss in certain special circumstances. For instance, a stay is often appropriate when defendants challenge the Court's subject matter jurisdiction with a 12(b)(1) motion." (citations omitted)).

Plaintiffs' Remand Motion argues that no jurisdiction exists because issues related to infringement and invalidity are irrelevant to the breach of contract dispute. Plaintiffs contend that Defendants' obligation to pay royalties does not depend on a finding of infringement, and validity of the '534 and '752 patents is irrelevant to

11572427v1/017872

Hon. Andrew S. Hanen
June 16, 2023
Page 2

the unique claims against Smith and Schlumberger—the only two Defendants who dispute validity. The License Agreements at issue arose out of hard-fought infringement litigation, so the Agreements were structured to avoid the need to incur the cost, expense, and uncertainty of patent litigation. The Remand Motion was fully briefed as May 15, 2023—although Defendants subsequently filed a Sur-Reply. On May 19, 2023, Defendants began serving extensive discovery on Plaintiffs concerning validity and infringement of patents licensed under the Licensed Agreements.

A stay of patent discovery pending resolution of the Remand Motion makes sense given the issues presented by the Remand Motion. In the event the Court decides to remand and/or dismiss, the rationale may be based on a finding that the Parties' dispute does not turn on resolution of infringement or invalidity issues. As a result, any discovery conducted in the interim would have been wasted. Worse, Plaintiffs would have been forced to engage in patent litigation when the entire premise of the License Agreements was to obviate the need for such litigation.

Plaintiffs do not seek a stay of non-patent fact discovery (such as discovery regarding the formation and interpretation of the License Agreement and damages). First, whether this case proceeds in federal or state court such discovery will likely need to proceed. Second, unlike patent discovery, such non-patent-related fact discovery is not fundamentally at odds with the business deal underlying the License Agreements. Third, patent-related discovery, such as answering interrogatories about validity, can be especially time-consuming and potentially costly.

A stay makes sense even if Court ultimately decides not to remand. Depending on the contours of the Court's ruling, it may make sense to stagger the resolution of the patent issues in this case. Plaintiffs believe that even if the Court were to find jurisdiction, resolution of certain threshold legal issues may avoid the need for the Parties to engage in discovery regarding infringement or validity.

Plaintiffs request that this Court enter a stay of discovery regarding patent-related discovery pending resolution of the Motion to Remand.

Sincerely,

*Harry Susman*

Harry P. Susman

11572427v1/017872