# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Ryan Kane, P.C.
To Call Writer Directly:
+1 212 446 5975
ryan.kane@kirkland.com

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

June 21, 2023

**By E-mail**
Hon. Andrew S. Hanen
c/o Rhonda Hawkins, Case Manager
515 Rusk Street, Room 9110
Houston, Texas 77002

Re: Pre-Motion Conference Letter in *Grant Prideco, Inc. et al. v. Schlumberger Technology Corp.*, Civil Action No. 4:23-cv-00730

Dear Judge Hanen:

Defendants Schlumberger Technology Corporation, Smith International, Inc., (collectively, "SLB") Ulterra Drilling Technologies L.P., Rockbit International Subsidiaries, LLC (collectively, "Ulterra"), Varel International Energy Services, Inc., and Varel International Industries, L.P. (collectively, "Varel") oppose Plaintiffs' request to stay patent-related discovery. The parties have conferred in good faith but have been unable to reach resolution. Plaintiffs' request misstates the underlying facts (presuming Plaintiffs' incorrect interpretation of the Patent Licenses controls), belatedly seeks an unfair tactical advantage for Plaintiffs, and would result in an unnecessary and inefficient multiplication of these proceedings.

**First**, as explained in Defendants' oppositions to the Remand Motion, Plaintiffs' motion should fail because all of the claims in this case arise under federal patent law and require findings on patent-related issues. Dkts. 42, 43. But regardless of the outcome of the Remand Motion, resolving Plaintiffs' breach of contract claim necessarily requires resolving patent-related issues that will require patent-related discovery. For example, the Patent Licenses require that Defendants practice Plaintiffs' patented technology in order to pay a royalty. Indeed, the Patent Licenses state "each Party wants to respect the technology contributions of the other Parties and wants to design and manufacture their own products ***without infringing the rights of the others*** under any patent or patent application owned or controlled by the Parties."[1] And the same licenses acknowledge that if the 12 core patents are not infringed or are invalid, no royalties are owed. Thus, Plaintiffs' assertion that "issues related to infringement and invalidity are irrelevant to the breach of contract dispute" is simply incorrect. Dkt. 65 at 1. And despite repeated requests from Defendants, Plaintiffs have steadfastly refused to stipulate to non-infringement.

Plaintiffs' unsupported attorney argument that the alleged purpose of the Patent Licenses was to avoid this litigation is found nowhere in the agreements themselves. Moreover, Plaintiffs incorrectly state that the Patent Licenses arise out of "hard-fought infringement litigation," but Plaintiffs have never sued SLB related to any Licensed RH Patent. Further, even if Plaintiffs

---

[1] Dkt. 32-1, Ex. E §1.05 (Ulterra); *see also id.*, Ex. B §1.10 (Smith); *id.*, Ex. D §1.08 (Varel).

**KIRKLAND & ELLIS LLP**

Hon. Andrew S. Hanen
June 21, 2023
Page 2

were correct that practicing Plaintiffs' patent is not required for royalties to be owed—they are not—then the fact finder would still need to address Plaintiffs' unlawful attempt to extend their patent monopoly beyond the expiration of the 12 core patents per *Brulotte v. Thys*. This will require an evaluation of whether the Defendants practice any valid, unexpired Licensed RH Patent. This information can only be obtained through patent-related discovery. Thus, Plaintiffs are also wrong that "resolution of certain threshold legal issues may avoid the need for the Parties to engage in discovery regarding infringement or validity." Dkt. 65 at 2.

*Second*, Plaintiffs' stay request is clearly tactical. Plaintiffs admittedly do not seek to stay all discovery in this case. *Id.* at 2. Instead, Plaintiffs intend to seek discovery in support of their breach of contract claim while blocking discovery on Defendants' counterclaims and defenses. But Defendants' counterclaims and defenses have been in the case since February 27, 2023 (Dkt. 1-1, Exs. B.5-7), and Defendants served discovery beginning on May 17, 2023.[2] Tellingly, Plaintiffs waited until the day their discovery responses were due to submit a letter to the Court asserting that "patent-related discovery, such as answering interrogatories about validity, can be especially time-consuming and potentially costly." Dkt 65 at 2. Apparently not wanting to answer SLB's patent-related interrogatories, Plaintiffs objected on the basis that, *inter alia*, "[t]he issues of patent invalidity and infringement are not relevant to Plaintiff's claims or any relevant defenses."[3] It should go without saying that Plaintiffs cannot simply refuse to substantively respond to discovery on claims that are presently in this case. Nor is submitting a letter requesting a pre-motion conference a sufficient reason to refuse discovery. *See W.L. Doggett LLC v. Paychex, Inc.*, No. 4:14-CV-00506, 2014 WL 12599405, at *1 (S.D. Tex. Dec. 12, 2014) ("[Plaintiff] is correct when it states that court inaction on motions does not relieve parties of their duties and a mere motion to dismiss a case does not stay scheduled deadlines."). Plaintiffs initiated this litigation. They should not be allowed to pursue their claims while failing to engage with the litigation process as required by the scheduling order.[4]

*Third*, Plaintiffs' proposed stay is also inefficient. The purported non-patent discovery and patent discovery substantially overlap. For example, both Plaintiffs' and Defendants' claims will require discovery into Defendants' products and Plaintiffs' patents. Yet, Plaintiffs suggest that the Court and the parties undertake multiple discovery periods and multiple summary judgment phases. Staggering non-patent and patent discovery would increase the cost and time necessary to try this case and invite gamesmanship with respect to how to draw lines between "patent" and "non-patent" discovery. In short, discovery on the patent and non-patent issues in this case are intertwined and separating them would be inefficient and prejudicial to Defendants.

Respectfully submitted,

*/s/ Ryan Kane*
Ryan Kane, P.C.

---

[2] Per the case schedule, May 17, 2023 is the day that discovery opened.
[3] Plaintiffs' Responses to SLB Interrogatories 3-6 at 7-13 (June 16, 2023).
[4] To date, Plaintiffs have also not produced any "readily available documents" despite the Court's rules and a letter from Defendants. *See* Dkt. 10 ¶ 6.

## **CERTIFICATE OF SERVICE**

I hereby by certify that On June 21, 2023, the foregoing document was electronically served on all registered counsel of record via the Court's PACER ECF system.

                                        */s/ Ryan Kane*
                                         Ryan Kane