SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

| | | |
|---|---|---|
| SUITE 1400 | SUITE 3000 | 32ND FLOOR |
| 1900 AVENUE OF THE STARS | 401 UNION STREET | 1301 AVENUE OF THE AMERICAS |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | NEW YORK, NEW YORK 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

HARRY P. SUSMAN
DIRECT DIAL (713) 653-7875

E-MAIL hsusman@susmangodfrey.com

October 16, 2023

VIA E-MAIL
Hon. Andrew S. Hanen
c/o Rhonda S. Hawkins, Case Manager
United States Courthouse
515 Rusk Street, Room 8613
Houston, Texas 77002

Re:     Pre-Motion Conference Letter in
        *Grant Prideco, Inc. et al. v. Schlumberger Technology Corp.*, Civil Action No. 4:23-cv-
        00730 ("the '730 Case");
        *Halliburton Energy Services, Inc. v. Grant Prideco, Inc., et al,* Civil Action No. 4:23-cv-
        01789 ("the '1789 Case").

Dear Judge Hanen:

Grant Prideco, Inc., Reedhycalog UK, Ltd., Reedhycalog, LP, and National Oilwell Varco, LP
("NOV") request that the Court hold a pre-motion conference regarding the consolidation of the
above-captioned cases for discovery purposes only. The Court has yet to resolve the outstanding
disputes in the '730 Case regarding discovery limits, which may be due to the Court's
consideration of NOV's Motion to Remand and to Dismiss for Lack of Jurisdiction in the '730
case ("Remand Motion"), *see* Doc. No. 32. NOV also recognizes that many of the discovery
issues are linked to  NOV's Motion to Dismiss in the '1789 case ("Motion to Dismiss"), *see* Doc.
No. 17. Nevertheless, the insistence by the Defendants in the '730 case and Halliburton (the
Plaintiff in the '1789 Case) in treating all discovery issues as distinct already has resulted in
unnecessary complications and inefficiency. For example, Defendants Schlumberger, Smith, and
Ulterra and Plaintiff Halliburton insist on conducting separate meet and confers to discuss
essentially identical issues despite being represented by the same counsel from Kirkland and
Ellis.

Rule 42(a) of the Federal Rules of Civil Procedure empowers a district court to "issue any other
orders to avoid unnecessary cost or delay" if "actions before the court involve a common

October 18, 2023
Page 2

question of law or fact." Fed. R. Civ. P. 42(a). Broad discretion is vested in the district court in deciding whether two actions should be coordinated, and to what extent, including for discovery purposes. *See, e.g., Settles v. United States,* No. SA-17-CV-01272-DAE, 2018 WL 5733195, at *1 (W.D. Tex. May 18, 2018). In fact, the Fifth Circuit has urged district judges "to make good use of Rule 42(a) in order to . . . eliminate unnecessary repetition and confusion," even when opposed by the parties. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977).

Coordination of discovery at least pending the resolution of the Remand Motion and Motion to Dismiss will "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The parties agree that the '730 and '1789 cases are related. Counsel for all parties have referred to the two cases as "related." *See, e.g.,* '730 Case Doc. 57 at 2; '1789 Case Doc. 29 at 2. And in the '1789 case Halliburton listed the '730 case as a "related case." '1789 Case Doc. 1-1. The issues in both cases present common questions of law and fact, including the interpretation of the License Agreements at issue and whether, if at all, the validity and infringement of the Patents-In-Suit, affect the parties' rights under those agreements.

Discovery in the cases thus far has been unnecessarily duplicative. For example, despite needing to meet and confer over certain ESI issues in both cases, counsel for Halliburton refused to participate in a meet and confer that would have included the parties in the '730 Case because, in Halliburton's view, "the Halliburton and SLB/Ulterra/Varel cases are separate, and we reject any effort by NOV to improperly combine them." Email from G. Polins, attached as Exhibit 1.

Finally, a consolidation of these cases for discovery purposes makes sense if the Court ultimately decides to remand and/or dismiss one or both cases. Regardless of whether the cases proceed in federal or state court, the same discovery will have to proceed currently in this Court, so there is no inefficiency created in coordinating discovery at this stage. In contrast, there is vast inefficiencies in the parties duplicating work over what is essentially the same dispute across two cases, as has been the case thus far.

Plaintiffs request that this Court hold a pre-motion conference on these issues, where the parties can discuss consolidation for discovery purposes and other outstanding ESI and discovery issues, including pending disputes over ESI custodians, interrogatory, and deposition limits as outlined in the Rule 26(f) plan in the '730 case.

Sincerely,

Harry P. Susman