**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

October 27, 2023

**By E-mail**

Hon. Andrew S. Hanen
c/o Rhonda S. Hawkins, Case Manager
United States Courthouse
515 Rusk Street, Room 8613
Houston, Texas 77002

Re: Pre-Motion Conference Letter in *Grant Prideco, Inc. et al. v. Schlumberger Technology Corp.*, Civil Action No. 4:23-cv-00730 ("the '730 Case").

Dear Judge Hanen:

I write on behalf of Defendants in response to Plaintiffs' pre-motion conference letter requesting consolidation of the above-captioned case with *Halliburton Energy Services, Inc. v. Grant Prideco, Inc., et al.*, Civil Action No. 4:23-cv-01789 ("the '1789 Case").[1]

### 1. Plaintiffs Failed To Confer With Defendants Before Submitting Their Letter, Which Is A Clear Violation Of The Court's Rules

This Court's Rules makes clear that "the parties must have actually conferred in an attempt to work out the issues" before requesting a pre-motion conference. Civil Procedures § 8.A. Further, the Rules state that "[t]he letters must include a written statement that counsel have actually conferred in a good-faith effort to resolve the issues but are unable to reach an agreement." *Id*. Plaintiffs' letter contains no such statement because the parties never conferred on Plaintiffs' consolidation proposal. Indeed, Plaintiffs never raised their intent to consolidate these cases with Defendants before filing.

### 2. Defendants Are Interested In Efficiency, But The Parties Need To Discuss The Scope, Limits, And Details Of Plaintiffs' Proposed Consolidation

To be clear, Defendants are interested in conducting this case in an efficient manner and are willing to confer with Plaintiffs about how the '730 and '1789 Cases may be consolidated during discovery to achieve efficiency, while also ensuring all parties obtain adequate discovery.

Plaintiffs, by contrast, scheduled a meet and confer with Halliburton in the '1789 Case, then demanded that Defendants in this case join on less than 24 hours' notice without regard to potential confidentiality issues from mixing separate cases with separate protective orders. *See*

---

[1] To reduce the number of filings, the SLB, Ulterra and Varel Defendants in the '730 Case all join in this letter. In addition, I have permission from Varel's attorneys to submit this letter on their behalf.

## KIRKLAND & ELLIS LLP

October 27, 2023
Page 2

Plaintiffs' Ex. 1. Not only was Plaintiffs' demand unreasonable, it ignored Your Honor's clear ruling in the '1789 Case that the '1789 Case "stands separately until [the Court] rule[s] otherwise." 8/31/2023 Hr'g Tr. at 19:6-7.

Plaintiffs also oversimplify consolidation. To start, Plaintiffs imply that counsel is identical in both cases. Not so. Varel is solely represented by Stephens Juren PLLC, which has not appeared in the '1789 Case. Further, while it is true that Kirkland & Ellis LLP represents SLB, Ulterra, and Halliburton, SLB is also represented by Smyser Kaplan & Veselka, LLP and Ulterra is represented by Beck Redden LLP, neither of which have appeared in the '1789 Case. Further, Plaintiffs are represented by AZA Law in the '730 Case, but not in the '1789 Case.

There are also substantive differences between the cases. Although the agreements are similar, they were entered into at different times and under different circumstances. As a result, the cases do not have coextensive claims and defenses. For example, NOV filed a unique breach of contract claim against SLB related to rotary steerable tools, SLB has unique invalidity defenses/counterclaims, and Varel has unique claims related to illegal tying and antitrust violations. Rather than waste the Court's time, the parties should first confer and attempt to come to agreement on various issues, for example:

- Protective order procedure(s) and treatment of confidential information across the cases;

- Ensuring each licensee has adequate time to address their individual issues during depositions of Plaintiffs' witnesses (*e.g.*, how much time beyond the typical 7 hour on-the-record day will be required); and

- Ensuring each licensee obtains adequate discovery, including ESI discovery, on their joint and unique issues.

Only if the parties cannot reach agreement should the Court need to hold a conference. Thus, Defendants respectfully request that Plaintiffs' request for a conference be denied without prejudice so that the parties can confer on Plaintiffs' discovery consolidation request.

Respectfully submitted,

*/s/ Ryan Kane*

Ryan Kane, P.C.