United States District Court
Southern District of Texas
**ENTERED**
November 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRANT PRIDECO, INC., *et al.*, § § Plaintiffs, § § VS. § SCHLUMBERGER TECHNOLOGY § CORPORATION, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:23-CV-00730 |

## FINAL JUDGMENT

On October 7, 2025, the Court entered an order (Doc. No. 383) granting in part Defendants Ulterra Drilling Technologies, L.P. and Rockbit International Subsidiaries, LLC's (collectively, "Ulterra") Motion for Summary Judgment on Count III of Their Counterclaims (Doc. No. 210) and Defendants Varel International Energy Services, Inc. and Varel International Industries, L.P.'s (collectively, "Varel") Motion for Summary Judgment on ¶¶ 54–57 of Their Counterclaims (Doc. No. 213). On November 25, 2025, the Court also entered an order (Doc. No. 399) granting in part Ulterra's Motion for Summary Judgment on Plaintiffs Grant Prideco, Inc., ReedHycalog UK, Ltd., ReedHycalog LP, and National Oilwell Varco, L.P.'s (collectively, "NOV") Count I. (Doc. No. 259). Varel and NOV stipulated that they agreed to be bound by the order on Ulterra's Motion regarding NOV's Count I and Varel's Counterclaim ¶ 50. (Doc. No. 398). Based upon these orders and the various stipulations between the parties, there are no contested issues or parties that would prevent this Court from entering a final judgment. **IT IS HEREBY ORDERED THAT**:

1. Judgment is entered in favor of Ulterra and Varel and against NOV with respect to

NOV's Count II.

2. Judgment is entered in favor of Ulterra and against NOV with respect to Ulterra's Counterclaim Count I.

3. Judgment is entered in favor of Ulterra and against NOV with respect to Ulterra's Counterclaim Count II.

4. Judgment is entered in favor of Ulterra and against NOV with respect to Ulterra's Counterclaim Count III.

5. With respect to Ulterra's Counterclaim Count IV, the Court previously ruled that Ulterra cannot infringe the 12 Core Patents as that term is defined in the Court's February 13, 2025 order. *See* Doc. No. 218.

6. The remainder of Ulterra's Counterclaim Count IV is moot.

7. Judgment is entered in favor of NOV and against Ulterra with respect to Ulterra's Counterclaim Count V.

8. Judgment is entered in favor of Ulterra and against NOV with respect to Ulterra's Counterclaim Count VI.

9. Varel's Counterclaims identified in Paragraphs 48–49 of Varel's Answer are moot.

10. The parties previously stipulated that U.S. Patent No. 7,568,534 is a Licensed RH Patent, and therefore judgment is entered in favor of NOV and against Varel on Varel's Counterclaim identified in Paragraph 51.

11. Judgment is entered in favor of Varel and against NOV on Varel's Counterclaims identified in Paragraphs 52–53.

12. Judgment is entered in favor of Varel and against NOV on Varel's Counterclaim identified in Paragraphs 54–57 of Varel's Answer as outlined in Dkt. 383, and the remainder of

paragraphs 54–57 is otherwise moot.

13. On November 25, 2025, the Court granted summary judgment with respect to NOV's claim in Count I. (Doc. No. 399). This ruling in Ulterra's favor on the '730 and '752 Patent Families issues was the last remaining issue in controversy. Varel and NOV stipulated that they agreed to be bound by this order. (Doc. No. 398).

14. On the basis of the previously issued orders and the stipulations of the parties, the Court hereby orders that Plaintiffs take nothing from Defendants and that Defendants' obligations under the License Agreements terminate upon the expiration of the '534 Patent.

SIGNED this 25th day of November, 2025.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE